**IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION**

| | | |
|---|---|---|
| Edward Taylor, individually and on behalf of all others similarly situated, | ) ) ) | |
| Plaintiff, | ) ) | |
| v. | ) ) | No.   1:18-cv-306 |
| Alltran Financial, LP, a Texas limited partnership, and LVNV Funding, LLC, a Delaware limited liability company, | ) ) ) ) | |
| Defendants. | ) | <u>Jury Demanded</u> |

**COMPLAINT – CLASS ACTION**

Plaintiff, Edward Taylor, individually, and on behalf of all others similarly situated, brings this action under the Fair Debt Collection Practices Act, 15 U.S.C. § 1692, <u>et</u> <u>seq.</u> ("FDCPA"), for a finding that Defendants' form debt collection letter violated the FDCPA, and to recover damages for Defendants' violations of the FDCPA, and alleges:

**JURISDICTION AND VENUE**

1.　This Court has jurisdiction pursuant to § 1692k(d) of the FDCPA, and 28 U.S.C. § 1331.

2.　Venue is proper in this District because: a) the acts and transactions occurred here; b) Plaintiff resides here; and, c) Defendants reside and transact business here.

**PARTIES**

3.　Plaintiff, Edward Taylor ("Taylor"), is a citizen of the State of Indiana, residing in the Southern District of Indiana, from whom Defendants attempted to collect a defaulted consumer debt which was allegedly owed to Springleaf Financial Services.

4. Defendant, Alltran Financial, LP ("Alltran"), is a Texas limited partnership, that acts as a debt collector, as defined by § 1692a of the FDCPA, because it regularly uses the mails and/or the telephone to collect, or attempt to collect, defaulted consumer debts. Defendant Alltran operates a defaulted debt collection business and attempts to collect debts from consumers in virtually every state, including consumers in the State of Indiana. In fact, Defendant Alltran was acting as a debt collector as to the defaulted consumer debt it attempted to collect from Plaintiff.

5. Defendant, LVNV Funding, LLC ("LVNV"), is a Delaware limited liability company, that acts as a debt collector, as defined by § 1692a of the FDCPA, because it regularly uses the mails and/or the telephone to collect, or attempt to collect, defaulted consumer debts that it did not originate. Defendant LVNV operates a nationwide debt collection business and attempts to collect debts from consumers in virtually every state, including consumers in the State of Indiana. In fact, Defendant LVNV was acting as a debt collector as to the defaulted consumer debt it attempted to collect from Plaintiff.

6. Defendant LVNV is a bad debt buyer that buys large portfolios of defaulted consumer debts for pennies on the dollar, which it then collects upon through other collection agencies. Defendant LVNV's principal, if not sole, business purpose is the collection of defaulted consumer debts originated by others.

7. Defendants Alltran and LVNV are both authorized to conduct business in Indiana, and maintain registered agents here, see, record from the Indiana Secretary of State, attached as Group Exhibit A. In fact, Defendants conduct business in Indiana.

8. Defendants Alltran and LVNV are each licensed as debt collection

agencies in the State of Indiana, <u>see</u>, records from NMLS Consumer Access, attached as Group Exhibit B.  In fact, Defendants act as collection agencies in Indiana.

## FACTUAL ALLEGATIONS

9. Mr. Taylor fell behind on paying his bills, including a debt he allegedly owed for a Springleaf Financial Services account.  Defendant Alltran sent Mr. Taylor an initial form collection letter, dated December 12, 2017, demanding payment of this debt.  This collection letter stated:

> Original Creditor: Springleaf Financial Services, Inc.
> Current Creditor: LVNV Funding, LLC

The letter then stated that Alltran "has been contracted to lead and represent in the collection of the judgment awarded on your Springleaf Financial Services, Inc. account."  A copy of Defendants' letter is attached as Exhibit C.

10. Defendants' letter failed to explain what, if any, the difference was between the "current" and "original" creditor, which "creditor" it was representing, or whether it was representing both and referred to the debt as a "Springleaf Financial Services" debt.  Moreover, it failed to identify who had "contracted [it] to lead and represent" the collection.

11. Mr. Taylor is informed through counsel that LVNV likely bought the debt at issue after default and that Alltran was representing only LVNV.  Thus, Defendants' letter failed to state effectively the name of the creditor to whom the debt is owed.

12. A simple statement Alltran represented LVNV or that LVNV had bought the debt would have sufficed to effectively identify the name of creditor to whom the debt was then owed.

13. Violations of the FDCPA which would lead a consumer to alter his or her

course of action as to whether to pay a debt, or which would be a factor in the consumer's decision making process, are material, see, Lox v. CDA, 689 F.3d 818, 827. Moreover, the identification of the creditor to whom a debt is owed is such a factor because, amongst other things, it is a factor for a consumer in determining whether an attempt to collect a debt is fraudulent, see, Janetos v. Fulton, Friedman & Gullace, 825 F.3rd 317, 319-25 (7th Cir. 2016).

14. Defendants' collection actions complained of herein occurred within one year of the date of this Complaint.

15. Defendants' collection communications are to be interpreted under the "unsophisticated consumer" standard, see, Gammon v. GC Services, Ltd. Partnership, 27 F.3d 1254, 1257 (7th Cir. 1994).

## Violation Of § 1692g(a)(2)
### Failure to Effectively Identify the Current Creditor

16. Section 1692g of the FDCPA requires that, within 5 days of Defendants' first communication to a consumer, they had to disclose specific information, including "the name of the creditor to whom the debt is owed". If the communication fails to disclose the required information clearly, it violates the Act, see, 15 U.S.C. § 1692g(a)(2); see also, Janetos, 825 F.3rd at 319 (7th Cir. 2016).

17. Section 1692g of the FDCPA required Defendants' letter to clearly identify LVNV as the "creditor to whom the debt is owed." Defendants' letter listed two different companies as the "current" and "original" creditors, failed to explain the difference, and identified the debt as a "Springleaf Financial Services" debt. Thus, Defendants' form collection letter violates § 1692g(a)(2) of the FDCPA because it failed to effectively identify the current creditor to whom the debt was owed, see, Janetos, 825 F.3rd at 321-

23; see also, Long v. Fenton & McGarvey Law Firm P.S.C., 223 F. Supp. 3d 773 (S.D. Ind. 2016); Pardo v. Allied Interstate, No. 1:14-cv-01104-SEB-DML, 2015 U.S. Dist. LEXIS 125526 (S.D. Ind. 2015); Deschaine v. National Enterprise Systems, No. 12 C 50416, 2013 U.S. Dist. LEXIS 31349 (N.D. Ill. 2013); Walls v. United Collection Bureau, No. 11 C 6026, 2012 U.S. Dist. LEXIS 68079 (N.D. Ill. 2012); Braatz v. Leading Edge Recovery Solutions, No. 11 C 3835, 2011 U.S. Dist. LEXIS 123118 (N.D. Ill. 2011).

18.     Defendants' violation of § 1692g of the FDCPA renders them liable for statutory damages, costs, and reasonable attorneys' fees.  See, 15 U.S.C. § 1692k.

**CLASS ALLEGATIONS**

19.     Plaintiff, Edward Taylor, brings this action individually and as a class action on behalf of all persons similarly situated in the State of Indiana from whom Defendants attempted to collect a defaulted consumer debt allegedly owed for a Springleaf Financial Services account, via the same form collection letter (Exhibit C), that Defendants sent to Plaintiff, from one year before the date of this Complaint to the present.  This action seeks a finding that Defendants' form letter violates the FDCPA, and asks that the Court award damages as authorized by § 1692k(a)(2) of the FDCPA.

20.     Defendants regularly engage in debt collection, using the same form collection letter they sent Plaintiff Taylor, in their attempts to collect defaulted consumer debts from other consumers.

21.     The Class consists of more than 35 persons from whom Defendants attempted to collect defaulted consumer debts by sending other consumers the same form collection letter they sent Plaintiff Taylor.

22.     Plaintiff Taylor's claims are typical of the claims of the Class.  Common

questions of law or fact raised by this class action complaint affect all members of the Class and predominate over any individual issues. Common relief is therefore sought on behalf of all members of the Class. This class action is superior to other available methods for the fair and efficient adjudication of this controversy.

23. The prosecution of separate actions by individual members of the Class would create a risk of inconsistent or varying adjudications with respect to the individual members of the Class, and a risk that any adjudications with respect to individual members of the Class would, as a practical matter, either be dispositive of the interests of other members of the Class not party to the adjudication, or substantially impair or impede their ability to protect their interests. Defendants have acted in a manner applicable to the Class as a whole such that declaratory relief is warranted.

24. Plaintiff Taylor will fairly and adequately protect and represent the interests of the Class. The management of the class action proposed is not extraordinarily difficult, and the factual and legal issues raised by this class action complaint will not require extended contact with the members of the Class, because Defendants' conduct was perpetrated on all members of the Class and will be established by common proof. Moreover, Plaintiff Taylor has retained counsel experienced in class action litigation, including class actions brought under the FDCPA.

## PRAYER FOR RELIEF

Plaintiff, Edward Taylor, individually and on behalf of all others similarly situated, prays that this Court:

1. Certify this action as a class action;

2. Appoint Plaintiff Taylor as Class Representative of the Class, and his

attorneys as Class Counsel;

      3.     Find that Defendants' form collection letter violates the FDCPA;

      4.     Enter judgment in favor of Plaintiff Taylor and the Class, and against Defendants, for actual and statutory damages, costs, and reasonable attorneys' fees as provided by § 1692k(a) of the FDCPA; and,

      5.     Grant such further relief as deemed just.

## JURY DEMAND

Plaintiff, Edward Taylor, individually and on behalf of all others similarly situated, demands trial by jury.

                          Edward Taylor, individually and on
                          behalf of all others similarly situated,

                          By: /s/ David J. Philipps_____
                          One of Plaintiff's Attorneys

Dated:  January 1, 2018

David J. Philipps    (Ill. Bar No. 06196285)
Mary E. Philipps    (Ill. Bar No. 06197113)
Carissa K. Rasch    (Ill. Bar No. 06327475)(S.D. Ind. admission pending)
Philipps & Philipps, Ltd.
9760 S. Roberts Road, Suite One
Palos Hills, Illinois 60465
(708) 974-2900
(708) 974-2907 (FAX)
davephilipps@aol.com
mephilipps@aol.com
carissa@philippslegal.com

John T. Steinkamp  (Ind. Bar No. 19891-49)
5214 S. East Street
Suite D1
Indianapolis, Indiana 46227
(317) 780-8300
(317) 217-1320 (FAX)
steinkamplaw@yahoo.com