**IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF INDIANA**

| | |
|---|---|
| Edward Taylor, individually and on behalf of all others similarly situated, | ) ) ) |
| Plaintiff, | ) ) |
| v. | )     No.1:18-cv-306-JMS-MJD |
| | ) |
| Alltran Financial, LP, a Texas limited partnership, and LVNV Funding, LLC, a Delaware limited liability company, | ) ) ) |
| | ) |
| Defendants. | ) |

**CASE MANAGEMENT PLAN**

**I.      Parties and Representatives**

A. Plaintiff:  Edward Taylor, individually and on behalf of all others similarly situated.

Defendants: Alltran Financial, LP and LVNV Funding, LLC.

B.      Plaintiff's Counsel:        David J. Philipps     (Ill. Bar No. 06196285)
Mary E. Philipps     (Ill. Bar No. 06197113)
Carissa K. Rasch     (Ill. Bar No. 06327475)
Philipps& Philipps, Ltd.
9760 S. Roberts Road, Suite One
Palos Hills, Illinois 60465
(708) 974-2900
(708) 974-2907 (FAX)
davephilipps@aol.com

John T. Steinkamp   (Ind. Bar No. 19891-49)
5214 S. East Street
Suite D1
Indianapolis, Indiana 46227
(317) 780-8300
(317) 217-1320(FAX)
steinkamplaw@yahoo.com

Defendants' Counsel:        Kevin D. Koons     (Ind. Bar No. 27915-49)
Kroger, Gardis&Regas, LLP
111 Monument Circle

-1-

Suite 900
Indianapolis, Indiana 46204
(317) 692-9000
(317) 264-6832 (FAX)
kkoons@kgrlaw.com

Brandon Carnes      (Ill. Bar No. 6312484)
Rock Fusco & Connelly, LLC
321 N. Clark Street
Suite 2200
Chicago, Illinois 60654
(312) 970-3404
(312) 494-1001 (FAX)
bcarnes@rfclaw.com

## II.      Synopsis of Case

A.      The parties agree that this Court has jurisdiction pursuant to § 1692k(d) of the FDCPA and U.S.C. § 1331.

B.       Plaintiff's:Mr. Taylor fell behind on paying his bills, including a debt he allegedly owed for a Springleaf Financial Services account. Defendant Alltran sent Mr. Taylor an initial form collection letter, dated December 12, 2017, demanding payment of this debt.  This collection letter stated:

> Original Creditor: Springleaf Financial Services, Inc.
> Current Creditor: LVNV Funding, LLC

The letter then stated that Alltran "has been contracted to lead and represent in the collection of the judgment awarded on your Springleaf Financial Services, Inc. account." Defendants' letter failed to explain what, if any, the difference was between the "current" and "original" creditor, which "creditor" it was representing, or whether it was representing both and referred to the debt as a "Springleaf Financial Services" debt. Moreover, it failed to identify who had "contracted [it] to lead and represent" the collection.  Mr. Taylor is informed through counsel that LVNV likely bought the debt at

issue after default and that Alltran was representing only LVNV.  Thus, Defendants' letter failed to state effectively the name of the creditor to whom the debt is owed.  A simple statement Alltran represented LVNV or that LVNV had bought the debt would have sufficed to effectively identify the name of creditor to whom the debt was then owed.

Violations of the FDCPA which would lead a consumer to alter his or her course of action as to whether to pay a debt, or which would be a factor in the consumer's decision making process, are material, see, Lox v. CDA, 689 F.3d 818, 827.  Moreover, the identification of the creditor to whom a debt is owed is such a factor because, amongst other things, it is a factor for a consumer in determining whether an attempt to collect a debt is fraudulent, see, Janetos v. Fulton, Friedman &Gullace, 825 F.3rd 317, 319-25 (7th Cir. 2016).

Specifically, Section 1692g of the FDCPA required Defendants' letter to clearly identify LVNV as the "creditor to whom the debt is owed."  Defendants' letter listed two different companies as the "current" and "original" creditors, failed to explain the difference, and identified the debt as a "Springleaf Financial Services" debt.  Thus, Defendants' form collection letter violates § 1692g(a)(2) of the FDCPA because it failed to effectively identify the current creditor to whom the debt was owed, see, Janetos, 825 F.3rd at 321-23; see also, Long v. Fenton &McGarvey Law Firm P.S.C., 223 F. Supp. 3d 773 (S.D. Ind. 2016); Pardo v. Allied Interstate, No. 1:14-cv-01104-SEB-DML, 2015 U.S. Dist. LEXIS 125526 (S.D. Ind. 2015); Deschaine v. National Enterprise Systems, No. 12 C 50416, 2013 U.S. Dist. LEXIS 31349 (N.D. Ill. 2013); Walls v. United

Collection Bureau, No. 11 C 6026, 2012 U.S. Dist. LEXIS 68079 (N.D. Ill. 2012); Braatz v. Leading Edge Recovery Solutions,  No. 11 C 3835, 2011 U.S. Dist. LEXIS 123118 (N.D. Ill. 2011).

Defendants' violations of the FDCPA render it liable for statutory damages, together with attorneys' fees and costs. See, 15 U.S.C. § 1692(k).

C.      Defendants': Defendants deny any violation of the FDCPA. Specifically, LVNV denies that it acted as a debt collector in this matter, as it did not send the allegedly violative Letter at issue. Furthermore, LVNV did not exert any specific control over Alltran's acts or omissions.

In either event, Defendants maintain that the Letter is not false, deceptive, or misleading on its face and as a matter of law under the FDCPA. To the contrary, the Letter plainly identifies Plaintiff's original and current creditors, and it would only be a bizarre, peculiar, or idiosyncratic interpretation of the Letter that would support Plaintiff's theory of the case at bar. This is precisely the type of interpretation that courts routinely reject under the unsophisticated consumer standard applicable to this matter. To the extent which this Court or a trier of fact finds that the letter was false or deceptive, Defendants further maintain that the allegedly false or deceptive statements were not material and therefore not actionable under the FDCPA.

D.      Within 14 days after non-expert discovery deadline, and consistent with the certification provisions of Fed. R. Civ. Proc. 11(b) the party with the burden of proof shall file a statement of the claims or defenses it intends to prove at trial, stating specifically the legal theories upon which the claims or defenses are based.

**III.      <u>Pretrial Pleadings and Disclosures</u>**

A.  Defendants were served with Plaintiff's initial disclosures on March 12, 2018.  And after holding a FRCP Rule 16 and Rule 26 conference were served with Plaintiff's written discovery requests on March 22, 2018.  The Defendants shall serve their Fed. R. Civ. P. 26 initial disclosures on or before March 29, 2018, and will respond to Plaintiff's discovery requests by May 3, 2018.

B.  Plaintiff shall file preliminary witness and exhibit lists on or before July 2, 2018.

C.  Defendants shall file preliminary witness and exhibit lists on or before August 1, 2018.

D.  All motions for leave to amend the pleadings and/or to join additional parties shall be filed on or before July 2, 2018.

E.  Plaintiff shall serve Defendants (but not file with the Court) a statement of special damages, if any, and make a settlement demand, on or before July 2, 2018.  Defendants shall serve on the Plaintiff (but not file with the Court) a response thereto within 30 days after receipt of the demand.

F.  Plaintiff shall disclose the name, address, and vita of any expert witness, and shall serve the report required by Fed. R. Civ. P. 26(a)(2) on or before March 1, 2019.  Defendants shall disclose the name, address, and vita of any expert witness, and shall serve the report required by Fed. R. Civ. P. 26(a)2) on or before April 1, 2019; or if Plaintiff has disclosed no experts, Defendants shall make its expert disclosure on or before April 1, 2019.

G.  If a party intends to use expert testimony in connection with a motion for summary judgment to be filed by that party, such expert disclosures must be served on opposing counsel no later than 90 days prior to the dispositive motion deadline.  If such expert disclosures are served the parties shall confer within 7 days to stipulate to a date for responsive disclosures (if any) and completion of expert discovery necessary for efficient resolution of the anticipated motion for summary judgment.  The parties shall make good faith efforts to avoid requesting enlargements of the dispositive motions deadline and related briefing deadlines.  Any proposed modifications of the CMP deadlines or briefing schedule must be approved by the court.

H.  Any party who wishes to limit or preclude expert testimony at trial shall file any such objections no later than August 1, 2019.  Any party who wishes to preclude expert witness testimony at the summary judgment stage shall file any such objections with their responsive brief within the briefing schedule established by Local Rule 56.1.

I.        All parties shall file and serve their final witness and exhibit lists on or before April 1, 2019.  This list should reflect the specific potential witnesses the party may call at trial.  It is not sufficient for a party to simply incorporate by reference "any witness listed in discovery" or such general statements.  The list of final witnesses shall include a brief synopsis of the expected testimony.

J.        Any party who believes that bifurcation of discovery and/or trial is appropriate with respect to any issue or claim shall notify the Court as soon as practicable.

K.        The parties have discussed preservation and disclosures of electronically stored discovery information, including a timetable for making the materials available to the opposing party, and believe that none is at issue in this case.However, absent good cause shown, any electronically stored discovery shall be produced in PDF format. In the event that a document is protected by the attorney-client privilege, the attorney work product doctrine or other applicable privilege or protection is unintentionally produced by any party to this proceeding, the producing party may request that the document be returned.  In the event that such a request is made, all parties to the litigation and their counsel shall promptly return all copies of the document in their possession, custody, or control to the producing party and shall not retain or make any copies of the document or any documents derived from such document.  The producing party shall promptly identify the returned document on a privilege log.  The unintentional disclosure of a privileged or otherwise protected document shall not constitute a waiver of the privilege or protection with respect to that document or any other documents involving the same or similar subject matter.

L.        Plaintiff to file his Motion for Class Certification by _____, 2018, Defendants shall file its response by _____, 2018, and Plaintiff shall file his reply by _____, 2018.

## IV.    <u>Discovery[1]and Dispositive Motions</u>

---

[1]  The term "completed," as used in Section IV.B, means that counsel must serve their discovery requests in sufficient time to receive responses before this deadline.  Counsel may not serve discovery requests within the 30-day period before this deadline unless they seek leave of Court to serve a belated request and show good cause for the same.  In such event, the proposed belated discovery request shall be filed with the motion, and the opposing party will receive it with service of the motion but need not respond to the same until such time as the Court grants the motion.

Due to the time and expense involved in conducting expert witness depositions and other discovery, as well as preparing and resolving dispositive motions, the Court requires counsel to use the CMP as an opportunity to seriously explore whether this case is appropriate for such motions (including specifically motions for summary judgment), whether expert witnesses will be needed, and how long discovery should continue.  To this end, counsel must select the track set forth below that they believe best suits this case.  If the parties are unable to agree on a track, the parties must: (1) state this fact in the CMP where indicated below; (2) indicate which track each counsel believes is most appropriate; and (3) provide a brief statement supporting the reasons for the track each counsel believes is most appropriate.  If the parties are unable to agree on a track, the Court will pick the track it finds most appropriate, based upon the contents of the CMP or, if necessary, after receiving additional input at an initial pretrial conference.

A.   Does any party believe that this case may be appropriate for summary judgment or other dispositive motion?  If yes, the party(ies) that expect to file such a motion must provide a brief statement of the factual and/or legal basis for such a motion.

Plaintiff believes that summary judgment is appropriate because the collection action violate the plain language of the FDCPA.see, Janetos, 825 F.3rd at 321-23; seealso, Long v. Fenton &McGarvey Law Firm P.S.C., 223 F. Supp. 3d 773 (S.D. Ind. 2016); Pardo v. Allied Interstate, No. 1:14-cv-01104-SEB-DML, 2015 U.S. Dist. LEXIS 125526 (S.D. Ind. 2015); Deschaine v. National Enterprise Systems, No. 12 C 50416, 2013 U.S. Dist. LEXIS 31349 (N.D. Ill. 2013); Walls v. United Collection Bureau, No. 11 C 6026, 2012 U.S. Dist. LEXIS 68079 (N.D. Ill. 2012); Braatz v. Leading Edge Recovery Solutions,  No. 11 C 3835, 2011 U.S. Dist. LEXIS 123118 (N.D. Ill. 2011).

Defendants believe that summary judgment is appropriate because the Letter is not deceptive, misleading, or false on its face.

B.   Select the track that best suits this case:

_____   Track 1: No dispositive motions are anticipated.  All discovery shall be completed by _____ [no later than 16 months from Anchor Date].  [Note: Given that no dispositive motions are anticipated, the parties should consider accelerating discovery and other pretrial deadlines to the extent practicable and suggest a trial date (Section VI) substantially earlier than the presumptive trial date of 18 months from the Anchor Date.  The Court encourages a track faster than the standard track in all cases in which dispositive motions are note anticipated].

_x__   Track 2: Dispositive motions are expected and shall be filed by February 1, 2019; non-expert witness discovery and discovery relating to liability issues shall be completed by December 3, 2018; expert witness discovery and

discovery relating to damages shall be completed by June 3, 2019.  [Note:  The Court expects this will be the typical track when dispositive motions are anticipated.]

_____ Track 3: Dispositive motions are expected and shall be filed no later than _____ [no later than 12 months from Anchor Date]; discovery relating to liability issues and expert witness discovery that may be necessary at the dispositive motions stage shall be completed by _____ [no later than 30 days prior to the dispositive motion deadline date]; all remaining discovery shall be completed by [no later than 12-16 months from Anchor Date].  [Note:  The Court expects that this will not be the typical track when dispositive motions are anticipated.]

_____ Track 4: Dispositive motions shall be filed by _____ [not later than 13 months from the Anchor Date]; non-expert discovery shall be completed by _____; expert witness discovery shall be completed by _____.

Absent leave of court, and for good cause shown, all issues raised on summary judgment under Fed. R. Civ. P. 56 must be raised by a party in a single motion.

## V.    Pre-Trial/Settlement Conferences

At any time, any party may call the Judge's Staff to request a conference, or the Court may suasponte schedule a conference at any time.  The presumptive time for a settlement conference is no later than 30 days before the close of non-expert discovery.  **The parties are encouraged to request an earlier date if they believe the assistance of the Magistrate Judge would be helpful in achieving settlement.  The parties recommend a settlement conference in _____[month/year].**

The parties are currently exploring the possibility of settlement without the Court's involvement.  However, if the parties are not successful in their efforts, and if it seems that a conference with the Court may be appropriate and effective, the parties will contact the Court's staff to request a conference.

## VI.    Trial Date

The presumptive trial date is 20 months from the Anchor Date.  The parties request a trial date in October, 2019. The trial is by jury and is anticipated to take 1-2 days.  Counsel should indicate here the reasons that a shorter or longer track is appropriate.  While all dates herein must be initially scheduled to match the presumptive trial date, if the Court agrees that a different track is appropriate, the case management order approving the CMP plan will indicate the number of months by which all or certain deadlines will be extended to match the track approved by the Court.

The parties have selected Track 2 so as to provide time to resolve anticipated motions for summary judgment.

**VII.    Referral to Magistrate Judge**

    A. **Case.**At this time, all parties do not consent to refer this matter to the currently assigned Magistrate Judge pursuant to 28 U.S.C. § 636(b) and Federal Rule of Civil Procedure 73 for all further proceedings including trial.

    B. **Motions.**At this time, all parties do not consent to refer this matter to the Magistrate Judge pursuant to 28 U.S.C. § 636(b) and Federal Rule of Civil Procedure 73 for all further proceedings including motions.

**VIII.    Required Pre-Trial Preparation**

    A. **TWO WEEKS BEFORE THE FINAL PRETRIAL CONFERENCE,** the parties shall:

        1. File a list of witnesses, by name, who are actually expected to be called to testify at trial.  This list may not include any witnesses not on a party's final witness list filed pursuant to section III.I.

        2. Number in sequential order all exhibits, including graphs, charts and the like, that will be used during the trial.  Provide the Court with a list of these exhibits, including a description of each exhibit and the identifying designation.  Make the original exhibits available for inspection by opposing counsel.  Stipulations as to the authenticity and admissibility of exhibits are encouraged to the greatest extent possible.

        3. Submit all stipulations of facts in writing to the Court. Stipulations are always encouraged so that at trial, counsel can concentrate on relevant contested facts.

        4. A party who intends to offer any depositions into evidence during the party's case in chief shall prepare and file with the Court and copy to all opposing parties either:

            a. brief written summaries of the relevant facts in the depositions that will be offered.  (Because such a summary will be used in lieu of the actual deposition testimony to eliminate time reading depositions in a question and answer format, this is strongly encouraged.); or

            b. if a summary is inappropriate, a document which lists the

portions of the deposition(s), including the specific page and line numbers, that will be read, or, in the event of a video-taped deposition, the portions of the deposition that will be played, designated specifically by counter-numbers.

5. Provide all other parties and the Court with any trial briefs and motions in limine, along with all proposed jury instructions, voir dire questions, and areas of inquiry for voir dire (or, if the trial is to the Court, with proposed findings of fact and conclusions of law).

6. Notify the Court and opposing counsel of the anticipated use of any evidence presentation equipment.

**B.    ONE WEEK BEFORE THE FINAL PRETRIAL CONFERENCE,** the parties shall:

1. Notify opposing counsel in writing of any objections to the proposed exhibits.  If the parties desire a ruling on the objection prior to trial, a motion should be filed noting the objection and a description and designation of the exhibit, the basis of the objection, and the legal authorities supporting the objection.

2. If a party has an objection to the deposition summary or to a designated portion of a deposition that will be offered at trial, or if a party intends to offer additional portions at trial in response to the opponent's designation, and the parties desire a ruling on the objection prior to trial, the party shall submit the objections and counter summaries or designations to the Court in writing.  Any objections shall be made in the same manner as for proposed exhibits.   However, in the case of objections to video-taped depositions, the objections shall be brought to the Court's immediate attention to allow adequate time for editing of the deposition prior to trial.

3. File objections to any motions in limine, proposed instructions, and voir dire questions submitted by the opposing parties.

4. Notify the Court and opposing counsel of requests for separation of witnesses at trial.

## IX.    <u>Other Matters</u>

Defendants anticipate filing a Rule 12 motion to dismiss, as they do not believe that the Complaint states a claim upon which relief can be granted as a matter of law.

Defendants believe that discovery would not be productive during the pendency of that Motion. To the extent which the Court wishes that the Parties conduct discovery during

the pendency of the anticipated Motion, Defendants contend that class-related discovery should be bifurcated until discovery of the merits of the claim is completed.

Respectfully submitted,

One of Plaintiff's Attorneys
/s/ David J. Philipps_____

David J. Philipps     (Ill. Bar No. 06196285)
Mary E. Philipps     (Ill. Bar No. 06197113)
Angie K. Robertson (Ill. Bar No. 06302858)
Philipps & Philipps, Ltd.
9760 S. Roberts Road, Suite One
Palos Hills, Illinois 60465
(708) 974-2900
(708) 974-2907 (FAX)
davephilipps@aol.com


One of Defendants' Attorneys

/s/ Kevin D. Koons_____

Kevin D. Koons     (Ind. Bar No. 27915-49)
Kroger, Gardis&Regas, LLP
111 Monument Circle
Suite 900
Indianapolis, Indiana 46204
(317) 692-9000
(317) 264-6832 (FAX)
kkoons@kgrlaw.com

Brandon Carnes          (Ill. Bar No. 6312484)
Rock Fusco & Connelly, LLC
321 N. Clark Street
Suite 220
Chicago, Illinois 60654
(312) 970-3404
(312) 494-1001 (FAX)
bcarnes@rfclaw.com

*************************************************************************
_____     PARTIES APPEARED IN PERSON/BY COUNSEL ON _____
                  FOR A PRETRIAL/STATUS CONFERENCE.

-11-

_____     APPROVED AS SUBMITTED.

_____     APPROVED AS AMENDED.

_____     APPROVED AS AMENDED PER SEPARATE ORDER.

_____     APPROVED, BUT ALL OF THE FOREGOING DEADLINES ARE SHORTENED/LENGTHENED BY _____ MONTHS.

_____     APPROVED, BUT THE DEADLINES SET IN SECTION(S) _____ OF THE PLAN IS/ARE SHORTENED/LENGTHENED BY _____ MONTHS.

_____     THIS MATTER IS SET FOR TRIAL BY _____ ON _____ _____. FINAL PRETRIAL CONFERENCE IS SCHEDULED FOR _____ AT _____ .M., ROOM _____.

_____     A SETTLEMENT/STATUS CONFERENCE IS SET IN THIS CASE FOR _____ AT _____ .M. COUNSEL SHALL APPEAR:

_____ IN PERSON IN ROOM _____; OR

_____ BY TELEPHONE, WITH COUNSEL FOR _____ INITIATING THE CALL TO ALL OTHER PARTIES AND ADDING THE COURT JUDGE AT (____) _____.

_____ BY TELEPHONE, WITH COUNSEL CALLING THE JUDGE'S STAFF AT (____) _____.

_____     DISPOSITIVE MOTIONS SHALL BE FILED NO LATER THAN _____.

Upon approval, this Plan constitutes an Order of the Court. Failure to comply with an Order of the Court may result in sanctions for contempt, or as provided under Rule 16(f), to and including dismissal or default.

**Approved and So Ordered.**

Dated: March ___, 2018

_____
U. S. District Court
Southern District of Indiana

## CERTIFICATE OF SERVICE

I hereby certify that on March 22, 2018, a copy of the foregoing **Case Management Plan** was filed electronically.  Notice of this filing will be sent to the following parties by operation of the Court's electronic filing system.  Parties may access this filing through the Court's system.

Kevin D. Koons                                kkoons@kgrlaw.com
Kroger, Gardis&Regas, LLP
111 Monument Circle
Suite 900
Indianapolis, Indiana 46204


Brandon Carnes                                bcarnes@rfclaw.com
Rock Fusco & Connelly, LLC
321 N. Clark Street
Suite 2200
Chicago, Illinois 60654


John T. Steinkamp                             steinkamplaw@yahoo.com
5214 S. East Street
Suite D1
Indianapolis, Indiana 46227


/s/David J. Philipps
David J. Philipps
Philipps & Philipps, Ltd.
9760 S. Roberts Road
Suite One
Palos Hills, Illinois 60465
davephilipps@aol.com