**IN THE UNITED STATES DISTRICT COURT**
**FOR THE SOUTHERN DISTRICT OF INDIANA**
**INDIANAPOLIS DIVISION**

| | |
|---|---|
| EDWARD TAYLOR, individually and on behalf of others similarly situated, <br><br> Plaintiff, <br><br> v. <br><br> ALLTRAN FINANCIAL, LP, a Texas limited partnership, and LVNV FUNDING, LLC, a Delaware limited liability company, <br><br> Defendants. | Civil Action No. 1:18-cv-0306-JMS-MJD |

**DEFENDANT ALLTRAN FINANCIAL, LP'S**
**ANSWER TO PLANTIFF'S CLASS ACTION COMPLAINT**

Defendant, Alltran Financial, LP ("Alltran") by and through its undersigned attorneys, in its Answer to Plaintiff's Class Action Complaint, states:

**JURISDICTION AND VENUE**

1.      This Court has jurisdiction pursuant to § 1692(d) of the FDCPA, and 28 U.S.C. § 1331.

**ANSWER:**    Alltran admits.

2.      Venue is proper in this District because: a) the acts and transactions occurred here; b) Plaintiff resides here; and, c) Defendants reside and transact business here.

**ANSWER:**    Alltran admits to and consents to venue in this District but denies the factual allegations allegedly giving rise thereto consistent with the remainder of its answer. Alltran admits that it, from time to time, transacts business within this District. Alltran denies all other allegations in this paragraph.

1

## PARTIES

3.      Plaintiff, Edward Taylor ("Taylor"), is a citizen of the State of Indiana, residing in the Southern District of Indiana, from whom Defendants attempted to collect a defaulted consumer debt which was allegedly owed to Springleaf Financial Services.

**ANSWER:**    Alltran admits that that Plaintiff formerly owed a debt to Springleaf Financial Services which has fallen into delinquency, and that Plaintiff now owes the debt to co-Defendant LVNV Funding, LLC ("LVNV").  As to any remaining allegations in this paragraph, including whether said debt was a "consumer" or "defaulted" debt Alltran lacks sufficient information or knowledge to form a truth as to said remaining allegations and therefore denies the same.

4.      Defendant, Alltran Financial, LP ("Alltran"), is a Texas limited partnership, that acts as a debt collector, as defined by § 1692a of the FDCPA, because it regularly uses the mails and/or the telephone to collect, or attempt to collect, defaulted consumer debts.  Defendant Alltran operates a defaulted debt collection business and attempts to collect debts from consumers in virtually every state, including consumers in the State of Indiana.  In fact, Defendant Alltran was acting as a debt collector as to the defaulted consumer debt it attempted to collect from Plaintiff.

**ANSWER:**    Alltran admits that it is a Texas limited partnership whose principal business is the collection of debts and that it regularly uses the mail and/or telephone to collect said debts. Alltran denies that all such debts it attempts to collect are "consumer" debts. Alltran further admits that it attempts to collect debts from individuals in virtually every state, one of which being Indiana. Finally, Alltran admits that it sometimes acts as a debt collector, but denies that it acts as a debt collector at all times and with respect to all individuals and/or debts. As to any remaining allegations in this paragraph, Alltran lacks sufficient information or knowledge to form a belief as to the truth of such remaining allegations and therefore denies any remaining allegations.

2

5. Defendant, LVNV Funding, LLC ("LVNV"), is a Delaware limited liability company, that acts as a debt collector, as defined by § 1692a of the FDCPA, because it regularly uses the mails and/or the telephone to collect, or attempt to collect, defaulted consumer debts that it did not originate. Defendant LVNV operates a nationwide debt collection business and attempts to collect debts from consumers in virtually every state, including consumers in the State of Indiana. In fact, Defendant LVNV was acting as a debt collector as to the defaulted consumer debt it attempted to collect from Plaintiff.

**ANSWER:** This paragraph contains no allegations directed at Alltran and requires no response. To the extent a response is deemed required, Alltran admits that LVNV is a Delaware limited liability company but lacks sufficient information or knowledge to form a belief as to the remainder of the allegations in this paragraph and therefore denies the same.

6. Defendant LVNV is a bad debt buyer that buys large portfolios of defaulted consumer debts for pennies on the dollar, which it then collects upon through other collection agencies. Defendant LVNV's principal, if not sole, business purpose is the collection of defaulted consumer debts originated by others.

**ANSWER:** Alltran admits that LVNV aquires debts from other creditors, but Alltran lacks sufficient information or knowledge to form a belief as to the remainder of the allegations in this paragraph and therefore denies the same.

7. Defendants Alltran and LVNV are both authorized to conduct business in Indiana, and maintain registered agents here, see, record from the Indiana Secretary of State, attached as Group Exhibit A. In fact, Defendants conduct business in Indiana.

**ANSWER:**    As to Alltran, Alltran admits. As to any remaining allegations in this paragraph, Alltran lacks sufficient information or knowledge to form a truth as to said remaining allegations and therefore denies the same.

8.        Defendants Alltran and LVNV are each licensed as debt collection agencies in the State of Indiana, see, records from NMLS Consumer Access, attached as Group Exhibit B.  In fact, Defendants act as collection agencies in Indiana.

**ANSWER:**    As to itself, Alltran admits that it possesses a debt collection agency license, but Alltran denies that it always acts as a debt collection agency within the state of Indiana as alleged herein, including with respect to Plaintiff. As to any remaining allegations in this paragraph, Alltran lacks sufficient information or knowledge to form a truth as to said remaining allegations and therefore denies the same.

## FACTUAL ALLEGATIONS

9.        Mr. Taylor fell behind on paying his bills, including a debt he allegedly owed for a Springleaf Financial Services account.  Defendant Alltran sent Mr. Taylor an initial form collection letter, dated December 12, 2017, demanding payment of this debt.  The collection letter stated:

> Original Creditor:  Springleaf Financial Services, Inc.
> Current Creditor:  LVNV Funding, LLC

The letter then stated that Alltran "has been contracted to lead and represent in the collection of the judgment awarded on your Springleaf Financial Services, Inc. account."  A copy of Defendants' letter is attached as Exhibit C.

**ANSWER:**    Alltran admits that Mr. Taylor was delinquent in paying the account formerly owed by Springleaf Financial services, Inc. Alltran admits that this paragraph is consistent with the text of the quoted letter but denies to the extent which it is inconsistent.  Alltran admits that a copy of the letter appears to be attached as Exhibit C. As to any remaining allegations in this paragraph,

4

Alltran lacks sufficient information or knowledge to form a truth as to said remaining allegations and therefore denies the same.

10. Defendants' letter failed to explain what, if any, the difference was between the "current" and "original" creditor, which "creditor" it was representing, or whether it was representing both and referred to the debt as a "Springleaf Financial Services" debt. Moreover, it failed to identify who had "contracted [it] to lead and represent" the collection.

**ANSWER:** Alltran denies.

11. Mr. Taylor is informed through counsel that LVNV likely bought the debt at issue after default and that Alltran was representing only LVNV. Thus, Defendants' letter failed to state effectively the name of the creditor to whom the debt is owed.

**ANSWER:** Alltran denies.

12. A simple statement Alltran represented LVNV or that LVNV had bought the debt would have sufficed to effectively identify the name of the creditor to whom the debt was then owed.

**ANSWER:** Alltran denies.

13. Violations of the FDCPA which would lead a consumer to alter his or her course of action as to whether to pay a debt, or which would be a factor in the consumer's decision making process, are material, see, Lox v. CDA, 689 F.3d 818, 827. Moreover, the identification of the creditor to whom a debt is owed is such a factor because, amongst other things, it is a factor for a consumer in determining whether an attempt to collect a debt is fraudulent, see, Janetos v. Fulton, Friedman & Gullace, 825 F.3d 317, 319-25 (7th Cir. 2016).

**ANSWER:** This paragraph consists purely of improper legal conclusions and contains no allegations directed at Alltran, to which no answer is required. To the extent an answer is deemed

required, Alltran lacks sufficient information or knowledge to form a belief as to the truth of the allegations in this paragraph

14.     Defendants' collection actions complained of herein occurred within one year of the date of this Complaint.

**ANSWER:**   Alltran denies.

15.     Defendants' collection communications are to be interpreted under the "unsophisticated consumer" standard, see, Gammon v. GC Services, Ltd. Partnership, 27 F.3d 1254, 1257 (7th Cir. 1994).

**ANSWER:**   This paragraph consists purely of improper legal conclusions, to which no answer is required. To the extent an answer is deemed required, Alltran lacks sufficient information or knowledge to form a belief as to the truth of the allegations in this paragraph.

**Violation Of § 1692g(a)(2)**
**Failure to Effectively Identify the Current Creditor**

16.     Section 1692g of the FDCPA requires that, within 5 days of Defendants' first communication to a consumer, they had to disclose specific information, including "the name of the creditor to whom the debt is owed".  If the communication fails to disclose the required information clearly, it violates the Act, see, 15 U.S.C. § 1692g(a)(2); see also, Janetos, 825 F.3d at 319 (7th Cir. 2016).

**ANSWER:**   This paragraph consists purely of improper legal conclusions, to which no answer is required. To the extent which an answer is deemed required, Alltran admits the requirements of Section 1692g to the extent which Plaintiff has accurately recited the contents of Section 1692g, but denies to the extent which Plaintiff has inaccurately recited said contents. Answering further, as to any remaining allegations in this paragraph, Alltran lacks sufficient information or knowledge to form a belief as to the truth of those remaining allegations and therefore denies the same.

17.     Section 1692g of the FDCPA required Defendants' letter to clearly identify LVNV as the "creditor to whom the debt is owed." Defendants' letter listed two different companies as the "current" and "original" creditors, failed to explain the difference, and identified the debt as a "Springleaf Financial Services" debt.  Thus, Defendants' form collection letter violates § 1692g(a)(2) of the FDCPA because it failed to effectively identify the current creditor to whom the debt was owed, see, Janetos, 825 F.3d at 321-23; see also, Long v. Fenton & McGarvey Law Firm P.S.C., 223 F. Supp. 3d 773 (S.D. Ind. 2016); Pardo v. Allied Interstate, No. 1:14-cv-01104-SEB-DML, 2015 U.S. Dist. LEXIS 125526 (S.D. Ind. 2015); Deschaine v. National Enterprise Systems, No. 12 C 50416, 2013 U.S. Dist. LEXIS 31349 (N.D. Ill. 2013); Walls v. United Collection Bureau, No. 11 C 6026, 2012 U.S. Dist. LEXIS 68079 (N.D. Ill. 2012); Braatz v. Leading Edge Recovery Solutions, No. 11 C 3825, 2011 U.S. Dist. LEXIS 123118 (N.D. Ill. 2011).

**ANSWER:**     This paragraph consists purely of improper legal conclusions, to which no answer is required. To the extent which an answer is deemed required, Alltran admits the requirements of Section 1692g to the extent which Plaintiff has accurately recited the contents of Section 1692g, but denies to the extent which Plaintiff has inaccurately recited said contents. Alltran denies all other allegations in this paragraph.

18.     Defendants' violation of § 1692g of the FDCPA renders them liable for statutory damages, costs, and reasonable attorneys' fees. See, 15 U.S.C. § 1692k.

**ANSWER:**     Alltran denies.

### CLASS ALLEGATIONS

19.     Plaintiff, Edward Taylor, brings this action individually and as a class action on behalf of all persons similarly situated in the State of Indiana from whom Defendants attempted to collect a defaulted consumer debt allegedly owed for a Springleaf Financial Services account, via

7

the same form collection letter (Exhibit C), that Defendants sent to Plaintiff, from one year before the date of this Complaint to the present.  This action seeks a finding that Defendants' form letter violates the FDCPA, and asks that the Court award damages as authorized by § 1692k(a)(2) of the FDCPA.

**ANSWER:**  Alltran admits that Plaintiff seeks to bring this action on behalf of a class and individually as alleged herein, but Alltran denies that class relief is appropriate or warranted or that either a class or Plaintiff individually are entitled to any relief for the allegations herein. Alltran denies any other allegations in this paragraph.

20.  Defendants regularly engage in debt collection, using the same form collection letter they sent Plaintiff Taylor, in their attempts to collect defaulted consumer debts from other consumers.

**ANSWER:**  Alltran lacks sufficient information or knowledge to form a truth as to the allegations and therefore denies the same.

21.  The Class consists of more than 35 persons from whom Defendants attempted to collect defaulted consumer debts by sending other consumers the same form collection letter they sent Plaintiff Taylor.

**ANSWER:**  Alltran lacks sufficient information or knowledge to form a truth as to the allegations in this paragraph and therefore denies the same.

22.  Plaintiff Taylor's claims are typical of the claims of the Class.  Common questions of law or fact raised by this class action complaint affect all members of the Class and predominate over any individual issues.  Common relief is therefore sought on behalf of all members of the Class.  This class action is superior to other available methods for the fair and efficient adjudication of this controversy.

8

**ANSWER:**    Alltran denies.

23.    The prosecution of separate actions by individual members of the Class would create a risk of inconsistent or varying adjudications with respect to the individual members of the Class, and a risk that any adjudications with respect to individual members of the Class would, as a practical matter, either be dispositive of the interests of other members of the Class not party to the adjudication, or substantially impair or impede their ability to protect their interests. Defendants have acted in a manner applicable to the Class as a whole such that declaratory relief is warranted.

**ANSWER:**    Alltran denies.

24.    Plaintiff Taylor will fairly and adequately protect and represent the interests of the Class. The management of the class action proposed is not extraordinarily difficult, and the factual and legal issues raised by this class action complaint will not require extended contact with the members of the Class, because Defendants' conduct was perpetrated on all members of the Class and will be established by common proof. Moreover, Plaintiff Taylor has retained counsel experienced in class action litigation, including class actions brought under the FDCPA.

**ANSWER:**    Alltran denies.

**AFFIRMATIVE DEFENSES**

Defendant, Alltran Financial, LP ("Alltran"), through its attorneys of record, for its Affirmative Defenses to Plaintiff's Complaint, states:

**FIRST AFFIRMATIVE DEFENSE**

Any claims made by Plaintiff concerning alleged violations of the FDCPA are barred, in whole, or in part under Article III of the United States Constitution because Plaintiff has not

properly alleged that he sustained any injuries as a result of Alltran's alleged conduct or otherwise established standing. As such, Plaintiff lacks sufficient standing to maintain this suit.

## SECOND AFFIRMATIVE DEFENSE

Plaintiff's recovery is barred, in whole or in part, due to their failure to mitigate his alleged damages, if any.

## THIRD AFFIRMATIVE DEFENSE

At all relevant times as alleged in Plaintiff's Complaint, Alltran acted in good faith and with due care and diligence, and acted with no malice or intent to injure, harm, deceive, misrepresent to, defraud, or otherwise harass Plaintiffs.

## FOURTH AFFIRMATIVE DEFENSE

Alltran is not liable to Plaintiff because any alleged violation, if true, was either unintentional or the result of a bona fide error, despite Alltran's maintenance of procedures reasonably adapted to avoid any such violations or errors. See 15 U.S.C. § 1692k.

## FIFTH AFFIRMATIVE DEFENSE

Plaintiff's Complaint fails to state a claim upon which relief may be granted.

## SIXTH AFFIRMATIVE DEFENSE

Class certification is not appropriate in this matter, as amongst other reasons, individual questions of law and fact predominate and the bringing of separate actions would be both more efficient and result in more sufficient redress for members of the putative class. Furthermore, the existence of an arbitration agreement may prohibit Plaintiff from maintaining this action on behalf of a class.

WHEREFORE, Defendant, Alltran Financial, LP respectfully requests that this Honorable Court enter judgment against the Plaintiff and in favor of the Defendants, including all costs of

this suit, attorneys' fees as permitted by law, and any other relief that this Court deems just and equitable.

Dated: March 23, 2018                                    Respectfully Submitted,

                                                        /s/ Kevin D. Koons_____
                                                        Kevin D. Koons, Attorney No. 27915-49
                                                        KROGER, GADIS & REGAS, LLP
                                                        111 Monument Circle, Suite 900
                                                        Indianapolis, IN  46204
                                                        (317) 692-9000
                                                        Fax:  (317) 264-6832
                                                        kkoons@kgrlaw.com
                                                        Attorneys for Defendant, Alltran Financial, LP


## CERTIFICATE OF SERVICE

I hereby certify that on March 23, 2018, a copy of the foregoing was filed electronically. Notice of this filing will be sent to the following parties through the Court's Electronic Case Filing System or via e-mail.  Parties may access this filing through the Court's system.

David J. Philipps
davephilipps@aol.com

Mary E. Philipps
mephilipps@aol.com

John Thomas Steinkamp
steinkamplaw@yahoo.com

                                                        /s/ Kevin D. Koons_____

11