**IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION**

| | |
|---|---|
| EDWARD TAYLOR, individually and on behalf of others similarly situated,<br><br>        Plaintiff,<br><br>   v.<br><br>ALLTRAN FINANCIAL, LP, a Texas limited partnership, and LVNV FUNDING, LLC, a Delaware limited liability company,<br><br>        Defendants. | Civil Action No. 1:18-cv-0306-JMS-MJD |

**DEFENDANT LVNV FUNDING, LLC'S
ANSWER TO PLANTIFF'S CLASS ACTION COMPLAINT**

Defendant, LVNV Funding, LLC ("LVNV"), by and through its undersigned attorneys, in its Answer to Plaintiff's Class Action Complaint, states:

**JURISDICTION AND VENUE**

1. This Court has jurisdiction pursuant to § 1692(d) of the FDCPA, and 28 U.S.C. § 1331.

**ANSWER:**   LVNV admits.

2. Venue is proper in this District because: a) the acts and transactions occurred here; b) Plaintiff resides here; and, c) Defendants reside and transact business here.

**ANSWER:**   LVNV admits to and consents to venue in this District but denies the factual allegations allegedly giving rise thereto consistent with the remainder of its answer. LVNV admits that it, from time to time, transacts business within this District. LVNV denies all other allegations in this paragraph.

**PARTIES**

3.      Plaintiff, Edward Taylor ("Taylor"), is a citizen of the State of Indiana, residing in the Southern District of Indiana, from whom Defendants attempted to collect a defaulted consumer debt which was allegedly owed to Springleaf Financial Services.

**ANSWER:**    LVNV admits that Plaintiff formerly owed a debt to Springleaf Financial Services which was default on or before the date on which LVNV acquired the debt, but LVNV denies that it attempted to collect a debt from Plaintiff. As to any remaining allegations in this paragraph, LVNV lacks sufficient information or knowledge to form a truth as to said remaining allegations and therefore denies the same.

4.      Defendant, Alltran Financial, LP ("Alltran"), is a Texas limited partnership, that acts as a debt collector, as defined by § 1692a of the FDCPA, because it regularly uses the mails and/or the telephone to collect, or attempt to collect, defaulted consumer debts.  Defendant Alltran operates a defaulted debt collection business and attempts to collect debts from consumers in virtually every state, including consumers in the State of Indiana.  In fact, Defendant Alltran was acting as a debt collector as to the defaulted consumer debt it attempted to collect from Plaintiff.

**ANSWER:**    This paragraph contains no allegations directed at LVNV, thus no answer is required. To the extent an answer is deemed required, LVNV admits that Alltran is a Texas limited partnership whose principal business is the collection of business and that Alltran was engaged to collect Plaintiff's debt owed to LVNV. As to any remaining allegations in this paragraph, LVNV lacks sufficient information or knowledge to form a truth as to said remaining allegations and therefore denies the same.

5.      Defendant, LVNV Funding, LLC ("LVNV"), is a Delaware limited liability company, that acts as a debt collector, as defined by § 1692a of the FDCPA, because it regularly

uses the mails and/or the telephone to collect, or attempt to collect, defaulted consumer debts that it did not originate. Defendant LVNV operates a nationwide debt collection business and attempts to collect debts from consumers in virtually every state, including consumers in the State of Indiana. In fact, Defendant LVNV was acting as a debt collector as to the defaulted consumer debt it attempted to collect from Plaintiff.

**ANSWER:** LVNV admits that it is a Delaware limited liability company. LVNV denies the remainder of the allegations in this paragraph.

6. Defendant LVNV is a bad debt buyer that buys large portfolios of defaulted consumer debts for pennies on the dollar, which it then collects upon through other collection agencies. Defendant LVNV's principal, if not sole, business purpose is the collection of defaulted consumer debts originated by others.

**ANSWER:** LVNV admits that it acquires debts from original and/or secondary creditors. LVNV denies the remainder of the allegations in this paragraph.

7. Defendants Alltran and LVNV are both authorized to conduct business in Indiana, and maintain registered agents here, see, record from the Indiana Secretary of State, attached as Group Exhibit A. In fact, Defendants conduct business in Indiana.

**ANSWER:** As to LVNV, LVNV admits. As to any remaining allegations in this paragraph, LVNV lacks sufficient information or knowledge to form a truth as to said remaining allegations and therefore denies the same.

8. Defendants Alltran and LVNV are each licensed as debt collection agencies in the State of Indiana, see, records from NMLS Consumer Access, attached as Group Exhibit B. In fact, Defendants act as collection agencies in Indiana.

3

**ANSWER:**    As to itself, LVNV admits that it possesses a debt collection agency license, but LVNV denies  acting as a debt collection agency within the state of Indiana as alleged herein, including with respect to Plaintiff. As to any remaining allegations in this paragraph, LVNV lacks sufficient information or knowledge to form a truth as to said remaining allegations and therefore denies the same.

## FACTUAL ALLEGATIONS

9.    Mr. Taylor fell behind on paying his bills, including a debt he allegedly owed for a Springleaf Financial Services account.  Defendant Alltran sent Mr. Taylor an initial form collection letter, dated December 12, 2017, demanding payment of this debt.  The collection letter stated:

> Original Creditor:  Springleaf Financial Services, Inc.
> Current Creditor:  LVNV Funding, LLC

The letter then stated that Alltran "has been contracted to lead and represent in the collection of the judgment awarded on your Springleaf Financial Services, Inc. account."  A copy of Defendants' letter is attached as Exhibit C.

 **ANSWER:**    LVNV admits that Mr. Taylor was delinquent in paying the account formerly owed by Springleaf Financial services, Inc. As to any remaining allegations in this paragraph, LVNV lacks sufficient information or knowledge to form a truth as to said remaining allegations and therefore denies the same.

10.    Defendants' letter failed to explain what, if any, the difference was between the "current" and "original" creditor, which "creditor" it was representing, or whether it was representing both and referred to the debt as a "Springleaf Financial Services" debt.  Moreover, it failed to identify who had "contracted [it] to lead and represent" the collection.

**ANSWER:**    LVNV denies that it sent the letter and/or otherwise exercised any control over Alltran with respect to said letter. LVNV denies any other allegations in this paragraph.

4

11. Mr. Taylor is informed through counsel that LVNV likely bought the debt at issue after default and that Alltran was representing only LVNV. Thus, Defendants' letter failed to state effectively the name of the creditor to whom the debt is owed.

**ANSWER:** LVNV denies that it sent the letter and/or otherwise exercised any control over Alltran with respect to said letter. As to any remaining allegations in this paragraph, LVNV lacks sufficient information or knowledge to form a truth as to said remaining allegations and therefore denies the same.

12. A simple statement Alltran represented LVNV or that LVNV had bought the debt would have sufficed to effectively identify the name of the creditor to whom the debt was then owed.

**ANSWER:** LVNV denies.

13. Violations of the FDCPA which would lead a consumer to alter his or her course of action as to whether to pay a debt, or which would be a factor in the consumer's decision making process, are material, see, Lox v. CDA, 689 F.3d 818, 827. Moreover, the identification of the creditor to whom a debt is owed is such a factor because, amongst other things, it is a factor for a consumer in determining whether an attempt to collect a debt is fraudulent, see, Janetos v. Fulton, Friedman & Gullace, 825 F.3d 317, 319-25 (7th Cir. 2016).

**ANSWER:** This paragraph consists purely of improper legal conclusions, to which no answer is required. To the extent an answer is deemed required, LVNV lacks sufficient information or knowledge to form a belief as to the truth of the allegations in this paragraph and therefore denies the same.

14. Defendants' collection actions complained of herein occurred within one year of the date of this Complaint.

**ANSWER:**    LVNV denies.

15.    Defendants' collection communications are to be interpreted under the "unsophisticated consumer" standard, see, Gammon v. GC Services, Ltd. Partnership, 27 F.3d 1254, 1257 (7th Cir. 1994).

**ANSWER:**    This paragraph consists purely of improper legal conclusions, to which no answer is required. To the extent an answer is deemed required, LVNV lacks sufficient information or knowledge to form a belief as to the truth of the allegations in this paragraph. Answering further, LVNV denies that it made any collection communications as alleged herein.

**Violation Of § 1692g(a)(2)**
**Failure to Effectively Identify the Current Creditor**

16.    Section 1692g of the FDCPA requires that, within 5 days of Defendants' first communication to a consumer, they had to disclose specific information, including "the name of the creditor to whom the debt is owed".  If the communication fails to disclose the required information clearly, it violates the Act, see, 15 U.S.C. § 1692g(a)(2); see also, Janetos, 825 F.3d at 319 (7th Cir. 2016).

**ANSWER:**    This paragraph consists purely of improper legal conclusions, to which no answer is required. To the extent which an answer is deemed required, LVNV admits the requirements of Section 1692g to the extent which Plaintiff has accurately recited the contents of Section 1692g, but denies to the extent which Plaintiff has inaccurately recited said contents. Answering further, LVNV denies that it had any communication with the consumer as alleged herein, and as to any remaining allegations, LVNV lacks sufficient information or knowledge to form a belief as to the truth of the remaining allegations in this paragraph and therefore denies the same.

17.    Section 1692g of the FDCPA required Defendants' letter to clearly identify LVNV as the "creditor to whom the debt is owed." Defendants' letter listed two different companies as

the "current" and "original" creditors, failed to explain the difference, and identified the debt as a "Springleaf Financial Services" debt.   Thus, Defendants' form collection letter violates § 1692g(a)(2) of the FDCPA because it failed to effectively identify the current creditor to whom the debt was owed, see, Janetos, 825 F.3d at 321-23; see also, Long v. Fenton & McGarvey Law Firm P.S.C., 223 F. Supp. 3d 773 (S.D. Ind. 2016); Pardo v. Allied Interstate, No. 1:14-cv-01104-SEB-DML, 2015 U.S. Dist. LEXIS 125526 (S.D. Ind. 2015); Deschaine v. National Enterprise Systems, No. 12 C 50416, 2013 U.S. Dist. LEXIS 31349 (N.D. Ill. 2013); Walls v. United Collection Bureau, No. 11 C 6026, 2012 U.S. Dist. LEXIS 68079 (N.D. Ill. 2012); Braatz v. Leading Edge Recovery Solutions, No. 11 C 3825, 2011 U.S. Dist. LEXIS 123118 (N.D. Ill. 2011).

**ANSWER:**   This paragraph consists purely of improper legal conclusions, to which no answer is required. To the extent which an answer is deemed required, LVNV admits the requirements of Section 1692g to the extent which Plaintiff has accurately recited the contents of Section 1692g, but denies to the extent which Plaintiff has inaccurately recited said contents. LVNV denies all other allegations in this paragraph.

18.     Defendants' violation of § 1692g of the FDCPA renders them liable for statutory damages, costs, and reasonable attorneys' fees.   See, 15 U.S.C. § 1692k.

**ANSWER:**   LVNV denies.

## CLASS ALLEGATIONS

19.     Plaintiff, Edward Taylor, brings this action individually and as a class action on behalf of all persons similarly situated in the State of Indiana from whom Defendants attempted to collect a defaulted consumer debt allegedly owed for a Springleaf Financial Services account, via the same form collection letter (Exhibit C), that Defendants sent to Plaintiff, from one year before the date of this Complaint to the present.   This action seeks a finding that Defendants' form letter

violates the FDCPA, and asks that the Court award damages as authorized by § 1692k(a)(2) of the FDCPA.

**ANSWER:** LVNV admits that Plaintiff seeks to bring this action on behalf of a class and individually as alleged herein, but LVNV denies that class relief is appropriate or warranted or that either a class or Plaintiff individually are entitled to any relief for the allegations herein. Answering further, LVNV specifically denies that it sent a collection letter or engaged in any collection activity with respect to Plaintiff as alleged herein and further denies all remaining allegations in this paragraph.

20. Defendants regularly engage in debt collection, using the same form collection letter they sent Plaintiff Taylor, in their attempts to collect defaulted consumer debts from other consumers.

**ANSWER:** As to itself, LVNV denies. As to any remaining allegations in this paragraph, LVNV lacks sufficient information or knowledge to form a truth as to said remaining allegations and therefore denies the same.

21. The Class consists of more than 35 persons from whom Defendants attempted to collect defaulted consumer debts by sending other consumers the same form collection letter they sent Plaintiff Taylor.

**ANSWER:** LVNV denies sending any collection letter. Answering further, as to any remaining allegations in this paragraph, LVNV lacks sufficient information or knowledge to form a truth as to said remaining allegations and therefore denies the same.

22. Plaintiff Taylor's claims are typical of the claims of the Class. Common questions of law or fact raised by this class action complaint affect all members of the Class and predominate over any individual issues. Common relief is therefore sought on behalf of all members of the

Class. This class action is superior to other available methods for the fair and efficient adjudication of this controversy.

**ANSWER:**    LVNV denies.

23.    The prosecution of separate actions by individual members of the Class would create a risk of inconsistent or varying adjudications with respect to the individual members of the Class, and a risk that any adjudications with respect to individual members of the Class would, as a practical matter, either be dispositive of the interests of other members of the Class not party to the adjudication, or substantially impair or impede their ability to protect their interests. Defendants have acted in a manner applicable to the Class as a whole such that declaratory relief is warranted.

**ANSWER:**    LVNV denies.

24.    Plaintiff Taylor will fairly and adequately protect and represent the interests of the Class. The management of the class action proposed is not extraordinarily difficult, and the factual and legal issues raised by this class action complaint will not require extended contact with the members of the Class, because Defendants' conduct was perpetrated on all members of the Class and will be established by common proof.  Moreover, Plaintiff Taylor has retained counsel experienced in class action litigation, including class actions brought under the FDCPA.

**ANSWER:**    LVNV denies.

**<u>AFFIRMATIVE DEFENSES</u>**

Defendant, LVNV Financial, LLC ("LVNV") through its attorneys of record, for its Affirmative Defenses to Plaintiff's Complaint, states:

9

**FIRST AFFIRMATIVE DEFENSE**

Any claims made by Plaintiff concerning alleged violations of the FDCPA are barred, in whole, or in part under Article III of the United States Constitution because Plaintiff has not properly alleged that he sustained any injuries as a result of LVNV's alleged conduct or otherwise established standing. As such, Plaintiff lacks sufficient standing to maintain this suit.

**SECOND AFFIRMATIVE DEFENSE**

Plaintiff's recovery is barred, in whole or in part, due to their failure to mitigate his alleged damages, if any.

**THIRD AFFIRMATIVE DEFENSE**

At all relevant times as alleged in Plaintiff's Complaint, LVNV acted in good faith and with due care and diligence, and acted with no malice or intent to injure, harm, deceive, misrepresent to, defraud, or otherwise harass Plaintiff.

**FOURTH AFFIRMATIVE DEFENSE**

LVNV is not liable to Plaintiff because any alleged violation, if true, was either unintentional or the result of a bona fide error, despite LVNV's maintenance of procedures reasonably adapted to avoid any such violations or errors. See 15 U.S.C. § 1692k.

**FIFTH AFFIRMATIVE DEFENSE**

Plaintiff's Complaint fails to state a claim upon which relief may be granted.

**SIXTH AFFIRMATIVE DEFENSE**

Class certification is not appropriate in this matter, as amongst other reasons, individual questions of law and fact predominate and the bringing of separate actions would be both more efficient and result in more sufficient redress for members of the putative class. Furthermore, the

10

existence of an arbitration agreement may prohibit Plaintiff from maintaining this action on behalf of a class.

## SEVENTH AFFIRMATIVE DEFENSE

LVNV is not a debt collector within the definition of the FDCPA, as no collection activity is adequately alleged by LVNV and LVNV did not exercise control over the acts and/or omissions of Alltran in this matter. Therefore, Plaintiff's claims against LVNV under the FDCPA fail.

WHEREFORE, Defendant, LVNV Funding, LLC, respectfully requests that this Honorable Court enter judgment against the Plaintiff and in favor of the Defendants, including all costs of this suit, attorneys' fees as permitted by law, and any other relief that this Court deems just and equitable.

Dated: March 23, 2018                          Respectfully Submitted,

/s/ Kevin D. Koons_____
Kevin D. Koons, Attorney No. 27915-49
KROGER, GADIS & REGAS, LLP
111 Monument Circle, Suite 900
Indianapolis, IN  46204
(317) 692-9000
Fax:  (317) 264-6832
kkoons@kgrlaw.com
Attorneys for Defendant LVNV Funding, LLC

11

## CERTIFICATE OF SERVICE

I hereby certify that on March 23, 2018, a copy of the foregoing was filed electronically. Notice of this filing will be sent to the following parties through the Court's Electronic Case Filing System or via e-mail. Parties may access this filing through the Court's system.

David J. Philipps
davephilipps@aol.com

Mary E. Philipps
mephilipps@aol.com

John Thomas Steinkamp
steinkamplaw@yahoo.com

/s/ Kevin D. Koons