**IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION**

| | | |
|---|---|---|
| Edward Taylor, individually and on behalf of all others similarly situated, | ) ) ) | |
| Plaintiff, | ) ) | |
| v. | ) ) | No.    1:18-cv-306-JMS-MJD |
| Alltran Financial, LP, a Texas limited partnership, and LVNV Funding, LLC, a Delaware limited liability company, | ) ) ) ) | |
| Defendants. | ) ) | |

**PLAINTIFF'S MOTION FOR CLASS CERTIFICATION**

Plaintiff, Edward Taylor ("Taylor"), individually and on behalf of all others similarly situated, hereby moves this Court, pursuant to Rule 23 of the Federal Rules of Civil Procedure, to certify a class in this matter.  In support of this motion, Plaintiff states:

1.     Plaintiff's Complaint, filed on February 1, 2018, sets forth that the form debt collection letter which Defendants, Alltran Financial, LP ("Alltran") and LVNV Funding, LLC ("LVNV"), sent to Plaintiff Taylor, violated § 1692g of the Fair Debt Collection Practices Acts, 15 U.S.C. § 1692 et seq. ("FDCPA") because the initial collection letter failed to state adequately the name of the creditor to whom the debt was then owed, in violation of § 1692g(a)(2) of the FDCPA.  (Dkt. 1).

2.      Specifically, § 1692g of the FDCPA requires that, within 5 days of Defendants' first communication to a consumer, they had to disclose specific information, including "the name of the creditor to whom the debt is owed".  If the communication fails to disclose the required information clearly, it violates the Act, see,

1

15 U.S.C. § 1692g(a)(2); see also, Janetos v. Fulton, Friedman & Gullace, 825 F.3rd 317, 319-25 (7th Cir. 2016).

3.    Defendants' letter stated that the "Original Creditor" was "Springleaf Financial Services, Inc." and that the "Current Creditor" was "LVNV Funding, LLC".  The letter further stated that Alltran "has been contracted to lead and represent in the collection of the judgment awarded on your Springleaf Financial Services, Inc. account". Defendants' letter failed to explain what, if any, the difference was between the "current" and "original" creditor, which "creditor" it was representing, or whether it was representing both, and referred to the debt as a "Springleaf Financial Services" debt. Moreover, it failed to identify who had "contracted [it] to lead and represent" the collection.  (Dkt. 1 at ¶¶ 9-12; Dkt. 1-3).

4.    Mr. Taylor is informed through counsel that LVNV likely bought the debt at issue after default and that Alltran was representing only LVNV.  Thus, Defendants' letter failed to state effectively the name of the creditor to whom the debt is owed.  A simple statement Alltran represented LVNV or that LVNV had bought the debt would have sufficed to effectively identify the name of creditor to whom the debt was then owed.  Defendants' letter, however, listed two different companies as the "current" and "original" creditors, failed to explain the difference, and identified the debt as a "Springleaf Financial Services" debt.  Thus, Defendants' form collection letter violates § 1692g(a)(2) of the FDCPA because it failed to effectively identify the current creditor to whom the debt was owed, see, Janetos, 825 F.3rd at 321-23; see also, Long v. Fenton & McGarvey Law Firm P.S.C., 223 F. Supp. 3d 773 (S.D. Ind. 2016); Pardo v. Allied Interstate, No. 1:14-cv-01104-SEB-DML, 2015 U.S. Dist. LEXIS 125526 (S.D. Ind.

2015); Deschaine v. National Enterprise Systems, No. 12 C 50416, 2013 U.S. Dist. LEXIS 31349 (N.D. Ill. 2013); Walls v. United Collection Bureau, No. 11 C 6026, 2012 U.S. Dist. LEXIS 68079 (N.D. Ill. 2012); Braatz v. Leading Edge Recovery Solutions, No. 11 C 3835, 2011 U.S. Dist. LEXIS 123118 (N.D. Ill. 2011). (Dkt. 1 at ¶¶ 9-12; 16-18; Dkt. 1-3).

5. Violations of the FDCPA which would lead a consumer to alter his or her course of action as to whether to pay a debt, or which would be a factor in the consumer's decision making process, are material, see, Lox v. CDA, 689 F.3d 818, 827. Moreover, the identification of the creditor to whom a debt is owed is such a factor because, amongst other things, it is a factor for a consumer in determining whether an attempt to collect a debt is fraudulent, see, Janetos, 825 F.3rd 317, 319-25.

6. Class certification is appropriate when all of the elements of Rule 23(a) and one of the elements of Rule 23(b) have been satisfied, see, Amchem Products, Inc. v. Windsor, 521 U.S. 591, 613-614, 117 S.Ct. 2231, 138 L.Ed.2df 689 (1997); Keele v. Wexler, 149 F.3d 589, 594 (7th Cir. 1998). Rule 23(a) provides that a class action may be maintained when (1) the class is so numerous that joinder is impracticable, (2) questions of law or fact are common to the class, (3) claims or defenses of the representative party are typical of the claims and defenses of the class, and (4) the representative party will fairly and adequately protect the class' interests.

7. As set forth in detail in the accompanying Memorandum in Support of Class Certification, this action satisfies the requirements of Rule 23(a) and (b)(3). Plaintiff hereby moves for class certification, and requests that this Court allow him to

3

represent a class of all persons similarly situated in the State of Indiana from whom Defendants attempted to collect a defaulted consumer debt allegedly owed for a Springleaf Financial Services account, via the same form collection letter that Defendants sent to Plaintiff (Dkt. 1-3), from one year before the date of this Complaint to the present.

8.   A Memorandum in Support of this Motion is filed contemporaneously herewith.

WHEREFORE, Plaintiff, Edward Taylor, individually and on behalf of all others similarly situated, respectfully requests that this Court certify, pursuant to Rule 23(b)(3), a class in this matter.

> Edward Taylor, individually and on behalf of all others similarly situated,
>
> By: /s/ David J. Philipps_____
> One of Plaintiff's Attorneys

Dated: June 1, 2018

David J. Philipps     (Ill. Bar No. 06196285)
Mary E. Philipps      (Ill. Bar No. 06197113)
Angie K. Robertson (Ill. Bar No. 06302858)
Carissa K. Rasch    (Ill. Bar No. 06327475)
Philipps & Philipps, Ltd.
9760 S. Roberts Road
Suite One
Palos Hills, Illinois 60465
(708) 974-2900
(708) 974-2907 (FAX)
davephilipps@aol.com
mephilipps@aol.com
angie@philippslegal.com
carissa@philippslegal.com

4

John T. Steinkamp   (Ind. Bar No. 19891-49)
5214 S. East Street
Suite D-1
Indianapolis, Indiana 46227
(317) 780-8300
(317) 217-1320 (FAX)
steinkamplaw@yahoo.com

## CERTIFICATE OF SERVICE

I hereby certify that on June 1, 2018, a copy of the foregoing **Plaintiff's Motion For Class Certification** was filed electronically.  Notice of this filing will be sent to the following parties by operation of the Court's electronic filing system.  Parties may access this filing through the Court's system.

Kevin D. Koons                                          kdk@kgrlaw.com
Kroger, Gardis & Regas, LLP
111 Monument Circle
Suite 900
Indianapolis, Indiana 46204


Brandon Carnes                                        bcarnes@rfclaw.com
Rock Fusco & Connelly, LLC
321 N. Clark Street
Suite 2200
Chicago, Illinois 60654


John T. Steinkamp                                    steinkamplaw@yahoo.com
5214 S. East Street
Suite D-1
Indianapolis, Indiana 46227


/s/ David J. Philipps_____
David J. Philipps
Philipps & Philipps, Ltd.
9760 South Roberts Road
Suite One
Palos Hills, Illinois 60465
(708) 974-2900
(708) 974-2907 (FAX)
davephilipps@aol.com

6