**IN THE UNITED STATES DISTRICT COURT**
**FOR THE SOUTHERN DISTRICT OF INDIANA**
**INDIANAPOLIS DIVISION**

| | | |
|---|---|---|
| Edward Taylor, individually and on behalf of all others similarly situated, | ) ) ) | |
| Plaintiff, | ) ) | |
| v. | ) ) | No.   1:18-cv-306-JMS-MJD |
| Alltran Financial, LP, a Texas limited partnership, and LVNV Funding, LLC, a Delaware limited liability company, | ) ) ) ) | |
| Defendants. | ) ) | |

**PLAINTIFF'S MEMORANDUM**
**IN SUPPORT OF MOTION FOR CLASS CERTIFICATION**

Plaintiff, Edward Taylor ("Taylor"), individually and on behalf of all others similarly situated, submits the following Memorandum of Law in support of his Motion for Class Certification:

**FACTUAL BACKGROUND**

Mr. Taylor fell behind on paying his bills, including a debt he allegedly owed for a Springleaf Financial account. (Dkt. 1 at ¶ 9). Defendant Alltran Financial ("Alltran") sent Mr. Taylor an initial form collection letter, dated December 12, 2017, which stated that the "Original Creditor" was "Springleaf Financial Services, Inc.", and that the "Current Creditor" was "LVNV Funding, LLC"; the letter then stated that Alltran "has been contracted to lead and represent in the collection of the judgment awarded on your Springleaf Financial Services, Inc. account". (Dkt. 1 at ¶ 9; Dkt. 1-3). A copy of this letter is attached hereto as Exhibit 1.

1

Section 1692g of the Fair Debt Collection Practices Acts, 15 U.S.C. § 1692 et seq. ("FDCPA") requires that, within 5 days of Defendants' first communication to a consumer, they had to disclose specific information, including "the name of the creditor to whom the debt is owed".  If the communication fails to disclose the required information clearly, it violates the Act, see, 15 U.S.C. § 1692g(a)(2); see also, Janetos v. Fulton, Friedman & Gullace, 825 F.3rd 317, 319-325 (7th Cir. 2016).

Defendants' letter, however, failed to explain what, if any, the difference was between the "current" and "original" creditor, which "creditor" it was representing, or whether it was representing both, and referred to the debt as a "Springleaf Financial Services" debt.  Moreover, it failed to identify who had "contracted [it] to lead and represent" the collection. (Dkt. 1 at ¶ 10).  Mr. Taylor is informed through counsel that LVNV likely bought the debt at issue after default and that Alltran was representing only LVNV.  (Dkt. 1 at ¶ 11).  A simple statement that Alltran represented LVNV, or that LVNV had bought the debt, would have sufficed to effectively identify the name of creditor to whom the debt was then owed.  (Dkt. 1 at ¶ 11).  Defendants' letter failed to state effectively the name of the creditor to whom the debt is owed.

Plaintiff's Complaint, filed on February 1, 2018, sets forth that the form debt collection letter which Defendants sent to Plaintiff Taylor violated § 1692g of the FDCPA because the initial collection letter failed to state adequately the name of the creditor to whom the debt was then owed, as is required by § 1692g(a)(2) of the FDCPA, see, Janetos, 825 F.3rd at 324-325; see also, Long v. Fenton & McGarvey, 2016 U.S. Dist. LEXIS 170421 (S.D. Ind. 2016); Pardo v. Allied Interstate, 2015 U.S.

Dist. Lexis 125526 (S.D. Ind. 2015); Deschaine v. National Enterprise Systems, 2013 U.S. Dist. LEXIS 31349 (N.D. Ill. 2013); Walls v. United Collection Bureau, 2012 U.S. Dist. LEXIS 68079 (N.D. Ill. 2012); Braatz v. Leading Edge Recovery Solutions, 2011 U.S. Dist. LEXIS 123118 (N.D. Ill. 2011).

Class certification is appropriate when all of the elements of Rule 23(a) and one of the elements of Rule 23(b) have been satisfied, see, Amchem Products v. Windsor, 521 U.S. 591, 613-614, 117 S.Ct. 2231, 138 L.Ed.2df 689 (1997); Keele v. Wexler, 149 F.3d 589, 594 (7th Cir. 1998), see, Fed.R.Civ.P. 23 (a).  Rule 23(a) provides that a class action may be maintained when (1) the class is so numerous that joinder is impracticable, (2) questions of law or fact are common to the class, (3) claims or defenses of the representative party are typical of the claims and defenses of the class, and (4) the representative party will fairly and adequately protect the class' interests.

This action satisfies the requirements of Rule 23(a) and (b)(3).  Plaintiff hereby moves for class certification, and requests that this Court allow him to represent a class of all persons similarly situated in the State of Indiana from whom Defendants attempted to collect a defaulted consumer debt allegedly owed for a Springleaf Financial Services account, via the same form collection letter that Defendants sent to Plaintiff, (Dkt. 1-1), from one year before the date of this Complaint to the present.  This action seeks a finding that Defendants' practices violated the FDCPA, and asks that the Court award damages and reasonable attorneys' fees as authorized by § 1692k(a)(2) of the FDCPA.

## ARGUMENT

### The Requirements Of Rule 23 Are Satisfied And Therefore This Case Should Proceed As A Class Action

The district courts in the Seventh Circuit have repeatedly and correctly held that it is appropriate to certify FDCPA claims for class action treatment; see e.g., Fosnight v. LVNV Funding, 310 F.R.D. 389 (S.D.Ind. 2015)(McKinney, J.); Fosnight v. Convergent Outsourcing, 2016 U.S.Dist.LEXIS 9337 (McKinney, J.); Hubbard v. M.R.S. Associates, Inc., 2008 U.S.Dist.LEXIS 102983 (S.D. Ind. 2008)(Hamilton, J.); Jackson v. National Action Financial Services, Inc., 227 F.R.D. 284 (N.D. Ill. 2005)(Castillo, J.).[1]  Moreover, Congress specifically contemplated that the class action device would be used to foster enforcement of the FDCPA, see, § 1692k(a)(2)(B) of the FDCPA.

Class certification is appropriate when all of the elements of Rule 23(a)[2] and one of the elements of Rule 23(b) has been satisfied, see, Amchem Products, 521 U.S. at

---

[1]  See also, Daley v. Provena Hospitals, 193 F.R.D. 526 (N.D. Ill. 2000) (Alesia, J.); Vines v. Sands, 188 F.R.D. 302 (N.D. Ill. 1999)(Bucklo, J.); Wells v. McDonough, 188 F.R.D. 277 (N.D. Ill. 1999)(Marovich, J.); Clark v. Retrieval Masters Creditors Bureau, 185 F.R.D. 247 (N.D. Ill. 1998)(Bucklo, J.); Sledge v. Sands, 182 F.R.D. 255 (N.D. Ill. 1998)(Bucklo, J.); Randle v. G.C. Services, L.P., 181 F.R.D. 602 (N.D. Ill. 1998)(Gettleman, J.); Wilborn v. Dun & Bradstreet Corp., 180 F.R.D. 347 (N.D. Ill. 1998)(Gettleman, J.); Peters v. AT&T Corp., 179 F.R.D. 564 (N.D. Ill. 1998)(Bucklo, J.), Brewer v. Freidman, 152 F.R.D. 142 (N.D. Ill.1993) (Norgle, J.); Kremnitzer v. Cabrera & Rephen, P.C., 202 F.R.D. 239 (N.D. Ill. 2001)(Kocoras, J.); Parker v. Risk Management Alternatives, Inc., 206 F.R.D. 211 (N.D. Ill. 2002)(Gettleman, J.); McCabe v. Crawford & Company, 210 F.R.D. 631 (N.D. Ill. 2002) (Castillo, J.); and, Robles v. Corporate Receivables, Inc., 220 F.R.D. 306 (N.D. Ill. 2004) (Levin, J.).

[2] Rule 23(a) provides that a class action may be maintained when: (1) the class is so numerous that joinder of all members is impracticable, (2) there are questions of law or fact common to the class, (3) the claims or defenses of the representative parties are typical of the claims or defenses of the class, and (4) the representative parties will fairly and adequately protect the interests of the class.

613; Keele, 149 F.3d at 594; Phillips v. Asset Acceptance, 736 F.3d. 1076, 1083 (7th Cir. 2013); Fosnight v. LVNV, 310 F.R.D. at 392; Fosnight v. Convergent, 2016 U.S.Dist.LEXIS 9337 at [*4]-[*5]; Hubbard, 2008 U.S.Dist.LEXIS 102983 at [*3]; Jackson, 227 F.R.D. at 287). As shown below, this action satisfies the requirements of Rule 23(a) and (b)(3). This Court should certify this action as a class action pursuant to Rule 23(b)(3), because questions of law or fact common to the members of the class predominate over any questions affecting only individual members, and a class action is superior to other available methods for the fair and efficient adjudication of the controversy, see e.g., Fosnight v. LVNV, 310 F.R.D. at 392-394; Fosnight v. Convergent, 2016 U.S.Dist.LEXIS 9337 at [*4]-[*11]; Hubbard, 2008 U.S.Dist.LEXIS 102983 at [*4]-[*11]; Jackson, 227 F.R.D. at 290.

### A.      Numerosity Is Shown.

Plaintiff seeks to represent a class of all persons in the State of Indiana from whom Defendants attempted to collect defaulted consumer debts allegedly owed to Springleaf Financial Services, via the same form collection letter that Defendants sent to Plaintiff (Dkt. 1-3; Exhibit 1, hereto), from one year before the date of the Complaint to the present. A proposed class must be so numerous that joinder of all members is impracticable, see, Fosnight v. LVNV, 310 F.R.D. at 392-393; Fosnight v. Convergent, 2016 U.S.Dist.LEXIS 9337 at [*6]-[*7]; Hubbard, 2008 U.S.Dist.LEXIS 102983 at [*8]-[*11]; Jackson, 227 F.R.D. at 287. Defendants' counsel confirmed, via e-mail, that the proposed class consists of 216 persons and, thus, numerosity is not an issue, see, Declaration of David J. Philipps In Support Of Class Certification, attached as Exhibit 2,

at ¶ 13.

**B.      There Are Questions Of Law And Fact Common To The Class.**

The requirement of Rule 23(a)(2) is satisfied if there is a single issue that is common among the class members, see, Fosnight v. LVNV, 310 F.R.D. at 393; Fosnight v. Convergent, 2016 U.S.Dist.LEXIS 9337 at [*7]-[*8]; Hubbard, 2008 U.S.Dist.LEXIS 102983 at [*3]; Jackson, 227 F.R.D. at 287.  The commonality requirement is satisfied here because of the common issues of: 1) whether Defendants' collection letter violate the FDCPA; and, 2) the appropriate relief to be awarded. Because there are common questions of law and fact, the requirement of Rule 23(a)(2) is satisfied.

**C.      The Claims Of The Representative Plaintiff Are Typical Of The Claims Of All Class.**

Rule 23(a)(3) requires that "the claim or defenses of the representative parties be typical of the claims or defenses of the class", see, Fosnight v. LVNV, 310 F.R.D. at 393; Fosnight v. Convergent, 2016 U.S.Dist.LEXIS 9337 at [*7]-[*8]; Hubbard, 2008 U.S.Dist.LEXIS 102983 at [*3]; Jackson, 227 F.R.D. at 288-289).  A plaintiff's claim is typical if it arises out of the same practice or course of conduct that gives rise to the claims of the other class members and the claim is based on the same legal theory, see, Fosnight v. LVNV, 310 F.R.D. at 393; Fosnight v. Convergent, 2016 U.S.Dist.LEXIS 9337 at [*7]; Jackson, 227 F.R.D. at 288-289.  Here, as in Fosnight v. LVNV, Fosnight v. Convergent, Hubbard and Jackson, Plaintiff's claims are typical of the claims of the class because they are brought pursuant to the FDCPA, relate to the

6

identical form debt collection letter, and involve the same course of conduct by Defendants. Therefore, the requirement of Rule 23(a)(3) is satisfied.

**D.    Plaintiff Will Fairly And Adequately Protect The Interests Of The Class.**

Rule 23(a)(4) requires that the named plaintiff must fairly and adequately protect the interests of the class. The three factors important in that determination are:

(1)    whether the plaintiff has interests that are antagonistic to the class;

(2)    whether the plaintiff has a sufficient interest in the outcome to ensure vigorous advocacy; and,

(3)    the plaintiff's counsel's qualifications, experience, and ability to conduct the litigation vigorously.

See, Fosnight v. LVNV, 310 F.R.D. at 393; Fosnight v. Convergent, 2016 U.S.Dist.LEXIS 9337 at [*8]-[*9]; Hubbard, 2008 U.S.Dist.LEXIS 102983 at [*4]-[*8]; Jackson, 227 F.R.D. at 289-290.

Plaintiff's claim arises from the same form debt collection letter as members of the proposed class. Plaintiff's interests are not antagonistic to the class' interests because Plaintiff claims are identical to the claims of the proposed class. Plaintiff has sufficient interest in the outcome of this suit because he stands to recover damages for both himself and on behalf of the class. Moreover, Plaintiff will vigorously pursue this lawsuit for both himself and the class. Finally, Plaintiff's attorneys are experienced in litigating class actions, including FDCPA class actions. The qualifications of Plaintiff's attorneys, as well as a list of the cases in which they have been appointed class counsel, are detailed in Exhibit 2 (Declaration of David J. Philipps). Therefore, the

requirements of Rule 23(a)(4) are satisfied.

**E.      This Action Is Properly Maintained As A Rule 23(b)(3) Class Action**

Plaintiff seeks certification of a Rule 23(b)(3) class.  An action is properly maintained as a class action, pursuant to Rule 23(b)(3), where the court finds that the questions of law or fact common to the members of the class predominate over any questions affecting only individual members, and that a class action is superior to other available methods for the fair and efficient adjudication of the controversy, see, Fosnight v. LVNV, 310 F.R.D. at 393-394; Fosnight v. Convergent, 2016 U.S.Dist.LEXIS 9337 at [*9]-[*11]; Hubbard, 2008 U.S.Dist.LEXIS 102983 at [*3]; Jackson, 227 F.R.D. at 290.

Plaintiff's claims fit squarely into Rule 23(b)(3) because Defendant's liability to each class member is based on the form debt collection letter all members of the proposed class received, see, Fosnight v. LVNV, 310 F.R.D. at 394; Fosnight v. Convergent, 2016 U.S.Dist.LEXIS 9337 at [*9]-[*10]; Hubbard, 2008 U.S.Dist.LEXIS 102983 at [*3]; Jackson, 227 F.R.D. at 290.

Moreover, a class action is superior to other methods of litigating this matter because: 1) it is unlikely that most of the people who received the form debt collection letter are aware of their rights under the FDCPA and, thus, a class action insures that all members' rights are protected; additionally, the maximum amount that any party can receive under the act is relatively small, and thus the interests of the class members in individually controlling the prosecution of their claims is small; 2) there is no other litigation already commenced concerning this controversy by or against the members of

the class; 3) the principles of judicial economy and efficiency favor trying the legality of a form collection letter in one litigation, rather than forcing each person who received the letters to litigate his or her claim individually; and 4) this case should not present any significant management problems if certified as a class action, see, Fosnight v. LVNV, 310 F.R.D. at 394; Fosnight v. Convergent, 2016 U.S.Dist.LEXIS 9337 at [*9]-[*10]; Hubbard, 2008 U.S.Dist.LEXIS 102983 at [*3]; Jackson, 227 F.R.D at 290.

WHEREFORE, Plaintiff, Edward Taylor, individually and on behalf of all others similarly situated, respectfully request that, pursuant to F.R.C.P. Rule 23(b)(3), this Court certify the proposed class in this matter, and appoint him as Class Representative, and his attorneys as Class Counsel.

Respectfully submitted,

Edward Taylor, individually and on behalf of all others similarly situated,

By: /s/ David J. Philipps_____
One of Plaintiff's Attorneys

Dated:  June 1, 2018

David J. Philipps     (Ill. Bar No. 06196285)
Mary E. Philipps      (Ill. Bar No. 06197113)
Angie K. Robertson (Ill. Bar No. 06302858)
Carissa K. Rasch     (Ill. Bar No. 06327475)
Philipps & Philipps, Ltd.
9760 S. Roberts Road
Suite One
Palos Hills, Illinois 60465
(708) 974-2900
(708) 974-2907 (FAX)
davephilipps@aol.com
mephilipps@aol.com
angie@philippslegal.com
carissa@philippslegal.com

John T. Steinkamp  (Ind. Bar No. 19891-49)
5214 S. East Street
Suite D1
Indianapolis, Indiana 46227
(317) 780-8300
(317) 217-1320 (FAX)
steinkamplaw@yahoo.com

## CERTIFICATE OF SERVICE

I hereby certify that on June 1, 2018 a copy of the foregoing **PLAINTIFF'S MEMORANDUM IN SUPPORT OF MOTION FOR CLASS CERTIFICATION** was filed electronically.  Notice of this filing was sent to the following parties by operation of the Court's electronic filing system.  The parties may access this filing through the Court's system.

Kevin D. Koons                          kdk@kgrlaw.com
Kroger, Gardis & Regas, LLP
111 Monument Circle
Suite 900
Indianapolis, Indiana 46204


Brandon Carnes                          bcarnes@rfclaw.com
Rock Fusco & Connelly, LLC
321 N. Clark Street
Suite 2200
Chicago, Illinois 60654


John T. Steinkamp                       steinkamplaw@yahoo.com
5214 S. East Street
Suite D1
Indianapolis, Indiana 46227


/s/ David J. Philipps____
David J. Philipps
Philipps & Philipps, Ltd.
9760 South Robert Road
Suite One
Palos Hills, Illinois 60465
davephilipps@aol.com