UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | | |
|---|---|---|
| EDWARD TAYLOR, | : | Case No. 1:18-cv-00306-JMS-MJD |
| | : | |
| Plaintiff, | : | |
| | : | **DEFENDANTS' BRIEF IN SUPPORT** |
| vs. | : | **OF THEIR MOTION FOR** |
| | : | **JUDGMENT ON THE PLEADINGS** |
| ALLTRAN FINANCIAL, LP, and LVNV | : | |
| FUNDING, LLC, | : | |
| | : | |
| Defendants. | : | |
| ------------------------------------------------------------- | : | |

Defendants Alltran Financial, LP ("Alltran") and LVNV Funding, LLC ("LVNV")

(collectively, the "Defendants"), by and through their undersigned counsel, hereby submit this

Brief in support of their Motion for Judgment on the Pleadings, seeking dismissal of the complaint

("Complaint") filed by plaintiff Edward Taylor ("Plaintiff").

## I.     **INTRODUCTION**

This action is premised on Plaintiff's specious legal assertion that a collection notice sent

by Alltran failed to "clearly" disclose certain information required under the Fair Debt Collection

Practices Act ("FDCPA"), 15 U.S.C. § 1692, *et seq.  See* Compl., ECF No. 1.  Specifically, Plaintiff

argues that Alltran sent him a letter dated December 12, 2017 (the "Letter"), which stated, among

other things, the following:

> Original Creditor: Springleaf Financial Services Inc.
> Current Creditor: LVNV Funding LLC

*See* Compl. at ¶ 9; Ex. C.  While this clearly identifies Springleaf as the "Original Creditor" and

LVNV as the "Current Creditor," Plaintiff argues that it is insufficient "to effectively identify the

current creditor to whom the debt was owed," as required by section 1692g(a)(2), because it fails

to: (1) explain what, if any, the difference was between the "current" and "original" creditor, (2)

explain which "creditor" [Alltran] was representing, or (3) identify who had "contracted [Alltran] to lead and represent" the collection." *Id.* at ¶ 10.  According to Plaintiff, section 1692g(a)(2) required Alltran to disclose either that: (1) "Alltran represented LVNV," or (2) "LVNV had bought the debt." *Id.* at ¶¶ 12, 17.  Based thereon, Plaintiff purports to raise a single claim under section 1692g(a)(2), and requests "actual and statutory damages, costs, and reasonable attorneys' fees" under section 1692k(a).  *See id.* at *ad damnum* clause.

Plaintiff's claim is frivolous and represents the type of bizarre and idiosyncratic interpretation that has been unequivocally rejected by the Seventh Circuit.  *See, e.g., Durkin v. Equifax Check Servs.*, 406 F.3d 410, 414 (7th Cir. 2005).  The Letter uses the words "original" and "current" – plain-English words, the definitions of which are well understood by the unsophisticated consumer – to identify LVNV as the creditor "existing at the present time."[1]  *See* Compl., Ex. C.  It also clearly (and properly) distinguishes LVNV from Springleaf Financial Services Inc. ("Spingleaf"), which it identifies as the "originator" of the debt, or "the source . . . from which [the debt] ar[ose]."[2]  *Id.*  This is exactly what is required under the FDCPA.  *See* 15 U.S.C. § 1692g(a)(5) (requiring debt collectors to disclose the consumer's right to request the name and address of "the **original creditor**, if different from the **current creditor**.") (emphasis added).  Indeed, at least one court in the Seventh Circuit has already addressed this very claim – in a case that was, notably, brought by the same counsel representing Plaintiff – and found it to be

---

[1]    *See* Merriam-Webster.com, 2018, available at https://www.merriam-webster.com/dictionary/current (defining "current" as "occurring in or existing at the present time")

[2]    *See* Merriam-Webster.com, 2018, available at https://www.merriam-webster.com/dictionary/original (defining "original" as "the source or cause from which something arises; specifically : originator")

meritless.  *See Zuniga v. Asset Recovery Sols.*, No. 17-cv-05119, 2018 U.S. Dist. LEXIS 51063 (N.D. Ill. Mar. 28, 2018).

Accordingly, even accepting the Complaint's well-pled allegations as true, Plaintiff's FDCPA claim fails as a matter of law.  As such, the Complaint should be dismissed with prejudice as to both Defendants.

## II.    BACKGROUND

This action relates to Plaintiff's default on a debt he originally owed to Springleaf, which was subsequently assigned to LVNV.  *See* Compl. at ¶ 9, Ex. C.  As a result of Plaintiff's default, the debt was referred to Alltran for collection.  *See id.*  On or about December 12, 2018, Alltran caused the Letter to be sent to Plaintiff, which constituted the first communication Alltran sent to Plaintiff in connection with its efforts to collect the debt.  *See id.* at ¶ 9.

Plaintiff commenced this action on February 1, 2018, by filing the Complaint in this Court. *See* ECF No. 1.  On March 23, 2018, Defendants filed their answers to the Complaint, thereby closing the pleadings between the parties.  *See* ECF No. 14-15.

## III.   ARGUMENT

### A.    Legal Standard

#### 1.    Standard of Review Under Fed. R. Civ. P. 12(c)

When reviewing a motion for judgment on the pleadings under Fed. R. Civ. P. 12(c), courts apply the same plausibility standard that applies to a motion to dismiss under Rule 12(b)(6).  *See St. John v. Cach, LLC*, 822 F.3d 388, 389 (7th Cir. 2016) (affirming the dismissal of an FDCPA claim under Rule 12(c)).  Under this standard, courts "view the facts in the complaint in the light most favorable to the nonmoving party [ …] [but] are not obliged to ignore any facts set forth in the complaint that undermine the plaintiff's claim or to assign any weight to unsupported conclusions of law."  *Id.* (internal citations omitted).  To survive a motion for judgment on the

pleadings under Rule 12(c), "a complaint must contain sufficient factual matter, accepted as true, 'to state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). This requires that the complaint provide "enough facts to raise a reasonable expectation that discovery will reveal evidence of the necessary elements." *Phillips v. Cnty. of Allegheny*, 515 F.3d 224, 234 (3d Cir. 2008) (quoting Twombly, 550 U.S. at 556). Judgment on the pleadings is proper where, on the basis of the pleadings, the movant is entitled to judgment as a matter of law. *See N. Ind. Gun & Outdoor Shows v. City of S. Bend*, 163 F.3d 449, 452 (7th Cir. 1998) ("courts grant a Rule 12(c) motion [ ] if it appears beyond doubt that the plaintiff cannot prove any facts that would support his claim for relief.").

### 2. Standard Applied Under the FDCPA

To state a cause of action under the FDCPA, a plaintiff must allege facts showing that "(1) she is a consumer, (2) the defendant is a debt collector, (3) the defendant's challenged practice involves an attempt to collect a 'debt' as the Act defines it, and (4) the defendant has violated a provision of the FDCPA in attempting to collect the debt." *Douglass v. Convergent Outsourcing*, 765 F.3d 299, 303 (3d Cir. 2014). As to the last element, Plaintiff alleges that Defendants violated a provision of section 1692g, which courts in the Seventh Circuit analyze under the "unsophisticated consumer standard." *See Gammon v. GC Servs. Ltd. P'ship*, 27 F.3d 1254, 1257 (7th Cir. 1994) (adopting the "unsophisticated" consumer standard "to describe the hypothetical consumer whose reasonable perceptions will be used to determine if collection messages are deceptive or misleading."); *Blarek v. Encore Receivable Mgmt.*, No. 06-C-0420, 2007 U.S. Dist. LEXIS 22549, at *14-15 (E.D. Wis. Mar. 27, 2007) (the "'unsophisticated consumer' standard applies to claims under § 1692g . . . includ[ing] claims under § 1692g(a)(2)")

Although the unsophisticated consumer standard was crafted to benefit consumers, it also imposes an objective reasonableness requirement that "disregard[s] unrealistic, peculiar, bizarre,

and idiosyncratic interpretations of collection letters." *Durkin*, 406 F.3d at 414; *Taylor v. Cavalry Inv., L.L.C.*, 365 F.3d 572, 574-75 (7th Cir. 2004) (a court should reject a debtor's interpretation of a letter if it appears to be a "fantastic conjecture" that a "significant fraction of the population" would not find misleading); *Gammon*, 27 F.3d at 1257 ("even the 'least sophisticated consumer' can be presumed to possess a rudimentary amount of information about the world and a willingness to read a collection notice with some care  . . . the standard effectively protects debt collectors against liability for bizarre or idiosyncratic interpretations of collection notices.") (quoting *Clomon v. Jackson*, 988 F.2d 1314, 1320 (2d Cir. 1993))[3]  Accordingly, "[a] letter will not be considered to be a violation of § 1692g, [ ] unless a significant fraction of the population would be . . . mislead by [it]." *McMillan v. Collection Professionals, Inc.*, 455 F.3d 754, 758 (7th Cir. 2006) (internal citations and formatting omitted).

Moreover, FDCPA claims are properly dismissed where a statement "plainly, on [its] face, [is] not misleading or deceptive" to the unsophisticated consumer. *See Ruth v. Triumph P'Ships*, 577 F.3d 790, 800 (7th Cir. 2009).  In such cases, no discovery, evidence, or fact-finding is needed, and the court "grant[s] dismissal or summary judgment in favor of the defendant based on [its] own determination that the statement complied with the law." *Id.* (citing *Hahn v. Triumph P'ships LLC*, 557 F.3d 755, 757 (7th Cir. 2009). 557 F.3d at 757 (affirming summary judgment for the defendants where the alleged falsehood was immaterial and therefore could not be misleading); *Wahl v. Midland Credit Management, Inc.*, 556 F.3d 643, 646 (7th Cir. 2009) ("[W]e see no way

---

[3]  Indeed, the court in *Gammon* adopted the term "unsophisticated," rather than "least sophisticated," in order to more accurately reflect "the element of reasonableness" applied by the courts. *See Gammon*, 27 F.3d at 1257 (noting that although the "least sophisticated consumer," taken literally, "would likely not be able to read a collection notice with care (or at all), let alone interpret it in a reasonable fashion[;]" courts applying the standard "routinely blend in the element of reasonableness[,]" and therefore, deciding to "use the term, 'unsophisticated,' instead of the phrase, least sophisticated' . . . .").

this language would confuse the reasonable consumer, unsophisticated though she may be."); *Barnes v. Advanced Call Ctr. Techs., LLC*, 493 F.3d 838, 841 (7th Cir. 2007) (affirming a grant of summary judgment for the defendants because the court could "not see how an unsophisticated consumer" could interpret the communication in the misleading manner suggested by the plaintiffs).

### B.   Defendants Are Entitled to Judgment on the Pleadings.

#### 1.   Requirements Under Section 1692g(a)(2)

Defendants are entitled to judgment on the pleadings because the Complaint fails to allege a violation of the FDCPA as a matter of law.  As noted above, Plaintiff relies on § 1692g(a)(2), which requires debt collectors to disclose – in the initial communication sent to a consumer (or within five days thereafter) – "the name of the creditor to whom the debt is owed."  15 U.S.C. § 1692g(a)(2).  Moreover, courts have generally agreed that merely "including the creditor's name in a collection letter, without more, is insufficient to satisfy Section 1692g(a)(2)."  *Polizois v. Vengroff Williams, Inc.*, No. 16-CV-7011 (JFB) (GRB), 2018 U.S. Dist. LEXIS 47544, at *12 (E.D.N.Y. Mar. 22, 2018); *see also Janetos v. Fulton Friedman & Gullace, LLP*, 825 F.3d 317, 319 (7th Cir. 2016) ("the fact that the form letter included the words 'Asset Acceptance, LLC' did not establish compliance with § 1692g(a)(2).").  Rather, the letter must "make th[is] identification clearly enough that the recipient would likely understand it," which is satisfied if, reading the letter as a whole, "the least sophisticated consumer . . . would have been aware that the name of the creditor appeared in the letter."  *See Taylor v. MRS BPO, LLC*, No. 17-CV-1733(ARR) (RER), 2017 WL 2861785, at *3 (E.D.N.Y. July 5, 2017) (citing *Dewees v. Legal Servicing, LLC*, 506 F. Supp. 2d 128, 132 (E.D.N.Y. 2007)); *see also Blarek*, 2007 U.S. Dist. LEXIS 22549, at *15 ("under the 'unsophisticated consumer' standard, there is a violation of § 1692g(a)(2) if an "unsophisticated consumer" would be confused or misled as to the identity of the creditor.").

Here, no evidence, discovery, or fact-finding is needed to determine that the phrase "current creditor" satisfies the plain language of § 1692g(a)(2). The disputed words are plain-English, the definitions of which are widely known, and the phrase clearly conveys – even to the unsophisticated consumer – that LVNV is the creditor of Plaintiff's debt. Indeed, Plaintiff's claim is refuted by the FDCPA – which expressly endorses their use – and is also contrary to binding Seventh Circuit precedent, which likewise call for use of the phrase "current creditor." Accordingly, Plaintiff's claim clearly falls into the category of claims that are insufficient on their face, and as such, the Complaint should be dismissed. *See Lane v. Bayview Loan Servicing, LLC*, No. 15 C 10446, 2016 U.S. Dist. LEXIS 89258, at *7 (N.D. Ill. July 11, 2016) ("a § 1692g claim cannot survive the dismissal-motion stage where it is apparent from a reading of the letter that not even a significant fraction of the population would be misled by it." (internal quotations omitted)).

### 2.    The Letter Clearly Identifies LVNV as the "Current Creditor."

Plaintiff's claim fails as a matter of law because the Letter's use of the phrase "current creditor" clearly identifies LVNV as the "creditor to whom the debt is owed" under § 1692g(a)(2). Indeed, as the court in *Zuniga* noted, "the FDCPA itself uses the phrase "current creditor" as a synonym for the 'creditor to whom the debt is owed' in another part of the very same statutory provision." *See Zuniga*, 2018 U.S. Dist. LEXIS 51063, at *8 (citing 15 U.S.C. § 1692g(a)(5) ("[U]pon the consumer's written request . . . the debt collector will provide the consumer with the name and address of the **original creditor**, if different from the **current creditor.**") [*10] (emphasis added). Moreover, in *Janetos* (which Plaintiff cites in support of his claim), the Seventh Circuit used the phrase "current creditor" sixteen times in referring to the requirements of § 1692g(a)(2), and found it to be synonymous to the phrase "creditor to whom the debt is owed." *See Janetos*, 825 F.3d at 322-23 (concluding that the defendant violated section 1692g(a)(2) because – despite referring to "Asset Acceptance" – its letters "did not actually identify Asset

Acceptance as the **<u>current creditor</u>** at all . . . [and therefore,] did not disclose the name of the **<u>current creditor</u>**" (emphasis added).

Plaintiff's assertion that the Letter fails to explain "the difference [ ] between the "current" and "original" creditor is nonsensical.  Indeed, as the court found in *Zuniga*, "the [L]etter plainly identified the entity to whom the debt was owed by using the words "Current Creditor" right next to [LVNV Funding LLC] . . . [and] also identified the original creditor with (not surprisingly) the phrase "Original Creditor . . . which is enough to make clear to whom the debt is currently owed." *Zuniga*, 2018 U.S. Dist. LEXIS 51063, at \*9-10.  The court in *Zuniga* also rejected the assertion that "the words 'original' and 'current' are confusing, noting that "[t]hey simply are not[,] as they "are plain-English words, not specialized terms that could confuse the ordinary debtor." *Id.*  Thus, the court concluded that "[i]t is unlikely that a significant fraction of even the most unsophisticated consumers, possessing 'reasonable intelligence,' . . . would fail to understand the difference between 'original' and 'current,' or fail to understand that the 'current' creditor is the creditor to whom the debt is currently owed." *Id.*  Therefore, under the plain language of the Letter, the Complaint fails to state a claim for violation of the FDCPA.  *See id.*; *see also Scheuer v. Jefferson Capital Sys., LLC*, 43 F. Supp. 3d 772, 781 (E.D. Mich. 2014) ("the 'least sophisticated debtor' would not have been misled by [defendant's] self-identification as [plaintiff's] 'current creditor' because [its] use of that phrase was consistent with its ordinary meaning."); *Wallace v. Diversified Consultants, Inc.*, No. 13-10427, 2013 U.S. Dist. LEXIS 124174, at \*5-6 (E.D. Mich. Aug. 30, 2013) (granting defendant's motion for judgment on the pleadings because "[n]either grammar nor common sense provides anyone besides an FDCPA lawyer a reason to" find the letter's language confusing).

### 3.     The Cases Cited by Plaintiff are Inapposite.

The cases cited in the Complaint lend no support to Plaintiff's claim.  Plaintiff's counsel cited these same cases *in* Zuniga, which the court found to inapposite because "the letter sent to" the plaintiff, like the Letter before the Court, was "nothing like th[e] [ ] letters" involved in those cases.  *See Zuniga*, 2018 U.S. Dist. LEXIS 51063, at *8-9 (citing *Deschaine v. Nat'l Enter. Sys. Inc.*, 2013 WL 12121197, at *1 (N.D. Ill. Oct. 20, 2011) (letter was confusing because it referenced a separate entity as the debt collector's "client" in addition to other creditor parties); *Walls v. United Collection Bureau Inc.*, 2012 U.S. Dist. LEXIS 68079, 2012 WL 1755751, at *2 (N.D. Ill. May 16, 2012) (letter was confusing because it used the phrase "current owner" instead of current creditor); *Janetos*, 825 F.3d at 321-22 (letter stated the name of the current creditor somewhere in the letter—but without clearly identifying it as the current creditor, or stating that it owned the debt)); *see also Long v. Fenton & McGarvey Law Firm P.S.C.*, 223 F. Supp. 3d 773, 775 (S.D. Ind.  2016) (letter identified the entity that had "retained" the debt collector, along with a second entity that was the consumer's "original creditor," but failed to identify the current creditor); *Braatz v. Leading Edge Recovery Sols., LLC*, 11-C-3835, 2011 WL 9528479, at *1 (N.D. Ill. Oct. 20, 2011) (letter identified one entity as the "creditor" and a second entity as the one who the debt was "with," and thus, "identifie[d] two creditors."); *Pardo v. Allied Interstate, LLC*, 14-CV-01104, 2015 WL 5607646, at *3 (S.D. Ind. Sept. 21, 2015) (letter identified both a "current creditor" and a "client.").  Thus, all of these decisions are inapposite, as they each involved a letter that – unlike the Letter sent by Alltran – failed to clearly disclose the identity of the "current creditor."  And contrary to Plaintiff's assertion, none of these cases suggested that a debt collector is required, under § 1692g(a)(2), to use the phrase "creditor to whom the debt is owed."  Rather, they stand only for the proposition that "[s]ection 1692g(a) requires debt collectors to disclose specific information, including the name of the current creditor, in certain written notices they send to

consumers." *Janatos*, 825 F.3d at 319. That is exactly what the Letter did—it correctly identified LVNV as the "current creditor." *See* Compl., Ex. C.

### 4. The Letter's Second Page Further Identifies LVNV as the Creditor.

Additionally, even if the descriptors "current" and "original" were not sufficient to satisfy § 1692g(a)(2) (which they are), Plaintiff's claim would still fail because the Letter, when read as a whole, provides additional information sufficient to identify LVNV as the entity to whom the debt was owed. As noted above, it is assumed that the unsophisticated consumer "is wise enough to read collection notices" in their entirety and "with added care." *See Gruber v. Creditors' Prot. Serv., Inc.*, 742 F.3d 271, 273–74 (7th Cir. 2014); *see also Hernandez v. Affiliated Group, Inc.*, No. 04 CV 4467, 2006 U.S. Dist. LEXIS 2557, 2006 WL 83474, at *3 (E.D.N.Y. Jan. 12, 2006) (noting that the presumption referred to in *Clomon* "can hardly mean anything if it does not include an expectation that the debtor will persevere to the second page for at least a quick skim"). (internal quotations omitted). Accordingly, it can be assumed that Plaintiff read the second page of the Letter which, notably includes a Privacy Notice on behalf of LVNV. *See* Compl., Ex. C. Although the Letter also lists various other entities that are related to LVNV, this list does not include Springleaf. *See id.* Therefore, even the unsophisticated consumer would understand that that the Letter was being sent on behalf of LVNV, as opposed to Springleaf.

## IV. CONCLUSION

For the foregoing reasons, Defendants respectfully request that the Court grant their motion for judgment on the pleadings and dismiss Plaintiff's Complaint with prejudice.

DATED:  July 27, 2018

BALLARD SPAHR LLP

*/s/ Daniel C. Fanaselle*
Daniel C. Fanaselle, Esquire
1735 Market Street, 51st Floor
Philadelphia, PA 19103
T: 215.665.8500
F: 215.864.8999
fanaselled@ballardspahr.com
*Attorneys for Defendants*