**IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION**

| | | |
|---|---|---|
| Edward Taylor, individually and on behalf of all others similarly situated, | ) ) ) | |
| Plaintiff, | ) ) | |
| v. | ) ) | No.  1:18-cv-306-JMS-MJD |
| Alltran Financial, LP, a Texas limited Partnership, LVNV Funding, LLC, a Delaware limited liability company, | ) ) ) ) | |
| Defendants. | ) | |

**PLAINTIFF'S RESPONSE TO DEFENDANTS' MOTION
TO STAY AND/OR FOR AN EXTENSION OF TIME TO
<u>RESPOND TO PLAINTIFF'S MOTION FOR CLASS CERTIFICATION</u>**

Plaintiff, Edward Taylor, individually and on behalf of all others similarly situated, hereby responds to Defendants' Motion to Stay and/or for an Extension of Time to respond to Plaintiff's Motion for Class Certification (Dkt. 43):

**FACTUAL BACKGROUND**

Plaintiff's Complaint – Class Action was filed on February 1, 2018, set forth that the form debt collection letter, which Defendants, Alltran Financial, LP ("Alltran") and LVNV Funding, LLC ("LVNV"), sent to Plaintiff violated § 1692g of the Fair Debt Collection Practices Acts, 15 U.S.C. § 1692 <u>et</u> <u>seq</u>. ("FDCPA") because it failed to state adequately the name of the creditor to whom the debt was then owed, in violation of § 1692g(a)(2) of the FDCPA. (Dkt. 1).

The parties held their Fed.R.Civ.P. Rule 16/26 conference on March 22, 2018; Defendants could have served discovery on Plaintiff at that time, but they did not.  The initial pretrial conference in this matter was held on March 29, 2018 (Dkt. 23), at which

the time the Case Management Plan was approved -- setting a date of on or before June 21, 2018 for Plaintiff to file his motion for class certification; Defendant's response date was set for August 2, 2018.  (Dkt 24 at III.J.).  Defendants could have served discovery on Plaintiff at that time, but they did not.

Plaintiff filed his motion for class certification on June 1, 2018 (Dkt. 32, 33). Defendants could have served discovery on Plaintiff at that time, but they did not. Instead, Defendants elected to have additional counsel file an appearance, see, Dkt. 7, 19, 34 and 35.  Even though the previously-set briefing schedule resulted in Defendants having a generous two months to respond to Plaintiff's motion class certification, Defendant waited until July 2, 2018 to serve written discovery requests on Plaintiff (Dkt. 43 at ¶ 7) – the answers to which Defendants claim they need to respond to Plaintiff's motion for class certification (Dkt. 43 at ¶ 8).  Plaintiff, in fact, served his written responses to Defendants' discovery requests -  via email and U.S. Mail, on July 31, 2018 – a day early.  Defendants have yet to request a deposition of Plaintiff Taylor.

Defendants now seek, based upon their own lack of diligence in defending this matter, a 60-day extension of time to respond to Plaintiff's motion for class certification. (Dkt 43).  In the alternative, Defendants seek a stay pending Defendants' Fed.R.Civ.P. 12(c) motion for judgment on the pleadings.  (Dkt 43 at ¶¶ 10-11).

## ARGUMENT

Defendants essentially argue that they should be granted an additional two months to conduct discovery as to whether this matter is suitable for class certification because they could not be bothered to conduct discovery in a timely fashion, despite ample opportunity to do so.

Defendants could have served their discovery – including class discovery – at any time after the Fed.R.Civ.P. Rule 16/26 conference in early March.  Defendants knew Plaintiff's claims, and the prerequisites and standards for certifying a class are set forth in Fed.R.Civ.P. Rule 23 – none of this even really depends on Plaintiff's discovery answers (which Defendants now have).  Indeed, as set forth in Defendants' motion for judgment on the pleadings (Dkt. 42) – as well as Defendants motion to stay/for an extension of time (Dkt. 43 at ¶ 10) – Defendants believe that Plaintiff's Complaint raises a purely legal issue – so it is unclear exactly what discovery they needed from Plaintiff to defend this matter.

In any case, Defendants certainly could have served their written discovery requests concerning class certification issues shortly after Plaintiff filed his motion for class certification on June 1, 2018 – rather than waiting a month to do so.  If Defendants had acted in a timely fashion, they would have had Plaintiff's responses at the end of June, rather than the end of July, and a deposition of Plaintiff could have been scheduled in July.  Instead, knowing that their response was due on August 2, 2018, Defendants waited a month after service of the motion for class certification to serve discovery.  Defendants have provided no explanation for their delay, other than the fact that it also took them several months to respond to Plaintiff's written discovery requests. (Dkt. 43 at ¶¶ 3-6).

Additionally, a stay of this matter, pending a ruling on Defendants' motion for judgment on the pleadings (Dkt. 42) is not warranted.  Fed.R.Civ.P. Rule 23 directs that a court ". . . must determine whether to certify the action as a class action" at ". . . an early practicable time after a person sues . . . "; <u>see</u>, Fed.R.Civ.P. 23(c)(1)(A); <u>see</u>, <u>e.g.</u>,

Kasalo v. Harris & Harris, 656 F.3d 557, 563 (7th Cir. 2011); Arreola v. Godinez, 546 F.3d 788, 800 (7th Cir. 2008). This matter has been filed as a class action, and Defendants' motion for judgment on the pleadings does not present any reason to ignore the mandate of Rule 23(c)(1)(A) and stay class certification pending a ruling Defendants' motion for judgment on the pleadings. Defendants' motion should be denied.

CONCLUSION

Defendants failure to conduct discovery in a timely fashion is not a reason to extend time for Defendants to respond to Plaintiff's motion for class certification; nor is Defendants' pending motion for judgment on the pleadings grounds to ignore the requirements of Fed.R.Civ.P. 23(c)(1)(A) and stay this matter. Defendants' motion should be denied.

Edward Taylor, individually and on behalf of all others similarly situated,

By: /s/ David J. Philipps_____
One of Plaintiff's Attorneys

Dated: August 1, 2018

David J. Philipps     (Ill. Bar No. 06196285)
Mary E. Philipps     (Ill. Bar No. 06197113)
Angie K. Robertson (Ill. Bar No. 06302858)
Carissa K. Rasch    (Ill. Bar No. 06327475)
Philipps & Philipps, Ltd.
9760 S. Roberts Road
Suite One
Palos Hills, Illinois 60465
(708) 974-2900
(708) 974-2907 (FAX)
davephilipps@aol.com
mephilipps@aol.com
angie@philippslegal.com
carissa@philippslegal.com

4

John T. Steinkamp  (Ind. Bar No. 19891-49)
5214 S. East Street
Suite D-1
Indianapolis, Indiana 46227
(317) 780-8300
(317) 217-1320 (FAX)
steinkamplaw@yahoo.com

## CERTIFICATE OF SERVICE

I hereby certify that on August 1, 2018, a copy of the foregoing **Plaintiff's Response to Defendants' Motion to Stay and/or for an Extension of Time to Respond to Plaintiff's Motion for Class Certification** was filed electronically. Notice of this filing will be sent to the following parties by operation of the Court's electronic filing system. Parties may access this filing through the Court's system.

Daniel C. Fansaselle                    fanaselled@ballardspahr.com
Ballard Spahr, LLP
1735 Market Street
51st Floor
Philadelphia, Pennsylvania 19103

Kevin D. Koons                          kdk@kgrlaw.com
Kroger, Gardis & Regas, LLP
111 Monument Circle
Suite 900
Indianapolis, Indiana 46204

John T. Steinkamp                       steinkamplaw@yahoo.com
5214 S. East Street
Suite D-1
Indianapolis, Indiana 46227


/s/ David J. Philipps_____
David J. Philipps
Philipps & Philipps, Ltd.
9760 South Roberts Road
Suite One
Palos Hills, Illinois 60465
(708) 974-2900
(708) 974-2907 (FAX)
davephilipps@aol.com

6