UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

|  |  |  |
|---|---|---|
| EDWARD TAYLOR, | : | Case No. 1:18-cv-00306-JMS-MJD |
|  | : |  |
| Plaintiff, | : |  |
|  | : | **DEFENDANTS' RESPONSE IN** |
| vs. | : | **OPPOSITION TO PLAINTIFF'S** |
|  | : | **MOTION FOR CLASS** |
| ALLTRAN FINANCIAL, LP, and LVNV | : | **CERTIFICATION** |
| FUNDING, LLC, | : |  |
|  | : |  |
| Defendants. | : |  |
| ----------------------------------------------------------- | : |  |
|  | : |  |

NOW COMES the Defendants Alltran Financial, LP ("Alltran") and LVNV Funding LLC ("LVNV") (collectively, the "Defendants") through their undersigned counsel, and hereby respond in opposition to plaintiff Edward Taylor's ("Plaintiff") motion for class certification under Federal Rule of Civil Procedure 23 (Plaintiff's "Motion"), and request that Plaintiff's Motion be denied. The grounds for this opposition are set forth in greater detail in the accompanying brief, which is incorporated herein by reference.

DATED: August 2, 2018

BALLARD SPAHR LLP

*/s/ Daniel C Fanaselle*
Daniel C. Fanaselle, Esquire
1735 Market Street, 51st Floor
Philadelphia, PA 19103
T: 215.665.8500
F: 215.864.8999
fanaselled@ballardspahr.com
*Attorneys for Defendants*

UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

|  |  |  |
|---|---|---|
| EDWARD TAYLOR, | : | Case No. 1:18-cv-00306-JMS-MJD |
|  | : |  |
| Plaintiff, | : |  |
|  | : | **DEFENDANTS' BRIEF IN SUPPORT** |
| vs. | : | **OF THEIR RESPONSE IN** |
|  | : | **OPPOSITION TO PLAINTIFF'S** |
| ALLTRAN FINANCIAL, LP, and LVNV | : | **MOTION FOR CLASS** |
| FUNDING, LLC, | : | **CERTIFICATION** |
|  | : |  |
| Defendants. | : |  |
| ----------------------------------------------------------- | : |  |
|  | : |  |

Defendants Alltran Financial, LP ("Alltran") and LVNV Funding, LLC ("LVNV")

(collectively, the "Defendants") respectfully submit this Brief in Opposition to the Motion for

Class Certification (the "Motion") filed by plaintiff Edward Taylor ("Plaintiff").

## I.   INTRODUCTION

This action is premised on Plaintiff's assertion that a collection notice sent by Alltran, on

behalf of LVNV, failed to "clearly" disclose certain information required under the Fair Debt

Collection Practices Act ("FDCPA"), 15 U.S.C. § 1692, *et seq.*  *See* Compl., ECF No. 1.

Specifically, Plaintiff argues that a letter sent by Alltran on or about December 12, 2017 (the

"Letter") failed "to effectively identify the current creditor to whom the debt was owed," as

required by section 1692g(a)(2).  *See id.* at ¶ 10.  Plaintiff seeks to certify a class under Federal

Rule of Civil Procedure 23(b)(3) consisting of all Indiana consumers to whom the Letter was sent.

Plaintiff, however, has not shown that this case satisfies all of the requirements for

certifying a class under Rules 23(a) or 23(b)(3).  First, Plaintiff has not presented evidence showing

he is an adequate class representative.  Indeed, while Plaintiff has offered some evidence that his

counsel may be qualified to conduct the litigation, he has not offered any evidence that *he* is

adequate as a class representative, including evidence that he is knowledgeable about this action or that he has exercised the requisite supervision and control over this action. And despite Defendants' efforts to pursue discovery on issues related to this element, Plaintiff's counsel refused to respond to these requests. .

With respect to Rule 23(b)(3), Plaintiff cannot show predominance, since determining liability and any actual damages will require extensive individualized inquiries involving the entire putative class. Nor has he shown that a class action here is superior to individual actions, since Plaintiff seeks only statutory damages, and as the putative class definition would leave Defendants open to duplicitous litigation, which is counter to Rule 23's purpose of providing an efficient, expedited, and manageable means of resolving common disputes. Accordingly, and for all these reasons discussed below, Plaintiff's Motion should be denied.

## II.    BACKGROUND

This action relates to Plaintiff's default on a debt he originally owed to Springleaf, which was subsequently assigned to LVNV. *See* Compl. at ¶ 9, Ex. C. As a result of Plaintiff's default, the debt was referred to Alltran for collection. *See id.* On or about December 12, 2018, Alltran caused the Letter to be sent to Plaintiff, which constituted the first communication Alltran sent to Plaintiff in connection with its efforts to collect the debt. *See id.* at ¶ 9. In the Letter, Alltran disclosed (among other things) the following information:

> Original Creditor: Springleaf Financial Services Inc.
> Current Creditor: LVNV Funding LLC

*See* Compl. at ¶ 9; Ex. C.

Plaintiff commenced this action on February 1, 2018, by filing the Complaint against Defendants, *see* ECF No. 1, wherein he purported to raise a claim under the Fair Debt Collection Practices Act ("FDCPA"), 15 U.S.C. § 1692, *et seq.*, on behalf of himself and a class of similarly

situated consumers.  *See id.*  On March 23, 2018, Defendants filed their answers to the Complaint, thereby closing the pleadings between the parties.  *See* ECF No. 14-15.

On March 29, 2018, the Court approved a Case Management Plan, which required, among other things, that Plaintiff file any motion for class certification on or before June 21, 2018, and that Defendants file their response on or before August 2, 2018.  *See* ECF No. 24 at p. 6. Defendants subsequently retained Ballard Spahr LLP as their new counsel in this action, and on June 1, 2018, the undersigned filed his appearance herein on Defendants' behalf.  *See* ECF No. 34. On the same day – immediately prior to the entry of the undersigned's appearance – Plaintiff filed Plaintiff filed his motion for class certification.  *See* ECF No. 32-33.

On June 15, 2018, Defendants served responses to Plaintiff's written discovery requests. Subsequently, a dispute arose regarding Defendants' discovery responses.  The parties conferred regarding the dispute, and Defendants served amended/supplemented responses on July 27, 2018. On July 2, 2018, Defendants served written discovery requests on Plaintiff.

On July 27, 2018, Defendants filed a motion for judgment on the pleadings pursuant to Fed. R. Civ. P. 12(c), along with a motion to stay briefing on Plaintiff's Motion pending adjudication of their motion for judgment on the pleadings, or for an extension to respond to Plaintiff Motion.  See ECF No. 41-43.  On July 31, 2018, Plaintiff served responses to Defendants' written discovery requests, and on August 1, 2018, Plaintiff filed a response in opposition to Defendants' motion to stay briefing on/for an extension to respond to Plaintiff's Motion.  See ECF No. 44.

As of the time of this filing, the Court has not made any ruling on Defendants' motion to stay briefing on/for an extension to respond to Plaintiff's Motion.  Accordingly, and in spite of the

legitimate limitations and inequities noted therein, Defendants are submitting this response in opposition to Plaintiff's Motion to avoid further prejudice to their interests.

## III.   **LEGAL ARGUMENT**

### A.   **Legal Standard That Plaintiff Must Meet To Obtain Class Certification.**

The class-action device was designed as "an exception to the usual rule that litigation is conducted by and on behalf of the individual named parties only." *Wal-Mart Stores, Inc. v. Dukes*, 131 S.Ct. 2541, 2550 (2011) (citation omitted).  Thus, the party seeking class certification bears the burden of establishing by a preponderance of the evidence that each of Rule 23's requirements has been met. *Marcus v. BMW of N. Am., LLC*, 687 F.3d 583, 591 (3d Cir. 2012); *Thomas v. Aris Corp. of Am.*, 219 F.R.D. 338, 342 (M.D. Pa. 2003) ("We may not presume that the prerequisites of Rule 23(a) have been met.") (citation omitted).  Indeed, the class certification inquiry "requires a thorough examination of the factual and legal allegations." *Newton v. Merrill Lynch, Pierce, Fenner & Smith, Inc.*, 259 F.3d 154, 166 (3d Cir. 2001).

The plaintiff's burden to establish these elements is a heavy one, such that a party seeking certification must "affirmatively demonstrate" through evidence that "there are *in fact* sufficiently numerous parties, common questions of law or fact, etc." *Wal-Mart*, 131 S.Ct. at 2551; *Comcast Corp. v. Behrend*, 133 S.Ct. 1426, 1432 (2013) ("The party must also satisfy through evidentiary proof at least one of the provisions of Rule 23(b).").  The Court must then perform a "rigorous analysis" of the plaintiff's proof to determine whether each element of Rule 23 is met at the time of certification. *Wal-Mart*, 131 S.Ct. at 2551.  As discussed below, Plaintiff plainly fails to meet the threshold for certification and, hence, the Court should deny the Motion.

**B.**     **The Proposed Class Does Not Meet The Prerequisites Of Typicality Or Commonality.**

The threshold requirement for commonality under Rule 23(a) requires not simply the generation of a single, common question, but rather the "capacity of a classwide proceeding to generate common answers apt to drive the resolution of the litigation." *Dukes*, 131 S. Ct. at 2551. "Dissimilarities within the proposed class are what have the potential to impede the generation of common answers." *Id.* "The concepts of typicality and commonality are closely related and often tend to merge." *Marcus*, 687 F.3d at 597 (citing *Baby Neal v. Casey*, 43 F.3d 48, 56 (3d Cir. 1994).

Here, Plaintiff asserts in conclusory fashion that his "claims are typical of the claims of the class because they are brought pursuant to the FDCPA, relate to the identical form debt collection letter, and involve the same course of conduct by Defendants." *See* Mot. at pp. 6-7. But this does not end the typicality inquiry under Rule 23. To the contrary, "dissimilarities within the proposed class" defeat a finding of commonality or typicality. Among other things, the Court would have to review the 200+ loan files to determine if each class member's loan was primarily for personal, family or household use, and, thus, constituted a debt under Section 1692a(5) of the FDCPA, or was for business or investment purposes. *See, e.g., Parkis v. Arrow Fin. Servs.*, No. 07-C-410, 2008 WL 94798, at *4 (N.D. Ill. Jan. 8, 2008) (denying class certification due to lack of commonality in a FDCPA action involving allegations of collection on time-barred debts as "this court would have to look into the payment history of each putative class member to determine whether the last payment date or charge-off date was more than five years prior to the filing of the debt-collection suit.").

At bottom, the putative class members' claims, and the defenses thereto, necessitate highly individualized inquiries, which render them inappropriate for class treatment.

**C.      Plaintiff Has Not Shown that He is An Adequate Class Representative and His Counsel Cannot Adequately Represent The Class.**

To satisfy Rule 23(a)(4), Plaintiff must show he "will fairly and adequately protect the interests of the class." To adequately represent a class, Plaintiff must demonstrate, among other things, a willingness and ability to vigorously prosecute the claim. *See Auscape Int'l v. Nat'l Geographic Soc'y*, No. 02-6441, 2003 U.S. Dist. LEXIS 27663, at *30 (S.D.N.Y. July 21, 2003). He also must show that he is someone "who will check the otherwise unfettered discretion of counsel in prosecuting the suit and who will provide his personal knowledge of the facts underlying the complaint." *Weisman v. Darneille*, 78 F.R.D. 669, 671 (S.D.N.Y. 1978). It is axiomatic that an uninvolved class representative is an inadequate class representative under Rule 23(a)(4). *Maywalt v. Parker & Parsley Petroleum Co.*, 67 F.3d 1072, 1077 (2d Cir. 1995); *Weber v. Goodman*, 9 F. Supp. 2d 163, 171 (E.D.N.Y. 1998). Adequacy does not exist where the representative is merely a "key to the courthouse" for class counsel. *Weisman*, 78 F.R.D. at 671

Here, Plaintiff cites evidence that he has experienced counsel and adds that his interests do not conflict with those of the putative class. *See* Mot. at pp. 7-8. But Plaintiff provides no evidence that he is able and willing to vigorously prosecute the claim and check his counsel's discretion in this case. Plaintiff has not offered any evidence that he is involved in the drafting or reviewing of pleadings or discovery in this case, or that he regularly communicates with his counsel. And there is no evidence that he monitors this case and is aware of its key events. In short, it is Plaintiff's burden to show that he will be attentive to his duties, and, on this record, he has not made that showing. Thus, Plaintiff has not shown that he is an adequate class representative, and the Motion should be denied. *See, e.g., Weisman*, 78 F.R.D. at 671 (noting that plaintiff who had done "little more in this action than write an initial letter to his counsel, sign a retainer and submit to a deposition" was inadequate as a class representative); *Scott v. N.Y. City Dist. Council*, 224 F.R.D.

353, 357 (S.D.N.Y. 2004) (finding that representatives were inadequate because, among other things, they had "turned over the prosecution and monitoring of their case to counsel").

Additionally, Plaintiff's counsel must also "fairly and adequately represent the interests of the class." Fed. R. Civ. P. 23(g)(1)(B). While Plaintiff's counsel has provided a lengthy record of past class action lawsuits, his involvement in recent case involving the identical claims before the Court raises questions regarding this factor. Specifically, Plaintiff's counsel previously filed a putative class action challenging the adequacy of language identical that at issue in this case, and the court therein granted a defense motion filed under Fed. R. Civ. P. 12(b) and dismissed the putative class claims with prejudice. *See Zuniga v. Asset Recovery Sols.*, No. 17-cv-05119, 2018 U.S. Dist. LEXIS 51063 (N.D. Ill. Mar. 28, 2018). Given that Plaintiff's counsel previously unsuccessfully litigated the same legal issue based on substantially similar facts in *Zuniga*, there is no reason to conclude that counsel will fairly, adequately and zealously advocate the interests of the proposed class in this case.

### D. Individual Issues As To The Class Members Will Predominate Over Any Common Legal Question Precluding The Certification Of Any Class.

Plaintiff also fails to establish predominance. To assess predominance, courts must examine each element of a legal claim "through the prism" of Rule 23(b)(3). *Marcus*, 687 F.3d at 600 (citation omitted). "A plaintiff must demonstrate that the elements of the legal claims are capable of proof at trial through evidence that is common to the class rather than individual to its members." *Id.*; *see also Grandalski*, 767 F.3d at 184 (predominance "focuses on whether essential elements of the class's claims can be proven at trial with common, as opposed to individualized, evidence."). "Where Rule 23(b)(3) certification is sought, the commonality inquiry is subsumed into the predominance analysis." *Freid v. National Action Financial Services, Inc.*, No. 10-2870, 2011 WL 1547257 at *2 (D.N.J. Apr. 20, 2011). Yet, predominance imposes a "far more

demanding standard," and "tests whether proposed classes are sufficiently cohesive to warrant adjudication by representation." *In re Ins. Brokerage Antitrust Litig.*, 579 F.3d 241, 266 (3d Cir. 2009); *Newton v. Merrill Lynch, Pierce, Fenner & Smith, Inc.*, 259 F. 3d 154 (3d. Cir. 2009) (emphasizing that "unlike commonality, predominance is significantly more demanding, requiring more than a common claim."); *Innovative Physical Therapy, Inc. v. Metlife Auto & Home*, No. 07-5446,  2008 WL 4067316 (D.N.J. Aug. 26, 2008) (noting that "[c]lass treatment is inappropriate where individual questions regarding the claims overpower the common ones."). "The inquiry into predominance assesses whether a class action would achieve economies of time, effort, and expense, and promote uniformity of decision as to persons similarly situated." *Sullivan v. DB Inv., Inc.*, 667 F.3d 273, 297 (3d Cir. 2011).

Here, Plaintiff's putative class definition requires the Court to consider -- with respect to ***each individual member of the putative class*** – whether his or her loan was primarily for personal, family or household use, and, thus, constitutes a debt under Section 1692a(5) of the FDCPA. Indeed, numerous courts have held that whether the FDCPA even applies because the loan is primarily for personal, family or household use - as opposed to a business or commercial purpose - constitutes an individualized inquiry that prevents a finding of predominance. *See, e.g., Toldy v. Fifth Third Mortg. Co.*, No. 1:09-CV-377,  2011 WL 4634154 (N.D. Ohio Sep. 30, 2011) (denying motion to certify RESPA class on predominance grounds class as "[w]hile it may be the case, as [plaintiff] observes, that many transactions within the putative class might garner RESPA coverage, this observation does not obviate the need by the Court to determine, on an individual basis, which of those loans are indeed covered."); *Rockey v. Courtesy Motors Inc.*, 199 F.R.D. 578 (W.D. Mich. 2001) (denying motion to certify TILA class as "undermining predominance of common issues is the fact that TILA's scope is limited to transactions primarily for 'personal,

family or household' purposes…….Plaintiffs must prove that each individual purchase was made primarily for 'personal, family or household' rather than business purpose.") (citation omitted).

The FDCPA only applies to certain debts. *See* 15 U.S.C § 1692a(5) (defining debt as "any obligation or alleged obligation of a consumer to pay money arising out of a transaction in which the money, property, insurance, or services which are the subject of the transaction are primarily for personal, family, or household purposes."). Among other things, exempt from the putative class would be borrowers whose loans were for commercial or business purposes including, for instance, loans used to start a business. *See, e.g., Edwards v. Ocwen Loan Servicing LLC*, 24 F. Supp. 3d 21, FN5 (D.D.C. 2014) (noting that "loans for rental and investment properties are not FDCPA debts."); *Preszler v. Levy & Craig, P.A.*, No. 1:10-CV-108, 2011 WL 666163, at *1 (D. Utah. Feb. 14, 2011) (holding that FDCPA did not apply as "the undisputed evidence demonstrates that the plaintiffs' debts were incurred as a result of investments."); *Aniel v. TD Serv. Co.*, No. C 10-053230, 2011 WL 109550, at *4 (N.D.Cal. Jan. 13, 2011) (observing that "[t]his action arises out of a mortgage loan on a rental property, and that loan is not a 'debt' covered by the FDCPA."). Thus, in order to determine the primary purpose of the loan, the Court would have to manually review the 200+ loan files and subjectively determine whether each loan served an investment, commercial or other business purpose. This highly individualized inquiry precludes class certification.

### E.     A Class Action Is Not A Superior Means of Adjudication.

A class action is also not a superior method adjudicating the FDCPA claims at issue. "To find superiority, a court must find ***all other methods*** of resolving the issues in a case to be inferior to a class action." *Schwartz v. Dana Corp./Parish Div.*, 196 F.R.D. 275, 285 (E.D. Pa. 2000) (Emphasis Added). The underlying purpose of this requirement is to "achieve economies of time, effort, and expense, and promote uniformity of decision as to persons similarly situated, without

sacrificing procedural fairness or bringing about other undesirable results." *Amchem Products Inc. v. Windsor*, 521 U.S. 591, 615 (1997). "The burden is on the plaintiff to show the superiority of the class action." *J. M. Woodhull, Inc. v. Addressograph-Multigraph Corp.*, 62 F.R.D. 58, 61 (S.D. Ohio 1974). Here, Plaintiff cannot satisfy the superiority requirement because certification would not serve the policies of Rule 23 because plaintiff seeks only statutory damages and no actual harm or damages, leaving the windfall to counsel. *See Eisen v. Carlisle & Jacquelin*, 391 F.2d 555, 567 (2d Cir. 1968) ("we are [ ] reluctant to permit actions to proceed where they are not likely to benefit anyone but the lawyers who bring them."). Additionally, proceeding on a class basis would pose an undue burden on Defendants through duplicitous litigation grounded in manufactured and wholly fictitious creditor limitations. *See Allison v. Citgo Petroleum*, 151 F.3d 402 (5th Cir. 1998) ("the class action device exists primarily, if not solely, to achieve a measure of judicial economy, which benefits the parties as well as the entire judicial system. It preserves the resources of both the courts and the parties by permitting issues affecting all class members to be litigated in an efficient, expedited, and manageable fashion."); *Guevarra v. Progressive Financial Services, Inc.*, No. C-05-3466, 2006 U.S. Dist. LEXIS 89193 (N.D. Cal. Nov. 30, 2006) (denying plaintiff's motion for class certification where the plaintiff restricted the class to consumers who received a letter from defendant on behalf of a specific creditor on the basis that the "creditor-specific class" was an arbitrary distinction that would "encourage piecemeal litigation" because it failed to include all potential consumers who received the subject letters, thereby exposing the defendant to the risk of "one-way intervention," meaning the inability to bind all of the absent class members."); *Wenig v. Messerli & Kramer P.A.*, No. 11-CV-3547 (PJS/FLN), 2013 U.S. Dist. LEXIS 39013, at *14-15 (D. Minn. Mar. 21, 2013) (rejecting plaintiff's attempt to certify an FDCPA class consisting of consumers with addresses in Hennepin County, Minnesota, which would include only a "fraction"

of the more than "30,000 Minnesotans who may have received [defendant's letter]"); *Fariasantos v. Rosenberg & Assocs., LLC*, 303 F.R.D. 272, 277 (E.D. Va. 2014) (plaintiff's attempt to limit the putative class to consumers within a single county was improper where the action was based on a letter sent to consumers throughout the Commonwealth of Virginia).  Indeed, it appears that Plaintiff's real objective to limiting the class to consumers receiving letters that identify Springleaf as the creditor is to circumvent the $500,000 statutory damages cap for class actions under the FDCPA (15 U.S.C. § 1692k(a)(2)(b)), thus allowing Plaintiff's counsel to recycle the same class action lawsuit in cases involving other originating creditors and recover an additional $500,000 each time.  In short, allowing Plaintiff to artificially limit the class to debts originated by Springleaf would undermine the entire purpose of class action lawsuits—to efficiently resolve as many claims as possible in one action.

Moreover, because the FDCPA provides for attorneys' fees, *see* 15 U.S.C. § 1692k(a)(3), the concern that it will be economically unfeasible for Plaintiffs to pursue individual actions is overcome.  The availability of attorneys' fees, as well as statutory and actual damages, strongly demonstrates that a class action is not superior.  *See, e.g., Jones v. CBE Group, Inc.*, 215 F.R.D. 558, 570 (D. Minn. 2003) (noting that the availability of attorneys' fees in FDCPA cases means no lack of incentive for plaintiffs to pursue individual actions); *Sanneman v. Chrysler Corp.*, 191 F.R.D. 441, 456 (E.D. Pa. 2000) ("The ability to recover attorneys' fees or punitive damages belies the projected problems of a negative value suit, and offsets the potential costs associated with individual litigations for relatively small financial amounts."); *Castano v. Am. Tobacco Co.*, 84 F.3d 734, 748 (5th Cir. 1996) (stating that the availability of attorneys' fees is a common basis for finding non-superiority).  Thus, contrary to Plaintiff's bald contention, the putative class members here have a significant monetary incentive to pursue their claims on an individual basis.

Accordingly, the class proposed by Plaintiff is not a superior method of adjudication and the Motion should be denied.

## IV.    CONCLUSION

For all of the foregoing reasons, the Court should enter an Order denying Plaintiff's Motion for Class Certification.

DATED:  August 2, 2018                    BALLARD SPAHR LLP

*/s/ Daniel C. Fanaselle*
Daniel C. Fanaselle, Esquire
1735 Market Street, 51st Floor
Philadelphia, PA 19103
T: 215.665.8500
F: 215.864.8999
fanaselled@ballardspahr.com
*Attorneys for Defendants*

## CERTIFICATE OF SERVICE

I hereby certify that on this 2nd day of August, 2018 a true and correct copy of the foregoing **OPPOSITION TO PLAINTIFF'S MOTION FOR CLASS CERTIFICATION** was electronically filed with the Clerk of this Court using the CM/ECF system, which will electronically mail notice to all attorneys of record:

Ryan L. Gentile, Esq.
110 Jericho Park – Suite 100
Floral Park, NY 10001
rlg@lawgmf.com

Shimshon Wexler, Esq.
315 West Ponce de Leon Avenue, Suite 250
Decatur, GA 30030
swexler@gmail.com

/s/ *Daniel C. Fanaselle*
Daniel C. Fanaselle

DMEAST #27773620 v7