**IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION**

| | | |
|---|---|---|
| Edward Taylor, individually and on behalf of all others similarly situated, | ) ) ) | |
| Plaintiff, | ) ) | |
| v. | ) ) | No.   1:18-cv-306-JMS-MJD |
| Alltran Financial, LP, a Texas limited partnership, and LVNV Funding, LLC, a Delaware limited liability company, | ) ) ) ) | |
| Defendants. | ) ) | |

**PLAINTIFF'S REPLY IN SUPPORT OF
MOTION FOR CLASS CERTIFICATION**

Plaintiff, Edward Taylor ("Taylor"), individually and on behalf of all others similarly situated, hereby replies in support of his Motion for Class Certification (Dkt. 32, 33):

**INTRODUCTION**

Defendants' primary argument against class certification is its wholly-unsupported claim that Mr. Taylor cannot meet the requirements of Rule 23(a)(3) because he cannot demonstrate that class members' debts were primarily for personal, family or household purposes, as is required by §1692a(5) of the Fair Debt Collection Practices Acts, 15 U.S.C. § 1692 et seq. ("FDCPA") (Dkt. 45 at pp. 5, 9).  This shopworn argument does not pass the "straight face" test – the original creditor, Springleaf Financial Services ("Springleaf"), only makes personal loans, and does not offer business loans.

1

More importantly, there is nothing new or novel about Defendants' argument -- the possibility that some of the debts incurred by putative class members might be commercial in nature has been rejected repeatedly by the district courts within the Seventh Circuit -- something Defendants fail to acknowledge.  Indeed, as explained in Plaintiff Taylor's initial brief, cases involving the legality of form debt collection letters have repeatedly been certified as class actions throughout the Seventh Circuit: claims arising out of standard documents, such as form debt collection letters in an FDCPA case, present a "classic case for treatment as a class action."  Keele v. Wexler, 1996 U.S.Dist.LEXIS 3253 at [*9]-[*10] (N.D.Ill. 1996), affirmed, 149 F.3d 589 (7th Cir. 1998); see also, Dkt. 33 at p. 5, fn. 1.  Defendants have presented no reason as to why their form letter is any different.

Defendants' assertion, moreover, that Plaintiff and his counsel are somehow inadequate, is simply not based on any fact or relevant authority, see, Dkt. 45, at pp. 6-7.  Finally, Defendants' claim that the class definition here is somehow intended solely for the benefit of class counsel (Dkt. 45, at pp. 10-11) is also without basis.  Class certification should be granted.

## **ARGUMENT**

Class certification is appropriate when all of the elements of Rule 23(a) and one of the elements of Rule 23(b) have been satisfied, see, Amchem Products v. Windsor, 521 U.S. 591, 613-614, 117 S.Ct. 2231, 138 L.Ed.2d 689 (1997); Keele v. Wexler, 149 F.3d 589 at 594 (7th Cir. 1998).  Defendants challenge Mr. Taylor's ability to establish commonality among the class members based in their unsupported conjecture that

others in the class may have obtained the Springleaf loans for non-consumer purposes (Dkt. 45 at pp. 5, 7-9); Defendants, however, have already been able to identify 218 individuals within the State of Indiana who met the class definition, i.e., they were sent an identical letter one year from the date of the Complaint in an attempt to collect a **consumer debt**, see, Dkt. 33-2 at ¶13 (emphasis added); see also, excerpts from Defendants' interrogatory responses, attached hereto as Exhibit A, at Interrog.Resp. No. 1.  Defendants also claim that Mr. Taylor's class cannot meet the Rule 23(b) requirements for predominance for the same reason (Dkt. 45, at pp. 7-9).

Defendants claim that Plaintiff has crafted a class definition in order to "circumvent the $500,000 statutory damages cap for class actions under the FDCPA" (Dkt. 45, at p. 11) and that class certification is not superior pursuant to Rule 23(b) as "strongly demonstrated by" the FDCPA's fee shifting nature (Dkt. 45, at p. 11), but these arguments have long been repeatedly rejected in this Circuit.

## I.       Mr. Taylor's Claims Are Suitable For Class Treatment

Defendants' brief oddly ignores the numerous district court decisions in the Seventh Circuit, which have repeatedly -- and correctly -- held that it is appropriate to certify FDCPA collection letter claims for class treatment; see e.g., Neeley v. Portfolio Recovery Associates, 268 F. Supp. 3d 978 (S.D. Ind. 2017)(Young, J.), Smith v. GC Services, 2017 U.S. Dist. LEXIS 110046 (S.D. Ind. 2017 )(Young, J.); Fosnight v. LVNV Funding, 310 F.R.D. 389 (S.D.Ind. 2015)(McKinney, J.); Fosnight v. Convergent Outsourcing, 2016 U.S.Dist.LEXIS 9337 (McKinney, J.); Hubbard v. M.R.S. Associates, 2008 U.S.Dist.LEXIS 102983 (S.D. Ind. 2008)(Hamilton, J.); Jackson v. National Action

Financial Services., 227 F.R.D. 284 (N.D. Ill. 2005)(Castillo, J.), see also, Dkt. 33 at p.

5, fn. 1.  Moreover, Congress specifically contemplated that the class action device

would be used to foster enforcement of the FDCPA, see, § 1692k(a)(2)(B) of the

FDCPA.

Defendants argue, with no basis aside from their own *ipse dixit*, that the

FDCPA's fee-shifting nature makes individual actions superior to class certification (Dkt.

45, p. 11).  As late Judge McKinney sagely noted in Fosnight v. LVNV:

> Defendants take issue with the fact that each member of the class could
> find her own counsel and recover much more on her own, as well as
> attorney's fees. The Court is not persuaded that the monetary recovery is
> the touchstone of the adequacy of a class action. As Plaintiff points out,
> there is a relatively few number of putative class members who will realize
> they have a claim or be willing to pursue a claim with all the attendant
> requirements of being available for depositions, conferences, or even a
> trial. Further, Plaintiff has provided evidence that each putative plaintiff
> could recover as much as $91.00 per person, which is more than *de
> minimis*. Even if the recovery is *de minimis*, there is value in allowing class
> treatment here to address potentially unlawful behavior that would not
> otherwise be addressed because the barriers to bringing suit are too high.

See, Fosnight v. LVNV, 310 F.R.D. at 394, see also, Spiegel v. Ashwood Fin.,

2017 U.S. Dist. LEXIS 14473 at [*9](S.D. Ind. 2017)(McKinney, J.).

Indeed, the Seventh Circuit long ago rejected this argument against class

certification, in Mace v. Van Ru Credit Corp, 109 F.3d 338 (7th Cir. 1997):

> True, the FDCPA allows for individual recoveries of up to $ 1000. But this
> assumes that the plaintiff will be aware of her rights, willing to subject
> herself to all the burdens of suing and able to find an attorney willing to
> take her case. These are considerations that cannot be dismissed lightly
> in assessing whether a class action or a series of individual lawsuits would
> be more appropriate for pursuing the FDCPA's objectives.

Mace, 109 F.3d at 344.

Moreover, Mr. Taylor is an adequate class representative. He has participated in this case by seeking out well-qualified and highly experienced counsel and by responding to Defendants' written discovery requests – efforts not every member of the putative class would take, or realize they had the right to take.[1]

Defendants' claim that Plaintiff's class definition would not serve the purposes or Rule 23 because it would "leave a windfall to counsel" is entirely without basis.  In fact, based on Defendants' discovery responses as to Defendant's net worth and class size, each putative class member could potentially recover at least as much as they could in an individual lawsuit -- far exceeding a *de minimis* recovery.

Additionally, Defendants' assertion that Plaintiff's counsel is not adequate for Rule 23 purposes -- because they litigated a similar FDCPA case that was dismissed -- is not consistent with the breadth of cases cited by Plaintiff where his counsel have won regarding similar §162g violations in form collection letters[2].  Finally, Defendants'

---

1.  Defendants suggest that Mr. Taylor is inadequate because he has presented "no evidence that he is able and willing to vigorously prosecute claims and check his counsel's discretion in this case" (Dkt. 45, at p. 7) – but Defendants have not even bothered to depose Mr. Taylor, nor to ask him any questions regarding his adequacy through their written discovery requests. In fact, in determining whether a class representative is "adequate", the Seventh Circuit has long instructed that the class representative need not have any great understanding of the litigation, see, e.g., Eggelston v. Chicago Journeyman Plumbers' Local Union, 657 F.2d 890, 896 (7th Cir. 1981) cert. denied 455 U.S. 1017 (1982)(". . .  the class representative's role is limited."); see also, Sledge v. Sands, 182.F.R.D. 255, 259 (N.D. Ill. 1998)(""The class representative must 'understand the basic facts underlying his claims.'  *In re Discovery Zone Sec. Lit.*, 169 F.R.D. 104, 109 (N.D.Ill. 1996). **'General knowledge and participation in discovery are sufficient to meet this standard.'**  *Id.")*(emphasis added).

2.  Plaintiff's counsel has brought at least four FDCPA cases on behalf of consumers, in which the consumer prevailed on a dispositive motion that involved collection letters which failed to clearly state the name of the creditor to whom the debt was owed, see,

argument against the superiority of class certification fails to address the judicial

economy to this Court from adjudicating the legality of this letter in one single, uniform

case, rather than multiple individual cases.

Defendants claim that Plaintiff's class definition is crafted to "circumvent the

$500,000 statutory damages cap for class actions under the FDCPA…allowing

Plaintiff's counsel to recycle the same class action in cases involving other creditors to

recover an additional $500,000 each time" (Dkt. 45 at p. 11).  Defendants point to no

evidence that Plaintiff has done so.[3]  In fact, as the Seventh Circuit held in Mace,

without evidence that there are serial class actions as to this form letter Plaintiff is under

no obligation whatsoever to certify the largest class possible regarding Defendants'

form letter:

---

Long v. Fenton & McGarvey Law Firm P.S.C., 223 F. Supp. 3d 773 (S.D. Ind. 2016); Pardo v. Allied Interstate, No. 1:14-cv-01104-SEB-DML, 2015 U.S. Dist. LEXIS 125526 (S.D. Ind. 2015); Walls v. United Collection Bureau, No. 11 C 6026, 2012 U.S. Dist. LEXIS 68079 (N.D. Ill. 2012); Braatz v. Leading Edge Recovery Solutions,  No. 11 C 3835, 2011 U.S. Dist. LEXIS 123118 (N.D. Ill. 2011).  Zuniga v. Asset Recovery Solutions, 2018 U.S. Dist. LEXIS 51063 (N.D. Ill. 2018), the case to which Defendants refer (Dkt. 45, at p. 7), is a decision with which Plaintiff's counsel respectfully disagrees, and is, in any case, distinguishable: the letter at issue in Zuniga, contained the names of an "original" and "current" creditor, but it did not include the confusing statement that the collector had been "contracted to lead and represent in the collection of the judgment awarded on your . . ." account with the original creditor, as does the letter here.  In fact, Zuniga was appealed (7th Cir. No. 18-1949) and consequently settled, pursuant to Fed.R.App.P. Rule 33.  Finally. the fact that Plaintiff's counsel is willing to take on difficult cases on behalf of consumers actually supports their adequacy to represent the class here.

3.  In fact, Plaintiff has defined the class in this way not to create any sort of "windfall", but to ensure that the facts and circumstances of the class members will be the same as Mr. Taylor's, i.e., that the class members' debts were personal loans for which Defendants issued the same form letter, which is frequently drafted by debt collectors based on the requirements of the underlying original creditor.

> In any event, the case before us does not now present multiple or serial class actions to recover for the same misconduct. Hence, it would be premature to require a nation-wide class at this juncture. If and when multiple serial class actions are presented, it will be time enough to rule on such a pattern. At this point, there is no persuasive reason to require a nation-wide class.

Mace, 109 F.3d at 344.  Defendants' unsupported accusation as to this point is insufficient to deny class certification.  Indeed, a class action is clearly a superior method to litigating this matter.

**II.      Defendants' Primary Argument -- The Possibility That Some Class Members' Debts Were For Commercial Purposes -- Is Factually Without Basis And Has Been Repeatedly Rejected By Courts In This Circuit**

Defendants claim that Mr. Taylor cannot meet the commonality requirement of Rule 23(a) (Dkt. 45 at p. 5) and predominance requirement of Rule 23(b) (Dkt. 45 at p. 8-9) because "this Court would have to review the 200+ loan files to determine if each class members' loan was for primarily for personal, family, or household use" as required by §1692a(5) of the FDCPA. (Dkt. 45, at p. 5).  In fact, Plaintiff's Complaint (Dkt. 1 at ¶19), discovery requests (Exhibit A), and motion for class certification (Dkt. 33) all consistently define the class as including only accounts that are consumer in nature.  Moreover, Defendants' conjecture -- that some class members may have had commercial loans -- does not make sense; Springleaf only offers consumer/personal loans and does not offer business lending products.  Finally, and most importantly, Defendants completely ignore the numerous district courts decisions within the Seventh Circuit have long rejected this argument against class certification.

Plaintiff has consistently sought to represent a class of all persons in the State of Indiana from whom Defendants attempted to collect defaulted **consumer debts**

allegedly owed to Springleaf, via the same form collection letter that Defendants sent to Plaintiff (Dkt. 33-1), from one year before the date of the Complaint to the present, see, Dkt. 33, at p. 5, emphasis added; see also, Dkt. 1 at ¶ 19.

Moreover, Plaintiff propounded the following interrogatory to Defendants:

1. Identify, by name, last known address and telephone number, all persons in the State of Indiana to whom you sent a letter identical to the form of the letter that is attached to the Complaint as Exhibit C, to collect a delinquent **consumer debt** allegedly owed originally to Springleaf Financial Services, and also state the account history of each such person, the date each letter was sent, the name of the original creditor and the total number of such letters you sent.

See, Exhibit A, emphasis added.  After some laborious objections, none of which relate to difficulties determining whether debts were "consumer" or "commercial" in nature, Defendants responded that 218 individuals met the class definition, see, Id.

Indeed, even if the class definition had not already been limited to consumer debts, Defendants' argument still fails due to the simple fact that Springleaf is only in the business of personal lending and does not offer business loan products.[4] In fact, according to its website, Springleaf, which is now known as One Main Financial, specifically disavows the use of its loan proceeds for "any business or commercial purposes", amongst other restrictions.

OneMain loan proceeds cannot be used for … any business or commercial purpose[.]

---

4.  Springleaf Financial Services has changed its name several times throughout the years.  For example, Plaintiff's original auto loan originated with American General Auto Finance, which later became known as Springleaf.  At some point in 2016, after acquiring One Main Financial, Inc., Springleaf adopted the name One Main Financial. Neither American General Auto Finance, Springleaf, nor One Main Financial have ever offered business loan products, see, https://www.onemainfinancial.com/personal-loans, last viewed August 15, 2018.

<u>See</u>, attached Exhibit <u>B</u>, at fn 2.  Indeed, Defendants' document production demonstrates that the consumer contract signed by Mr. Taylor here explicitly stated that it is a "consumer credit" transaction, <u>see</u>, attached Exhibit <u>C</u>, a redacted copy of the personal loan agreement Plaintiff signed with American General Auto Finance.

Defendants' reliance on several out-of-circuit cases (Dkt. 45 at pp. 8-9) -- none of which involve a class, a form debt collection letter, or are in any other way applicable to Plaintiff's facts – is simply misplaced.  For example, <u>Toldy v. Fifth Third Mortgage</u>, 2011 U.S. Dist. LEXIS 113274 at [*11] (N.D. Ohio 2011), involved class allegations pursuant to RESPA, where the record demonstrated that not all loans of the putative class members were subject to RESPA; here, neither the record, nor any evidence submitted by Defendants demonstrates any such thing. In <u>Edwards v. Ocwen Loan Servicing</u>, 24 F. Supp. 3d 21, at [*26]-[*27] (D.D.C. 2014), the court denied a motion to dismiss claims where the debt at issue involved a mortgage on a rental property, which fact was "clear from an exhibit attached to plaintiff's complaint".  <u>Preszler v. Levy & Craig</u>, 2011 U.S. Dist. LEXIS 15386 at [*4] (D. Utah 2011) found that "undisputed evidence demonstrate[d] that the plaintiffs' debts were incurred as a result of investments", but here, Defendants have provided no such evidence whatsoever.  Similarly, <u>Aniel v. TD Serv. Co.</u>, 2011 U.S. Dist. LEXIS 3978 at [*10] (N.D. Cal. 2011) (Dkt. 45, p. 9) involved an investment property, which is clearly not the case here.

Simply put, Defendants have presented no evidence that Mr. Taylor's class definition presents any real danger of including any debts that were commercial in nature.  Even if Defendants were able to provide, hypothetically, any evidence that

some of the putative class members' debts were commercial – and they have not done so -- district courts within the Seventh Circuit have long rejected this as a reason for denying class certification and Defendants identify no binding case law that would warrant a different outcome.[5]  As a Northern District of Illinois court observed in rejecting this argument, in an FDCPA case involving a form collection letter:

> The need to show that the transactions involved in a particular case are consumer transactions is inherent in every FDCPA class action. If that need alone precluded certification, there would be no class actions under the FDCPA.

Wilborn v. Dun & Bradstreet Corp., 180 F.R.D. 347, 357 (N.D. Ill. 1998).

Perhaps Defendants intend that it be impossible to bring an FDCPA class action but, as the district court held in Sledge, denying class certification on this basis would contradict the express purpose of the FDCPA:

> "[I]t would be impossible to bring a FDCPA class action if there was a chance a possible class member incurred a business debt. Only those classes whose claims revolve around debts which on their face could definitively be associated with personal purposes could be certified under the FDCPA. Such a finding would be contrary to the clear remedial goals of the FDCPA."

---

5.  Defendants reliance on Parkis v. Arrow Fin. Servs., 2008 U.S. Dist. LEXIS 1212 (N.D. Ill.  2008)(Dkt. 45, at p. 5) is irrelevant. Parkis denied class certification in a case involving lawsuits filed for allegedly time-barred debts.  The court in Parkis reasoned that it would have had to "look into the payment history of each putative class member to determine whether the last payment date or charge-off date was more than five years prior to the filing of the debt-collection suit". Parkis. 2008 U.S. Dist. LEXIS 1212 at [*14].  Here, Defendants sent identical letters to 218 Indiana consumers regarding a consumer debt -- no individual inquiry into the way the creditor to whom the debt is owed is identified would be necessary, and Defendants' claim that some debts may have been commercial in nature amounts to nothing more than speculation.

Sledge, 182 F.R.D. at 258.[6]

Moreover, Defendants' form letter meets the Rule 23(b) predominance requirements.  As Judge Young succinctly held in Neeley, which involved a form debt collection letter:

> [P]redominance is a simple inquiry. [Plaintiff's]  FDCPA claims are based on a form debt collection letter. This same letter was sent to all members of the putative class. Whether the letter violated the FDCPA is a common question of law. Accordingly, the predominance element is satisfied.

See, Neeley, 268 F. Supp. 3d at 982.

Defendants' claim that putative class members may have obtained loans from Springleaf for commercial or non-consumer purposes is plainly defeated by:

a.) Defendants' discovery response and, b.) the fact that Springleaf simply does

---

6.  See also, Blair v. Equifax Check Servs., 1999 U.S.Dist.LEXIS 2536 at [*18]-[*20] (N.D. Ill. 1999)(rejecting the potential business purpose argument against class certification); Lang v. Winston & Winston, 2001 U.S.Dist.LEXIS 7480 at [*6] (N.D. Ill. 2001)(certifying an FDCPA class involving a form letter, despite claim that some class members may not have had consumer debts); Wilkerson v. Bowman, 200 F.R.D. 605, 609-10 (N.D. Ill. 2001)(granting both class certification and summary judgment in favor a consumer in an FDCPA matter involving a form debt collection letter and rejecting the argument that some of the loans may have been for business purposes); Miller v. McCalla, Raymer, Padrick, Cobb, Nichols & Clark, 198 F.R.D. 503, 506 (N.D. Ill. 2001); Beasley v. Blatt, 1994 U.S. Dist. LEXIS 9383 at [*10], [*13]-[*14] (N.D. Ill. 1994) (certifying a class in an FDCPA matter involving a form letter and rejecting arguments that the vehicle at issue was used for business purposes, where the collector presented no evidence to that effect); see also, Haynes v. Logan Furniture Mart, Inc., 503 F.2d 1161, 1165 at n.4 (7th Cir. 1974)(certifying a class of consumers pursuant to TILA despite the defendant's allegations that some of the debts may be commercial in nature, noting that commercial transactions are frequently "readily identified by the listing of the name of the business as the purchaser"; Peoples v. Sebring Capital Corp., 2002 U.S.Dist.LEXIS 4104 at [*24]-[*25](N.D. Ill. 2002)(Certifying a TILA class with the addition of the phrase "The credit transaction involved an extension of credit not primarily for business or commercial purposes" to the class definition, holding that denial of class certification on the basis of a possibility of class members including commercial debts would defeat the legislative intent of TILA).

11

not offer business products and specifically disclaims that its loans are not to be used for business purposes, see, Exhibit B and C. Moreover, Defendants have presented no evidence that any of the 218 accounts at issue here were commercial debts – only unsupported speculation. This action is suitable for class certification, and this Court should certify the requested class.

## CONCLUSION

This action satisfies the requirements of Fed.R.Civ.P Rule 23(a) and (b)(3). The class consists of 218 individuals who were sent identical form letters which all violate the FDCPA by failing to clearly state the name of the creditor to whom the debt was owed. Moreover, class certification is superior to individual lawsuits where most class members would not be aware whether they even have a viable cause of action. This Court should certify the proposed class and appoint Plaintiff as representative of the class and his attorneys as class counsel.

Respectfully submitted,

Edward Taylor, individually and on behalf of all others similarly situated,

By: /s/ David J. Philipps_____
One of Plaintiff's Attorneys

Dated:  August 22, 2018

David J. Philipps     (Ill. Bar No. 06196285)
Mary E. Philipps      (Ill. Bar No. 06197113)
Angie K. Robertson (Ill. Bar No. 06302858)
Carissa K. Rasch     (Ill. Bar No. 06327475)
Philipps & Philipps, Ltd.
9760 S. Roberts Road
Suite One
Palos Hills, Illinois 60465
(708) 974-2900
(708) 974-2907 (FAX)
davephilipps@aol.com
mephilipps@aol.com
angie@philippslegal.com
carissa@philippslegal.com

John T. Steinkamp  (Ind. Bar No. 19891-49)
5214 S. East Street
Suite D1
Indianapolis, Indiana 46227
(317) 780-8300
(317) 217-1320 (FAX)
steinkamplaw@yahoo.com

13

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify that on August 22, 2018 a copy of the foregoing **PLAINTIFF'S REPLY IN SUPPORT OF MOTION FOR CLASS CERTIFICATION** was filed electronically.  Notice of this filing was sent to the following parties by operation of the Court's electronic filing system.  The parties may access this filing through the Court's system.


Daniel C. Fanaselle     fanaselled@ballardspahr.com
Ballard Spahr, LLP
1735 Market Street
51st Floor
Philadelphia, Pennsylvania 19103


Kevin D. Koons      kdk@kgrlaw.com
Kroger, Gardis & Regas, LLP
111 Monument Circle
Suite 900
Indianapolis, Indiana 46204


John T. Steinkamp     steinkamplaw@yahoo.com
5214 S. East Street
Suite D1
Indianapolis, Indiana 46227


/s/ David J. Philipps\_\_\_\_
David J. Philipps
Philipps & Philipps, Ltd.
9760 South Robert Road
Suite One
Palos Hills, Illinois 60465
davephilipps@aol.com