**IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION**

| | | |
|---|---|---|
| Edward Taylor, individually and on behalf of all others similarly situated, | ) ) ) | |
| Plaintiff, | ) ) | |
| v. | ) ) | No.   1:18-cv-306-JMS-MJD |
| Alltran Financial, LP, a Texas limited partnership, and LVNV Funding, LLC, a Delaware limited liability company, | ) ) ) ) | |
| Defendants. | ) ) | |

**PLAINTIFF'S RESPONSE TO DEFENDANTS'
<u>MOTION FOR JUDGMENT ON THE PLEADINGS</u>**

Plaintiff, Edward Taylor, individually and on behalf of all others similarly situated, hereby responds to Defendants' Motion for Judgment on the Pleadings (Dkt. 42):

**INTRODUCTION**

The Fair Debt Collection Practices Act, 15. U.S.C. § 1692 <u>et</u> <u>seq</u>. ("FDCPA") requires that a debt collector disclose "the name of the creditor to whom the debt is owed", <u>see</u>, 15 U.S.C. § 1692g(a)(2).  The Seventh Circuit has long held that such disclosures must be stated clearly enough that recipients will be likely to understand them, <u>see</u>, <u>e.g.</u> <u>Avila v. Rubin</u>, 84 F.3d 222, 226 (7th Cir. 1996); <u>Bartlett v. Heibl</u>, 128 F.3d 497, 500 (7th Cir.1997).   Defendants assert that their letter was clear as to the name of the current creditor (Dkt. 42 at pp.1-2, 6-7).  In <u>Janetos v. Fulton Friedman & Gullace</u>, 825 F.3d 317, 321 (7th Cir. 2016), the Seventh Circuit held that collectors must do more than send a letter that contains the name of the creditor; the name of the creditor to whom a debt is owed must be conveyed in a way that an unsophisticated

1

consumer is likely to understand it.  Defendants' letter failed to do so, and their motion for judgment on the pleadings should be denied.

## FACTUAL BACKGROUND

Mr. Taylor experienced financial difficulties and became unable to pay a debt he allegedly owed to Springleaf Financial for an auto loan.  (Dkt. 1 at ¶ 9).  Apparently, at some point after default, LVNV Funding ("LVNV"), a debt buyer, acquired Mr. Taylor's defaulted Springleaf debt and had Defendant Alltran Financial ("Alltran") send him a letter to attempt to collect that debt. (Dkt. 1 at ¶ 9; Dkt. 1-3).  The letter stated that the "Original Creditor" was "Springleaf Financial" and that the "Current Creditor" was "LVNV FUNDING, LLC", but failed to explain the difference between the "current" and "original" creditor, and to which "creditor" Mr. Taylor owed his debt.  To confuse matters further, the letter went on to state that Alltran "has been contracted to lead and represent in the collection of the judgment awarded on your Springleaf Financial Services, Inc. account", see, Dkt. 1 at ¶ 9, Dkt. 1-3.  The letter did not state who -- whether LVNV, Springleaf, or some other entity --  had "contracted" Alltran to do collect this debt, nor did the letter explain the relationships between LVNV, Springleaf, and Alltran.  (Dtk. 1, at ¶¶ 9-10, Dkt. 1-3).

Moreover, the second page of Defendants' letter contains a "PRIVACY NOTICE" and introduces new entities, including "Resurgent Companies", and a list of eleven companies, which it explains may collect personal information:

**PRIVACY NOTICE**

This Privacy Notice is being provided on behalf of each of the following related companies (collectively, the "Resurgent Companies"). It describes the general policy of the Resurgent Companies regarding the personal information of customers and former customers.

| | | |
|---|---|---|
| Resurgent Capital Services L.P | LVNV Funding, LLC | Ashley Funding Services LLC |
| Sherman Acquisition L.L.C. | PYOD LLC | SFG REO, LLC |
| Resurgent Capital Services PR LLC | Anson Street LLC | Pinnacle Credit Services, LLC |
| CACV of Colorado, LLC | CACH, LLC | |

**Information We May Collect**. The Resurgent Companies may collect the following personal information: (1) information that we receive from your account file at the time we purchase or begin to service your account, such as your name, address, social security number, and assets; (2) information that you may give us through discussion with you, or that we may obtain through your transactions with us, such as your income and payment history; (3) information that we receive from consumer reporting agencies, such as your creditworthiness and credit history, and (4) information that we obtain from other third party information providers, such as public records and databases that contain publicly available data about you, such as bankruptcy and mortgage filings. All of the personal information that we collect is referred to in this notice as "collected information".

See, Dkt. 1-3, at p. 2.

On February 1, 2018, Plaintiff filed his Complaint -- Class Action, setting forth that Defendants violated §1692g of the FDCPA, because they failed to clearly identify the name of the creditor to whom the debt was owed. (Dkt. 1 at ¶¶ 9-15,16-18).

Defendants have moved for Judgment on the Pleadings, arguing that their letter's use of the term "current creditor", when coupled with information on the back of the letter, was sufficient to meet the requirements of §1692g(a)(2) of the FDCPA. (Dkt. 42 at pp. 7-10).  Defendants' argument runs directly counter to the Seventh Circuit's holding in Janetos, as well as decisions by multiple district courts in this Circuit.  Defendants' motion should be denied.

**ARGUMENT**

A Rule 12(c) motion for judgment on the pleadings is analyzed the same as a Rule 12(b)(6) motion to dismiss.  Lodholtz v. York Risk Servs. Grp., 778 F.3d 635, 639

3

(7th Cir. 2015).  Accordingly, to survive a motion for judgment on the pleadings, "a complaint must contain sufficient factual matter . . . to state a claim to relief that is plausible on its face."  Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 570, 127 S.Ct. 1955, 167 L.Ed.2d 929 (2007).  Judgment on the pleadings is appropriate only where no issue of material fact remains unresolved and the moving party is entitled to judgment as a matter of law.  The Court must accept the facts alleged in the complaint as true and view them in the light most favorable to the nonmoving party.  Tierney v. Advocate Health & Hosps. Corp., 797 F.3d 449, 451 (7th Cir. 2015).

The FDCPA provides consumers with important rights to protect them from "unfair, harassing and deceptive debt collection practices."  S. Rep. No. 382 95th Cong. 1st Sess., 1-2 (1977), reprinted in U.S.C.C.A.N. 1696.  To that end, § 1692g of the FDCPA requires that, within 5 days of a debt collector's first communication to a consumer, the debt collector provide the consumer with an effective validation notice, *i.e.*, notice that the consumer has 30 days after receipt of the notice to challenge the validity of the debt, or any portion of the debt, and seek verification of it.  An important aspect of that notice is the requirement that the debt collector provide the consumer with "(2) the name of the creditor to whom the debt is owed", see, 15 U.S.C. § 1692g(a)(2).

Claims made pursuant to the FDCPA must be evaluated using the unsophisticated consumer standard.  Gammon v. GC Services, Ltd. Partnership, 27 F.3d 1254, 1257 (7th Cir. 1994).  In fact, as the Seventh Circuit has long held that what may be clear to a federal judge may require additional explanation for an unsophisticated consumer.  Johnson v. Revenue Mgmt. Corp., 169 F.3d 1057, 1062

4

(7th Cir. 1999).  Dismissal on the basis that Defendants' own conclusions regarding the clarity of their letter is inappropriate.  Defendants' motion should be denied.

Defendants argue that use of the terms "original creditor" and "current creditor" without additional explanation is sufficient, relying almost entirely on the district court opinion in Zuniga v. Asset Recovery Sols.,  2018 U.S. Dist. LEXIS 51063 (N.D. Ill. 2018)(Dkt. 42, at pp. 3. 7-8).  Defendants' letter here, however, is not the same as the letter at issue in Zuniga.

**I.      A Collection Letter Must Do More Than Contain The Name Of The Current Creditor; Defendants' Letter Needed To be Clear To An Unsophisticated Consumer.**

As the Seventh Circuit has long held, the disclosures required by the FDCPA must be made in such a way that an unsophisticated consumer is likely to understand them:

> . . . it is implicit that the debt collector may not defeat the statute's purpose by making the required disclosures in a form or within a context in which they are unlikely to be understood by the unsophisticated debtors who are the particular objects of the statute's solicitude. . . It would be better if the courts just said that the unsophisticated consumer is to be protected against confusion, whatever form it takes.

Bartlett, 128 F.3d at 500.

Indeed, the Seventh Circuit has long held that, when the FDCPA requires debt collectors to make certain disclosures to consumers, that information must be clearly conveyed, see e.g., Avila, 84 F.3d at 226.  In Avila, the Court held that an unclear validation notice violated section 1692g of the FDCPA:

> "A debt validation notice, to be valid, must be effective, and it cannot be cleverly couched in such a way as to eviscerate its message.  To protect the uninformed, the naïve, and the trusting – the sort of people who easily fit under the umbrella of the 'unsophisticated consumer' – the notice

cannot be as misleading and tricky as the one used here by [the debt collector]."

 Avila, 84 F.3d at 226.

More recently, in Janetos, when contemplating whether the name of the creditor to whom the debt was owed had been clearly conveyed to the consumer, the Seventh Circuit noted:

> When § 1692g(a) requires that a communication include certain information, compliance demands more than simply including that information in some unintelligible form. Otherwise, as we have said, "the collection agency could write the letter in Hittite and have a secure defense."  To satisfy § 1692g(a), the debt collector's notice must state the required information "clearly enough that the recipient is likely to understand it."

Janetos, 825 F.3d at 321, citing, Chuway v. National Action Fin. Servs., 362 F.3d 944, 948 (7th Cir. 2008); Russell v. Equifax A.R.S., 74 F.3d 30, 35 (2d Cir. 1996).

Defendants' letter failed to state the name of the creditor clearly enough so that unsophisticated consumers were likely to understand it, as is required by § 1692g(a)(2), see, Janetos, 835 F.3d at 321; see also, Braatz v. Leading Edge Recovery Solutions, 2011 U.S. Dist. LEXIS 123118 at [*3]-[*4] (N.D. Ill. 2011); Walls v. United Collection Bureau, 2012 U.S. Dist. LEXIS 68079 at [*4]-[*6] (N.D. Ill. 2012); Deschaine v. National Enterprise Systems, 2013 U.S. Dist. Lexis 31349 at [*3] (N.D. Ill. 2013); Long v. Fenton & McGarvey, 223 F. Supp. 3d 773, 778-79 (S.D. Ind. 2016); Pardo v. Allied Interstate, 2015 U.S. Dist. LEXIS 125526 at [*7]-[*9] (S.D. Ind. 2015).

Defendants' attempts to distinguish their letter from those involved in Janetos, Long, Pardo, Deschaine, Walls, and Braatz are unpersuasive – especially in light of their reliance on the second page of their letter (Dkt. 42 at pp. 9-10).  Specifically, Defendants claim that the inclusion of a "reference to a separate entity as the debt

collector's 'client'" in the letters involved in <u>Walls</u>, <u>Braatz</u>, <u>Deschaine</u>, and <u>Pardo</u> render those cases inapposite (Dkt. 42, at p. 9). Nonsense. The second page of Defendants' letter references ten separate entities of the "Resurgent Companies", without indentifying the role of those companies in the collection of Mr. Taylor's debt, <u>see</u>, Dkt. 1-3. Reference to a multiple separate entities, without any coherent explanation, makes Defendants' letter identical to the letters in <u>Walls</u>, <u>Braatz</u>, <u>Deschaine</u>, and <u>Pardo</u>, rather than different.

More importantly, the reasoning from <u>Janetos</u>, <u>Long</u>, <u>Pardo</u>, <u>Deschaine</u>, <u>Walls,</u> and <u>Braatz</u> – the Congressional intent behind the FDCPA of avoiding consumer confusion by requiring collectors to clearly set forth the name of the current creditor to whom a debt is owed -- survives any minor differences between the letters at issue.

In fact, <u>Walls</u> involved a nearly identical letter for a debt owned by Defendant LVNV which stated, at the top of the letter:

> CLIENT:  RESURGENT CAPITAL SERVICES, LP
> CURRENT OWNER: LVNV FUNDING, LLC
> ORIGINAL MERCHANT:  CREDIT ONE BANK, N.A.
> ORIGINAL CREDITOR:  CREDIT ONE BANK, N.A.

<u>Walls</u>, 2012 U.S. Dist. LEXIS 68079 at [*4]-[*6]; a copy of the letter at issue in <u>Walls</u> is attached hereto as Exhibit <u>A</u>. The letter, which was on the debt collector's letterhead, began: "your debt has been placed with our office for collection", without explicitly stating who had placed it. <u>Id</u>.

In denying the defendants' motion to dismiss in <u>Walls</u>, Judge Grady emphasized the importance of avoiding confusion in dunning letters, stating:

> The statute expressly requires identification of the creditor to whom the debt is owed; when that information is presented in an arguably confusing manner, it could influence the consumer's decision. For example, it could

cause an unsophisticated consumer to be concerned about the possibility of being defrauded or about paying the incorrect creditor and continuing to have an outstanding debt.

Walls, 2012 U.S. Dist. LEXIS 68079 at [*5]-[*6].

The letter at issue in Braatz also involved Defendant LVNV, and is similar to Defendants' letter here. Defendants' attempt to distinguish Braatz (Dkt. 42, at p. 9) represents an incomplete reading of the holding of that case.  A copy of both pages of the letter at issue in Braatz is attached hereto as Exhibit B.  The Braatz letter stated at the top: Creditor:  LVNV Funding, LLC., and then stated, "Your delinquent Citibank account has been placed with our offices for collections" ; a second page, containing "privacy notices" that referenced "the Sherman Companies"[1] and listed 19 companies – was almost exactly like the second page of Defendants' letter here.  The late Judge Hibbler found the letter in Braatz confusing because it stated the name of a creditor, and then also referred to the debt as a "Citibank" debt in the body of the letter – as does Defendants' letter here, referring to the debt as a Springleaf account:

> In this case it is true that the notice explains that LVNV is the creditor. If that were the only statement regarding the identity of the creditor, the Court might indeed conclude that as a matter of law the dunning letter was not confusing. However, the notice also identifies the debt as belonging to Citibank. Thus the dunning  [*4] letter identifies two creditors. This is an apparent contradiction that the debt collector fails to explain. An unsophisticated consumer might understand that LVNV had purchased the delinquent Citibank account. That is, however, but one plausible inference to be drawn from the letter. An unsophisticated consumer might just as reasonably conclude that she believed to be a single debt was now owed to two separate companies (LVNV and Citibank). Such confusion might cause an unsophisticated consumer to be concerned about the possibility she was being defrauded or that she might pay the incorrect creditor and continue to have outstanding debt.

---

1.  The "Resurgent Companies" referred to in Defendants' letter here are part of the "Sherman Companies" involved in the Braatz matter.

8

Braatz, 2011 U.S. Dist. LEXIS 123118, at [*3]-[*4].[2]

Indeed, the letter at issue here is also very similar to that at issue in Pardo, see attached Exhibit C.  In Pardo, LVNV was again identified as the "current creditor", the letter went on state that the debt collector had been retained by "our client", which was a separate entity, Resurgent Capital Services, see, Pardo, 2015 U.S.Dist.LEXIS 125526 at [*3].  In Pardo, Judge Barker denied a motion to dismiss, finding that the inclusion of a "client" which was different from the "current creditor" may violate the FDCPA, and that the consumer's claim of confusion was sufficient to state a claim, see, Pardo, 2015 U.S.Dist.LEXIS 125526 at [*8]-[*9].  The only difference between the letter in Pardo and the letter here is the "client" was given a name in Pardo; here, Resurgent Companies are referenced on the second page of the letter with no explanation whatsoever, leaving the consumer wondering just on whose behalf exactly Alltran is collecting.  As did the consumer in Pardo, Mr. Taylor has stated a claim for relief under the FDCPA and judgment on the pleadings is not warranted.

Defendants' analysis of Long is similarly unavailing.  (Dkt. 42, pp. 9).  In Long, the late Judge McKinney held that a letter, which named an "original creditor", but then stated that the debt collector had been hired by the debt buyer "to collect its account with you", Long, 223 F.Supp.3d at 775, was vague and could confuse a significant fraction of the recipient population about the creditor to whom the debt was owed. Long, 223 F.Supp.3d at 779.  Here, Defendants argue that their use of "plain-English" words "original" and "current" would be "well-understood by the unsophisticated

---

2.  After Judge Hibbler passed away, the Braatz matter was re-assigned to the late Judge Shadur, who reaffirmed the conclusion that the letter was "quite ambiguous" and potentially confusing to consumers, see, attached Exhibit D, at p. 2.

consumer" (Dkt. 42, p. 2).  In fact, the <u>Long</u> holding rejected identical arguments about an unsophisticated consumer's ability to "logically" deduce things not clearly stated within the body of a collection letter, <u>see</u>, <u>Long</u>, 223 F.Supp.3d at 778-779.

As the Seventh Circuit in <u>Janetos</u> stated:

> Thus, standing alone the fact that the form letter included the words "Asset Acceptance, LLC" did not establish compliance with § 1692g(a)(2). The Act required Fulton's letter to identify Asset Acceptance as the "creditor to whom the debt is owed." 15 U.S.C. § 1692g(a)(2). The letter had to make that identification clearly enough that the recipient would likely understand it.

<u>Janetos</u>, 825 F.3d at 321[3].

## II.    Defendants' Letter Is Not Clear Enough That Its Likely Recipient, An Unsophisticated Consumer, Would Understand it.

Defendants argue that, merely by using the word "current creditor" and "original creditor", their letter did enough to meet the requirements of §1692g(a)(2) (Dkt. 42, at p. 7), but that argument is directly contrary to <u>Janetos</u> -- the name of the creditor to whom the debt is owed must be clear to an unsophisticated consumer, the letter's likely recipient.  Defendants' reliance on Merriam-Webster.com for the proposition that an unsophisticated consumer can decipher between "original" and "current" creditors is entirely self-defeating, <u>see</u>, Dkt. 42, at p. 2.  The express Congressional purpose of the FDCPA, of "eliminating consumer confusion", as emphasized by the Seventh Circuit in <u>Janetos</u>, 825 F.3d  at 319, is to prevent collection letters that cause unsophisticated consumers to have to consult a dictionary upon their receipt in order to understand

---

3. Defendants quote a portion of <u>Janetos</u> out of context to support their position that using the term "current creditor" alone is sufficient (Dkt. 42, at p. 10).  The Court in <u>Janetos</u>, made no such ruling to that effect; instead, the Court emphasized the importance of a collection letter stating the name of the current creditor to whom a debt is owed  in a way that is clear to the unsophisticated consumer. <u>Janetos</u>, 825 F.3d at 321.

them.  Moreover, nothing about the definitions Defendants cited of "original" and "current" are mutually exclusive or clarify the relationships between Springleaf and LVNV here, see, Dkt. 42, p. 2, fn. 1-2.

Indeed, Mr. Taylor has presented the exact type of collection letter that courts within the Seventh Circuit have repeatedly held state a claim for relief.  As the Seventh Circuit noted in Janetos:

> Section 1692g(a) requires debt collectors to disclose specific information, including the name of the current creditor, in certain written notices they send to consumers. If a letter fails to disclose the required information clearly, it violates the Act, without further proof of confusion.  Section 1692g(a) also does not have an additional materiality requirement, express or implied.  Congress instructed debt collectors to disclose this information to consumers, period, so these validation notices violated § 1692g(a).

Janetos, 825 F.3d at 319.

Defendants' rely primarily on the district court holding in Zuniga, 2018 U.S. Dist. LEXIS 51063 at [*8]-[*10](Dkt. 42, at pp. 7-8), a decision with which Plaintiff's counsel respectfully disagrees and also appealed (appeal docketed, No. 18-1949 (7th Cir. Apr. 27, 2018).[4]  The letter at issue in Zuniga, however, is distinguishable because, although the letter at issue there also contained the names of an "original" and "current" creditor, it did not include the confusing statement that Defendants' letter here uses -- that the collector "had been contracted to lead and represent in the collection of the judgment awarded on your Springleaf Financial Services, Inc. account". (Dkt. 1-3)[5].

_____

4. Zuniga was settled under the auspices of the Circuit Rule 33 Settlement Conference.

5. Defendants cite two district court cases from the Eastern District of Michigan which are also inapposite.  Scheuer v. Jefferson Capital Systems, 43 F. Supp. 3d 772, 776 (E.D. Mich.2014) involved a letter sent by a debt buyer where that debt buyer identified itself as both the current creditor also stated "The above referenced account is with our

Defendants also argue that their letter's second page "further identifies LVNV as the creditor" (Dkt. 42, at p. 10) – but this proposition hardly passes the "straight face" test.  Defendants claim that:

> [I]t can be presumed that Plaintiff read the second page of the Letter which, notably includes a Privacy Notice on behalf of LVNV.  Although the Letter also lists various other entities that are related to LVNV, this list does not include Springleaf.  Therefore, even the unsophisticated consumer would understand that the Letter was being sent on behalf of LVNV, as opposed to Springleaf.

See, Dkt. 42, at p. 10.

Defendants' claims that the second page of their letter clarifies the debt's owner, moreover, are just plain wrong.  (Dkt. 42, at p. 10)  Rather, the reverse side of the letter muddles the identification of the creditor even more so.  Here, not only do Defendants list ten different entities, their letter states nothing whatsoever about whether any of these entities – LVNV included – own Plaintiff's debt.  Moreover, fact that "Resurgent Companies" collect certain types of personal data, keep personal data confidential, and may share some of this information with affiliates or third parties has nothing to do with whether one or all of these entities somehow own the debt, or whether one or all of them are merely another debt collector or servicer of the debt.  In fact, by including no less than

---

office for collection and *servicing*."  Id.  Even though Jefferson Capital both owned the debt and was collecting the debt, the consumer argued that this statement was somehow confusing.  Id.  Wallace v. Diversified Consultants, Inc., 2013 U.S. Dist. Lexis 124174, at [*4] (E.D. Mich. 2013) involved allegations that a §1692g notice which stated that disputes must be made within 30 days "of" receipt of a letter (rather than "after" receipt of the letter) was confusing – an argument the district court noted he "offer[ed] little developed argument", see, Id., at [*2].  Neither  of these cases involve letters which present the name of the current creditor in a confusing matter and, therefore, they are not relevant here.

ten more entities and adding "Resurgent Companies" to the mix, the second page of Defendants' letter only causes additional confusion.

## CONCLUSION

Plaintiff, Edward Taylor, individually and on behalf of all others similarly situated, has set forth sufficient facts as to Defendants' failure to clearly identify the name of the creditor to whom is debt was owed in way that would be likely to be understood by an unsophisticated consumer. Defendants' motion for judgment on the pleadings should be denied.

Respectfully submitted,

Edward Taylor, individually and on behalf of all others similarly situated,

By:/s/ David J. Philipps_____
One of Plaintiff's Attorneys

Dated: September 7, 2018

David J. Philipps    (Ill. Bar No. 06196285)
Mary E. Philipps    (Ill. Bar No. 06197113)
Angie K. Robertson (Ill. Bar No. 06302858)
Carissa K. Rasch.   (Ill. Bar No. 06327475)
Philipps & Philipps, Ltd.
9760 S. Roberts Road
Suite One
Palos Hills, Illinois 60465
(708) 974-2900
(708) 974-2907 (FAX)
davephilipps@aol.com
mephilipps@aol.com
angie@philippslegal.com
carissa@philippslegal.com

Case 1:18-cv-00306-MJD-JMS   Document 54   Filed 09/06/18   Page 14 of 15 PageID #: 292

John T. Steinkamp
5214 S. East Street
Suite D-1
Indianapolis, IN 46227
(317) 780-8300
(317) 217-1320 (FAX)
steinkamplaw@yahoo.com

14

## CERTIFICATE OF SERVICE

I certify that on September 7, 2018, a copy of the foregoing **PLAINTIFF'S RESPONSE TO DEFENDANTS' MOTION FOR JUDGMENT ON THE PLEADINGS** was filed electronically.  Notice of this filing will be sent to the following parties by operation of the Court's electronic filing system.  Parties may access this filing through the Court's system.


Daniel C. Fanaselle                              fanaselled@ballardspahr.com
Ballard Spahr, LLP
1735 Market Street
51st Floor
Philadelphia, Pennsylvania 19103


Kevin D. Koons                                   kdk@kgrlaw.com
Kroger, Gardis & Regas, LLP
111 Monument Circle
Suite 900
Indianapolis, Indiana 46204


John T. Steinkamp                                steinkamplaw@yahoo.com
5214 S. East Street
Suite D1
Indianapolis, Indiana 46227


/s/ David J. Philipps_____
David J. Philipps
Philipps & Philipps, Ltd.
9760 South Robert Road
Suite One
Palos Hills, Illinois 60465
davephilipps@aol.com

15