# EXHIBIT D

1

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

AMANDA BRAATZ,                          )   No. 11 C 3835
                                        )
                    Plaintiff,          )   Chicago, Illinois
                                        )   April 26, 2012
                                        )   9:45 o'clock a.m.
        -vs-                            )
                                        )
                                        )
LEADING EDGE RECOVERY                   )
SOLUTIONS, INC., et al.,                )
                                        )
                    Defendants.         )

TRANSCRIPT OF PROCEEDINGS - STATUS
BEFORE THE HONORABLE MILTON I. SHADUR

APPEARANCES:

For the Plaintiff:        PHILIPPS & PHILIPPS, LTD.
                          9760 South Roberts Road
                          Suite One
                          Palos Hills, Illinois 60465
                          BY:  MR. DAVID J. PHILIPPS

For the Defendant:        HINSHAW & CULBERTSON, LLP
                          222 North LaSalle Street
                          Suite 300
                          Chicago, Illinois 60601
                          BY:  MR. NABIL G. FOSTER

Court Reporter:           ROSEMARY SCARPELLI
                          219 South Dearborn Street
                          Room 2304A
                          Chicago, Illinois  60604
                          (312) 435-5815



**EXHIBIT**

D

2

THE CLERK:  11 C 3835, Braatz versus Leading Edge.

Don't forget to ask them about that other motion.

MR. PHILLIPS:  Good morning, Judge Shadur, Dave Philipps for the plaintiff.  How are you?

THE COURT:  Fine.

MR. FOSTER:  Good morning, your Honor, Nabil Foster on behalf of the defendants.

THE COURT:  Good morning.  As you know, this is one that I -- this is one of my inherited cases as a result of the untimely death of my colleague and good friend Bill -- Judge Hibbler.  And I see a motion for judgment on the pleadings.  As you know, courts are really in a very poor position to make judgments about what unsophisticated consumers, which is the standard, are going to make out of something, usually because judges are supposedly more sophisticated and therefore they can -- they might draw conclusions that -- as to the meaning that might be obvious to them, although it wouldn't be obvious to others.

This one is a bit ironic because I will tell you that, you know, having read and having looked at the stuff I find the -- I do find that -- the matter quite ambiguous for a reason that nobody seems to have picked up particularly, and that has to do with the fact that the reference to original creditor, as contrasted with creditor, occurs on a document where the original creditor line, which is on the

portion of the thing that if payment were to be made would be sent back.

So look at the -- look at that one.  That gets sent back with no identification of LVNV at all.  So what happens is that if you were to look at that in terms of what is the -- what does the sophisticated consumer make out of it, I think the sophisticated consumer would say, oh, yeah, this one is really nebulous and -- but the point is that that is not the standard I guess that applies.

I do say, however, that it is very troublesome and at a minimum it is a fact issue.  The idea of finding it as a matter of law is troubling.  And so for that reason, you know, I am not prepared to make judgment on the pleadings.

Now, the other part which has to do with the appointment of a neutral consumer survey opinion witness, you know, when I first read the -- what the 7th Circuit did when it talked about that as being a standard, I had the same reaction that, you know -- I know my -- the person whom I am proud to call a friend used, although he was not the only one, in one of his opinions for the Supreme Court, John Paul Stevens, referred to the classic saying that the law is majestic in its equality; it permits rich and poor alike to sleep under bridges and beg for bread.

Well, that is the sort of thing -- I mean the idea of saying, well, let's get a survey in order to do it,

4

recognizing that that is enormously expensive and really seldom justified in the small claim consumer situation, but that is what they said.

I don't think that I am in a position to have the Court appoint somebody. I don't want to soak the plaintiff with that responsibility. I suspect, frankly, that if this case were to go to trial, it could be done in terms of a presentation by each side and an argument, including the one that I have just -- that I have just volunteered I guess for the thing that to me makes this one for sure ambiguous for me as the -- as -- not as the unsophisticated consumer.

So that is where I am on this -- on this lawsuit. I don't know where that leaves you people. But tell me, Mr. Philipps.

MR. PHILIPPS: What I would suggest is that we talk about this and come back in a few weeks to see where that does lead us to. I think your comments may help both of us move the case forward.

THE COURT: Okay.

MR. PHILLIPS: And it can't hurt.

THE COURT: I am happy to do that. I have -- you know, I really -- well, I think I have said everything I had to say about the nature of the communication. Okay. So I will be glad to do that. I will set it for a time frame -- and let me take a look. Two weeks from now is bad because

with the 7th Circuit conference occupying the first two days of that week, everything is jammed up.  I have been setting things for 8:30.

MR. PHILLIPS:  And we can nail down at some point later --

THE COURT:  How about -- how about either -- I think, Sandy, among the 16th, 17th and 18th -- no, 16th and 17th, I think that may not be full up.  What does that look like?  That is the Wednesday and Thursday.

THE CLERK:  Yeah, the 16th is probably okay.

MR. PHILLIPS:  16th is good with my calendar, Judge.  8:30?

THE COURT:  No, I think we can maybe do it 9:00 o'clock, Sandy, right?

MR. PHILLIPS:  Oh, I am happy to come whenever.

THE COURT:  How -- 9:00 o'clock?

THE CLERK:  That is fine.

THE COURT:  So 9:00 o'clock -- then this is entered and continued until 9:00 o'clock on Wednesday, May 16th.

(Discussion held off the record.)

(Which were all the proceedings heard.)

6

CERTIFICATE

I certify that the foregoing is a correct transcript from the record of proceedings in the above-entitled matter.

s/Rosemary Scarpelli/          Date:  May 4, 2012