**IN THE UNITED STATES DISTRICT COURT**
**FOR THE SOUTHERN DISTRICT OF INDIANA**
**INDIANAPOLIS DIVISION**

| | |
|---|---|
| EDWARD TAYLOR, | ) |
| | ) |
| Plaintiff, | ) Case No. 1:18-cv-00306-JMS-MJD |
| | ) |
| v. | ) |
| | ) |
| ALLTRAN FINANCIAL, LP, and LVNV | ) |
| FUNDING, LLC | ) |
| | ) |
| Defendant. | |

**DEFENDANTS' REPLY BRIEF IN FURTHER SUPPORT**
**OF THEIR MOTION FOR JUDGMENT ON THE PLEADINGS**

I.    **INTRODUCTION**

Plaintiff's[1] response to Defendants' Motion for Judgment on the Pleadings (Plaintiff's "Opposition") offers no valid support for his frivolous claims against Defendants.  In the Motion, Defendants establish that they are entitled to judgment as a matter of law because: (1) the text of the subject collection notice plainly satisfied the requirements of section 1692g(a)(2) by identifying LVNV as the "Current Creditor," *see* Op. Br., ECF 42 at pp. 7-8, (2) Plaintiff does not (and cannot) identify any valid support for his claim, as the cases cited in the Complaint are inapposite, and actually, support dismissal of Plaintiff's claims. *See id.* at pp. 7-10.  Indeed, Defendants also note that the only court to directly address the issues raised by Plaintiff found them to be without merit, and rejected the plaintiff's arguments – which are identical to those raised herein – as the type of bizarre and idiosyncratic interpretations that have been unequivocally rejected by courts in the Seventh Circuit. *See Zuniga v. Asset Recovery Sols.*, No. 17-cv-05119,

---

[1]    Unless otherwise noted, all capitalized terms shall have the same meaning as set forth in Defendants' opening brief.

2018 U.S. Dist. LEXIS 51063, at *9 (N.D. Ill. Mar. 28, 2018) (summarily rejecting the "assert[ion] that somehow the words 'original' and 'current' are confusing[,] because "[t]hey simply are not[;] [i]t is unlikely that a significant fraction of even the most unsophisticated consumers, possessing 'reasonable intelligence,' . . . would fail to understand the difference between 'original' and 'current,' or fail to understand that the 'current' creditor is the creditor to whom the debt is currently owed." (citations omitted).

In response, Plaintiff confirms his reliance on this nonsensical interpretation of the words "Original" and "Current," and concludes – without support – that the Letter "is not clear enough" that an unsophisticated consumer would understand it. *See* Opp. at p. 10. Plaintiff ignores Defendants' well-reasoned arguments to the contrary, which he glibly casts aside as "self-defeating" and insufficient to "pass[] the 'straight face' test." *See id.* at pp. 10-12. Plaintiff also fails to meaningfully address Defendants' arguments regarding the cases cited in the Complaint – including the numerous factual distinctions identified in each. *See* Op. Br. at pp. 9-10. Instead, Plaintiff doubles down on his arguments, insisting that the cited cases support his claim because of alleged similarities between the subject letters. *See* Opp. at pp. 6-9. Finally, Plaintiff misrepresents Defendants' "main argument" – which he mischaracterizes as relying on the entities identified on the back page of the Letter – in an attempt to muddy the issues and conceal the fatal defects in his claim. *See* Opp. at pp. 3, 7.

Plaintiff's arguments are meritless and fail to identify any disputed fact that would preclude judgment under Rule 12(c). First, contrary to Plaintiff's assertion, the Letter plainly satisfied the requirements of § 1692g(a)(2) by identifying LVNV as the "Current Creditor" – which is supported by the Seventh Circuit precedent that Plaintiff erroneously cites in support of his claims. Moreover, by failing to meaningfully address Defendants' arguments in their opening brief –

including, notably, any discussion of the court's holding in *Zuniga* – Plaintiff has effectively conceded that the Complaint should be dismissed for the reasons stated therein.  Finally, the Court should disregard Plaintiff's legal and factual misrepresentations – including his misleading discussion of Seventh Circuit case law, and the arguments based on his misrepresentation of Defendants' Motion – and should reject the cases cited in the Complaint for the reasons set forth in Defendants' opening brief.

For these reasons, and as discussed in Defendants' opening brief, Defendants' Motion for Judgment on the Pleadings should be granted, and Plaintiff's Complaint should be dismissed in its entirety, and with prejudice.

## II.  **ARGUMENT**

### A.  **Identifying the "Current Creditor" Plainly Satisfies 15 U.S.C. § 1692g(a)(2).**

In their opening brief, Defendants explained that Plaintiff's claim fails as a matter of law because the Letter's use of the phrase "current creditor" clearly identifies LVNV as the "creditor to whom the debt is owed" under § 1692g(a)(2).  *See* Op. Br. at p. 7 (citing *Zuniga*, 2018 U.S. Dist. LEXIS 51063, at *8 ("the FDCPA itself uses the phrase "current creditor" as a synonym for the 'creditor to whom the debt is owed' in another part of the very same statutory provision.").  In response, Plaintiff asserts that this is "directly contrary to *Janetos*[,] [under which] the name of the creditor to whom the debt is owed must be clear to an unsophisticated consumer, the letter's likely recipient."  *See* Opp. at p. 10.  Despite this bold declaration, Plaintiff's conclusion is flat wrong, and he does not (and cannot) identify anything in *Janetos* that is "contrary" to Defendants' arguments – or that supports his claims.

#### 1.  **The Seventh Circuit in *Janetos* Equated "Current Creditor" with "Creditor to Whom the Debt is Owed"**

Contrary to Plaintiff's suggestion, the Court in *Janetos* merely affirmed the widely

accepted principle that including the creditor's name in a collection letter, without more, is insufficient to satisfy Section 1692g(a)(2). *See Janetos*, 825 F.3d at 321 ("standing alone the fact that the form letter included the words 'Asset Acceptance, LLC' did not establish compliance with § 1692g(a)(2)"); *see also Sparkman v. Zwicker & Assocs., P.C.*, 374 F. Supp. 2d 293, 300-01 (E.D.N.Y. 2005) (holding that a debt collector violated 15 U.S.C. § 1692g where "[t]he name of the creditor . . . appear[ed] in the subject line of the Collection Letter, but [was] not identified as a creditor"). This simply does not apply here because unlike the letter at issue in *Janetos*, Alltran's Letter did not merely refer to LVNV in the text of the letter, but expressly identified it as the "Current Creditor." *See* Compl., Ex. A.

Moreover, as also discussed in Defendants' Motion, *Janetos* actually refutes Plaintiff's arguments, as the court therein used the phrase "current creditor" synonymously with the phrase "creditor to whom the debt is owed" when referring to the requirements of § 1692g(a)(2). *See Janetos* at 322-23. The Opposition attacks this argument as a misrepresentation of *Janetos*, asserting that court "made no such ruling to that effect." *See* Opp. at p. 10, n. 3. It is not clear, however, what "quote" Plaintiff claims was "taken out of context." Nor does he identify any basis to refute the fact that the *Janetos* Court clearly equated "current creditor" with "the name of the creditor to whom the debt is owed." Indeed, review of the court's opinion reveals that the court used the phrase "current creditor" at least sixteen times when referring to the requirements of § 1692g(a)(2) (the text of which it recited only three times), stating, without limitation, that:

> § 1692g(a)(2) requires a particular disclosure—the name of the current creditor […] if the validation notice required under § 1692g(a)(2) does not identify the current creditor clearly and accurately, the law has been violated […] Nowhere in the letters did [defendant] explicitly identify Asset Acceptance as the current creditor […] [it] was identified as the 'assignee' of another company, not as the current creditor […] the letters did not disclose the name of the current creditor, and so violated § 1692g(a)(2)

*See Janetos* at 319-325. Thus, while not essential to its holding, the *Janetos* Court clearly

DMNORTH #6599245 v1

4

viewed the term "current creditor" as being analogous to the "the creditor to whom the debt is owed."

Indeed, several courts have applied the same reasoning as the court in *Janetos*, and have found the words "current creditor" to satisfy § 1692g(a)(2) as a matter of law. *See Avila v. Riexinger & Assocs., LLC*, No. 13 CV 4349 (RJD) (LB), 2015 U.S. Dist. LEXIS 48926, at *18-19 (E.D.N.Y. Apr. 14, 2015)[2] (dismissing § 1692g(a)(2) claim where the "defendants' letter clearly name[d] Crown Asset Management as the 'current creditor' of the account, and indicate[d] that the account originated with Wells Fargo . . . [which] sufficiently notifie[d] the consumer to whom the debt [was] owed and satisfied the requirements of the FDCPA.") (citing *Suellen v. Mercantile Adjustment Bureau, LLC*, No. 12-CV-00916, 2012 U.S. Dist. LEXIS 98640, 2012 WL 2849651, at *5 (N.D. Cal. June 12, 2012) (dismissing § 1692g(a)(2) claim where the defendant's "letter clearly name[d] [the entity that purchased the plaintiff's debt in default] as the 'current creditor' of the account . . . [because] such a clear heading identifying the current creditor at the top of the letter sufficiently notifies the consumer to whom the account is owed and satisfies the requirements in the FDCPA") (citing *Quicho v. Mann Bracken, LLC*, No. 07-cv-3478 BZ, 2007 U.S. Dist. LEXIS 71649 (N.D. Cal. Sept. 25, 2007) (holding that a letter that clearly identified the creditor at the top of the letter next to the caption 'Name of Creditor' satisfied § 1692g(a)(2)); *Stricklin v. First Nat. Collection Bureau, Inc.*, No. 10-cv-01027-JPG-SCW, 2012 U.S. Dist. LEXIS 45695, 2012 WL 1076679, at *10 (S.D. Ill. Mar. 30, 2012) (finding a letter "identifying the creditor clearly at the top of the letter . . . [and providing] the [name of the] original creditor" would not confuse the unsophisticated debtor, even if the body of the letter only referred to the creditor as the "above-

---

[2]    Affirmed in part and reversed in part by *Avila v. Riexinger & Assocs., Ltd. Liab. Co.*, 817 F.3d 72 (2d Cir. 2016) (affirming dismissal of § 1692g(a)(2) claims.

referenced client."). Thus, as the court found in *Zuniga*, "the [L]etter plainly identified the entity to whom the debt was owed by using the words "Current Creditor" right next to [LVNV Funding LLC] . . . [and] also identified the original creditor with (not surprisingly) the phrase "Original Creditor . . . which is enough to make clear to whom the debt is currently owed." *Zuniga*, 2018 U.S. Dist. LEXIS 51063, at *9-10.

## 2.    The Plain Meaning of the Word "Current" Satisfies § 1692g(a)(2).

Plaintiff likewise offers no support for his conclusion that the unsophisticated consumer would be unlikely to understand that an entity identified as the "Current Creditor" is "the creditor to whom the debt is owed." *See* 15 U.S.C. § 1692g(a)(2); *see also Janetos*, 825 F.3d at 321(citing; *Chuway v. Nat'l Action Fin. Servs.*, 362 F.3d 944, 948 (7th Cir. 2004)). Nor does he provide any meaningful response to Defendants' arguments on this point – besides his unsupported assertion that "nothing about the definitions . . . of 'original' and 'current' are mutually exclusive or clarify the relationships between Springleaf and LVNV," and his nonsensical conclusion that Defendants' reference to these definitions was "self-defeating" because "[t]he express Congressional purpose of the FDCPA . . . is to prevent collection letters that cause unsophisticated consumers to have to consult a dictionary upon their receipt in order to understand them." *See* Opp. at pp. 10-11 (citing *Janetos*, 825 F.3d at 319).[3] As an initial matter, Plaintiff's suggestion that citing the dictionary definitions of the words contained in the Letter is "self-defeating" is meritless. Indeed, the unsophisticated consumer is presumed to understand a word's plain meaning – which is properly established by referencing dictionaries. *See Bandas v. United Recovery Serv., LLC*, No. 17 C 01323, 2018 U.S. Dist. LEXIS 153105, at *10-11 (N.D. Ill. Sep. 7, 2018) (noting that "[c]ourts

---

[3]    It is unclear what, if anything, Plaintiff is purporting to cite in *Janetos*, which does not support, or address, the absurd argument raised by Plaintiff.

frequently look to dictionaries to determine the plain meaning of words when interpreting statutes . . . [and] [i]t is reasonable to do the same when interpreting the plain meaning of language as an unsophisticated consumer would understand it[,]" and concluding, based on definitions of "procedure" in the online Merriam-Webster dictionary, that "[n]othing in the[] definitions would suggest to an unsophisticated consume that "further procedures" necessarily means litigation.") (citing *Wahl v. Midland Credit Mgmt.*, 556 F.3d 643, 646 (7th Cir. 2009) (considering definition provided in the American Heritage Dictionary to determine the meaning of "principal" in deciding FDCPA claim)); *see also Bassili v. CIR Law Offices, LLP*, No. 14cv1995 DMS (BLM), 2015 U.S. Dist. LEXIS 180669, at *5 (S.D. Cal. Feb. 11, 2015) (applying "[t]he dictionary meaning of the verb 'specialize' -- the meaning the least sophisticated debtor would know -- is 'to engage in special study or some special line of business' or 'to make narrower and more intensive.'") (citing Oxford English Dictionary online dictionary, www.oed.com)). Accordingly, Plaintiff's assertion that the unsophisticated consumer would not understand the difference between the "current" and "original" creditor is erroneous as a matter of law.

In any event, reference to the dictionary is not necessary here because, as noted by the court in *Zuniga*, the words "current" and "original" "are plain-English words, not specialized terms that could confuse the ordinary debtor." *Zuniga*, 2018 U.S. Dist. LEXIS 51063, at *9-10; *see also De Coito v. Unifund Corp.*, No. 01-00379 DAE BMK, 2004 U.S. Dist. LEXIS 23729, at *19-20 (D. Haw. Jan. 4, 2004) (dismissing FDCPA claim because under "the plain-meaning wording of the letter," stating "that debtor ha[d] the *option* to elect an automatic payroll deduction [...] a least sophisticated consumer would not reach the conclusion advanced by Plaintiff . . .that [defendant] [was threatening to] contact [his] employer") (emphasis in original). Thus, based on the plain language of the Letter, "[i]t is unlikely that a significant fraction of even the most unsophisticated

consumers . . . would fail to understand the difference between 'original' and 'current,' or fail to understand that the 'current' creditor is the creditor to whom the debt is currently owed.  *Zuniga*, 2018 U.S. Dist. LEXIS 51063, at *9-10.

### B.     The Opposition Further Supports Defendants' Argument That the Cases Cited By Plaintiff are Inapposite.

As explained in Defendants' opening brief, each of the remaining cases cited by Plaintiff – including *Braatz v. Leading Edge Recovery Sols., LLC*, 11-C-3835, 2011 WL 9528479 (N.D. Ill. Oct. 20, 2011), *Walls v. United Collection Bureau Inc.*, 2012 U.S. Dist. LEXIS 68079 (N.D. Ill. May 16, 2012), *Pardo v. Allied Interstate, LLC*, 14-CV-01104, 2015 WL 5607646 (S.D. Ind. Sept. 21, 2015), *Deschaine v. Nat'l Enter. Sys. Inc.*, 2013 WL 12121197 (N.D. Ill. Oct. 20, 2011)*,* and *Long v. Fenton & McGarvey Law Firm P.S.C.*, 223 F. Supp. 3d 773 (S.D. Ind.  2016) [4] – are distinguishable because they each involved a letter that – unlike the Letter sent by Alltran – failed to clearly disclose the identity of the "current creditor."  *See* Op. Br. at pp. 9-10.  Specifically, the letter in *Walls* referenced four separate entities as the "Client," "Current Owner," "Original Merchant," and "Original Creditor," but critically, did not identify the "current creditor."  *See Walls*, supra at *2.  Conversely, the letters in *Deschaine, Braatz*, and *Pardo* identified the creditor,[5] but caused confusion by including references to separate entities – who were indistinctly identified as the debt collectors' "clients," see *Deschaine, supra* at *1; *Pardo*, *supra* at *3, and the entity with whom the debt was "with."  *Braatz*, *supra* at *1.

In response, Plaintiff misrepresents the reasoning and holdings of the aforementioned

---

[4]     Plaintiff provides no justification for his purported reliance on *Long* which – as discussed in Defendants' opening brief, and reiterated in Plaintiff's Opposition, involved a letter that failed to identify the current creditor.  *See* Op. Br. at p. 9; Opp. at p. 9; *Long*, 223 F. Supp. 3d at 775.

[5]     As discussed further below, the letters in *Deschaine* and *Pardo* included the term "current creditor," while the letter in *Braatz* caused additional confusion by referring to LVNV only as the "creditor."

cases, along with Defendants' arguments, asserting that argues that Defendants' "attempts to distinguish" the holdings in *Braatz*, *Deschaine*, and *Pardo* "are unpersuasive . . . in light of their reliance on the second page of the[ ] [L]etter." *See* Opp. at pp. 6-7.  Again, Plaintiff's arguments fall flat, as the back page of the Letter has no relevance to the Letter's compliance with § 1692g(a)(2), or to the courts' holdings in *Braatz*, *Deschaine*, and *Pardo*.  Likewise, Plaintiff's continued reliance on these cases, and any purported similarities between the Letter and the letters at issue therein, fails for the reasons noted in Defendants' opening brief.  Indeed, regardless of any alleged similarities between the letters, the differences discussed by Defendants – and ignored by Plaintiff – were central to those courts' decisions, and are fatal to Plaintiff's claims.

### 1.    The Entities Listed on the Privacy Notice on the Back of the Letter Are Not Relevant to Defendants' Motion – or Plaintiff's Claims.

As a preliminary matter, the Court should reject Plaintiff's attempt to muddy the issues by mischaracterizing Defendants' argument based on the privacy notice.  *See* Opp. at p. 7.  As set forth above, Defendants' "main argument" is not "that the [L]etter's use of the term "current creditor", *when coupled with information on the back of the letter*, was sufficient . . . ."  *See* Opp. at p. 3 (emphasis added).  This argument (which was not raised in the Complaint) is clearly being raised in bad faith, in an effort to obscure the factual distinctions discussed in Defendants' Motion.  Plaintiff's effort fails, however, as the text in the privacy notice has no relevance to the Letter's compliance with § 1692g(a)(2).  *See Quicho v. Mann Bracken, LLC*, No. C07-3478 BZ, 2007 U.S. Dist. LEXIS 71649, at *3-5 (N.D. Cal. Sep. 24, 2007) (text in a separate paragraph of a collection notice, stating "that another party may have been the contracting party […] [was] not relevant to the identification of the current creditor and d[id] not contradict the plain fact that Chase Bank, USA, N.A. [was] identified as the creditor."); *Philips v. Cent. Fin. Control*, No. 2:17-cv-02011-RDP, 2018 U.S. Dist. LEXIS 132474, at *16-17 (N.D. Ala. Aug. 7, 2018) (rejecting argument that

a collection notice violated § 1692g(a)(2) by including a website link that appeared to reference a different entity from that identified as the creditor, as "the website link and text surrounding the link in no way indicate that [the referenced entity] [was] the creditor.").

Moreover, even if Defendants did base their argument on the text of the privacy notice (which they did not), it would not alter the Court's analysis. Contrary to Plaintiff's suggestion, none of the cases cited in the Complaint make any reference to the privacy notice or any of the entities identified therein. And as noted in Defendants' opening brief, while the privacy notice may not be relevant to the Letter's disclosure of the creditor under § 1692g(a)(2), it is surely relevant to Plaintiff's allegation of confusion regarding which entity (LVNV or Springleaf ) the Letter identified as the creditor to whom the debt is owed. *See Gruber v. Creditors' Prot. Serv., Inc.*, 742 F.3d 271, 273–74 (7th Cir. 2014).

## 2. Plaintiff's Continued Reliance on the Case Law Cited in the Complaint Lacks Merit.

The Court should also reject Plaintiff's continued reliance on the cases cited in the Complaint – including his arguments related to the alleged similarities between the relevant collection notices and the Letter  as Plaintiff's arguments fail for the reasons discussed in Defendants' opening brief.

### a. The Letter in *Walls* Identified the "Current Owner"

Plaintiff argues that *Walls* supports his claim because it "involved a nearly identical letter for a debt owned by Defendant LVNV . . . ." *See* Opp. at p. 7. However, a plain reading of the subject letter shows that any purported similarities end here, as the Letter proceeded to identify four separate entities (besides the debt collector), as follows:

CLIENT: RESURGENT CAPITAL SERVICES, LP
CURRENT OWNER: LVNV FUNDING, LLC
ORIGINAL MERCHANT: CREDIT ONE BANK, N.A.
ORIGINAL CREDITOR: CREDIT ONE BANK, N.A.

*See* Opp., Ex. A.

Thus, unlike the Letter, the notice in *Walls* failed to identify any entity as the "current creditor." Instead, the letter identified LVNV as the "Current Owner," which, the court held, did not comply with "the plain language" of § 1692g(a)(2), "which requires that the 'creditor to whom the debt is owed' be identified, not the 'current owner of the debt.'" *Walls*, 2012 U.S. Dist. LEXIS 68079 at *5 (noting that "a significant number of unsophisticated debtors," reading the words "current owner" might reasonably ask themselves […] 'Current owner of what? . . . an unsophisticated consumer likely does not ask himself, 'Who owns the debt?' or think about debt in terms of 'ownership[,]' [but] [r]ather, he wants to know who is owed the money."). Notably, the court also found the letter's failure to designate the "current creditor" to be significant, particularly in light of its designation of the "original creditor." *See id.* at *5 ("the letter's designation of the "original creditor" can be viewed as making the letter even more confusing in light of the fact that no phrase like "current creditor" is used.").

Here, the Letter makes no reference to the "owner" of the debt, and instead identifies LVNV as the "Current Creditor," as endorsed by the court in *Walls*. Accordingly, the holding in *Walls* lends no support to Plaintiff's claims and shows that they fail as a matter of law.

### b.   The Letter in *Braatz* Failed to Identify the "Current Creditor"

Plaintiff claims that "Defendants' attempt to distinguish *Braatz* represents an incomplete reading of [its] holding," which, according to Plaintiff, was based on the letter's reference "to the debt as a 'Citibank' debt in the body of the letter." Opp. at p. 8. Plaintiff argues that the same reasoning should apply to Alltran's Letter, which "refer[s] to the debt as a Springleaf account." *Id.* Again, Plaintiff's arguments are off base, as the text of the letter in *Braatz* – including its reference to the original creditor – shares no similarities with the Letter.

Contrary to Plaintiff's suggestion, the holding in *Braatz* is inapposite due to, inter alia, the

DMNORTH #6599245 v1

numerous differences in the subject letter. Most notably, the letter in *Braatz* identified LVNV as the "creditor" and, unlike the Letter, failed to identify the "current creditor." *See* Opp. at Ex. B; Compl., Ex. A. Nor did the letter refer to the other entity identified therein as the "original creditor." *Id.* This omission was significant because, unlike the Letter – which refers to Plaintiff's Springleaf account in the past tense (and only for the purposes of accurately describing the debt) – the letter in *Braatz* referred to the plaintiff's Citibank account in the present tense, stating that her "delinquent CITIBANK account has been placed with [the defendant] for collections." *Braatz*, 2011 U.S. Dist. LEXIS 123118, at *1. Accordingly, although LVNV was listed as the creditor, the letter also "identifie[d] the debt as belonging to Citibank[,] [and] [t]hus . . . identifie[d] two creditors." *Id.* at *3-4.

### c. *Pardo* Supports Dismissal of Plaintiff's Claim

Finally, Plaintiff insists that *Pardo* supports his claim because it involved LVNV and the relevant letter was "very similar . . . ." *See* Opp. at p. 9. And while Plaintiff concedes that the court's conclusion was based on its "finding that the inclusion of a 'client' which was different from the 'current creditor' may violate the FDCPA," *id.*, he fails to appreciate the significance of this distinction. Indeed, in the preceding paragraph of the decision, the court expressly stated as much, noting that:

> Allied's letter in this case states that LVNV is the 'Current Creditor.' If that were the only statement regarding the identity of the creditor to whom the debt is owed, we might indeed conclude that as a matter of law the dunning letter was not confusing. However, the letter also identifies the debt as belonging to Allied Interstate's client, Resurgent Capital

*Pardo*, 2015 U.S. Dist. LEXIS 125526, at *8. Here, the Letter makes no such reference to Alltran's "client." Indeed, besides identifying LVNV as the "Current Creditor," the Letter makes no other statement regarding the identity of the creditor to whom the debt was owed. *See* Compl., Ex. A. As the court in *Pardo* found (along with *Janetos* and the numerous other cases discussed above

DMNORTH #6599245 v1

12

and in Defendants' opening brief), this is exactly what is called for under § 1692g(a)(2).

## III.    <u>CONCLUSION</u>

For the foregoing reasons, and for the reasons discussed in the opening brief in support of their motion for judgment on the pleadings, Defendants respectfully request that this Court enter judgment on the Pleadings in favor of Defendants and against Plaintiff, and dismiss Plaintiff's Complaint in its entirety, and with prejudice.

Date: September 13, 2018

/s/ *Daniel C, Fanaselle*
Daniel C. Fanaselle, Esq.
BALLARD SPAHR LLP
1735 Market Street, 51st Floor
Philadelphia, PA 19103
P: 215.864.8358
F: 215.864.8999
fanaselled@ballardspahr.com

*Attorneys for Defendants Alltran Financial, LP and LVNV Funding, LLC*

DMNORTH #6599245 v1