UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | |
|---|---|
| EDWARD TAYLOR, | ) |
| Plaintiff, | ) ) ) |
| v. | ) No. 1:18-cv-00306-JMS-MJD |
| ALLTRAN FINANCIAL, LP,<br>LVNV FUNDING, LLC, | ) ) ) ) |
| Defendants. | ) |

## **ENTRY**

Plaintiff Edward Taylor and a class of similarly situated people received a form debt collection letter from Defendant Alltran Financial, LP ("Alltran"). They brought suit under the Fair Debt Collection Practices Act ("FDCPA"), 15 U.S.C. § 1692, *et. seq*, contending that the letters are unclear as to whether Alltran was collecting on behalf of Defendant LVNV Funding, LLC ("LVNV") or nonparty Springleaf Financial Services ("Springleaf"). Defendants, Alltran and LVNV, have moved for judgment on the pleadings, arguing that the unsophisticated consumer would not find the dunning letter confusing. [Filing No. 41.] But Defendants' arguments ignore the "distinction between what may confuse a federal judge and an unsophisticated consumer" and the Seventh Circuit's admonition that courts must avoid "reliance on [their] intuitions." *McMahon v. LVNV Funding, LLC*, 744 F.3d 1010, 1020 (7th Cir. 2014) (internal quotation omitted). Defendants also gloss over dispositive differences between the cases they cite and the facts of this case. The Court therefore **DENIES** Defendants' Motion.

# I.
## LEGAL STANDARD

Federal Rule of Civil Procedure 12(c) permits a party to move for judgment on the pleadings after the filing of the complaint and answer. *Moss v. Martin*, 473 F.3d 694, 698 (7th Cir. 2007). In ruling on a motion for judgment on the pleadings, the Court may only consider the complaint, answer, and any documents attached thereto as exhibits. *See N. Ind. Gun & Outdoor Shows, Inc. v. City of South Bend*, 163 F.3d 449, 452-53 (7th Cir. 1998).

A motion for judgment on the pleadings under Rule 12(c) "is governed by the same standards as a motion to dismiss for failure to state a claim under Rule 12(b)(6)." *Adams v. City of Indianapolis*, 742 F.3d 720, 727-28 (7th Cir. 2014). To survive the motion, "a complaint must 'state a claim to relief that is plausible on its face.'" *Id.* (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Adams*, 742 F.3d at 728 (quoting *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009)). Factual allegations in the complaint are accepted as true, but allegations that are legal conclusions are insufficient to survive the motion. *Adams*, 742 F.3d at 728. In other words, to survive dismissal, a plaintiff "must plead some facts that suggest a right to relief that is beyond the speculative level." *Atkins v. City of Chicago*, 631 F.3d 823, 832 (7th Cir. 2011).

# II.
## BACKGROUND

As recounted in the Court's Order certifying this matter as a class action, [Filing No. 56], this lawsuit arises out of a form dunning letter that Mr. Taylor received from Alltran. [Filing No. 1.] The letter begins, in relevant part, as follows:

> **Alltran Financial, LP**
> P.O. BOX 610, SAUK RAPIDS, MN 56379
>
> TOLL FREE#: 866-648-8591
> Incoming Calls Answered: Mon-Tues - 8am-8pm, Wed - 8am-6pm
> Thur-Fri - 8am-7pm, Sat - 8am-12pm
> www.Alltransecurepay.com
>
> Alltran Financial, LP File # ▇▇▇▇▇▇▇
> Original Account Number: XXXX7356
> Original Creditor: Springleaf Financial Services Inc.
> Current Creditor: LVNV Funding LLC
> Total Due: $4,867.03
>
> 12/12/17
>
> **NOTICE OF JUDGMENT COLLECTION**
>
> Dear Edward A Taylor,
> Alltran Financial, LP has been contracted to lead and represent in the collection of the judgment awarded on your Springleaf Financial Services Inc. account. This judgment was awarded on 05/05/2010 and holds a current balance of $4,867.03.

[Filing No. 1-3 at 1.] The second page of the letter provides the following "Privacy Notice":

> **PRIVACY NOTICE**
>
> This Privacy Notice is being provided on behalf of each of the following related companies (collectively, the "Resurgent Companies"). It describes the general policy of the Resurgent Companies regarding the personal information of customers and former customers.
>
> | Resurgent Capital Services L.P | LVNV Funding, LLC | Ashley Funding Services LLC |
> |---|---|---|
> | Sherman Acquisition L.L.C. | PYOD LLC | SFG REO, LLC |
> | Resurgent Capital Services PR LLC | Anson Street LLC | Pinnacle Credit Services, LLC |
> | CACV of Colorado, LLC | CACH, LLC | |

[Filing No. 1-3 at 2.] Following this list of companies, the Privacy Notice outlines the ways in which the "Resurgent Companies" may collect and share personal information. [Filing No. 1-3 at 2.]

      On February 1, 2018, Mr. Taylor brought suit on his own behalf and on behalf of a class of others who received the same debt collection letter, alleging that the letter fails to effectively identify the current creditor and therefore violates the FDCPA. [Filing No. 1.] On July 27, 2018, Defendants filed their Motion for Judgment on the Pleadings. [Filing No. 41.] Defendants' Motion is fully briefed and ripe for decision.

3

# III.
## DISCUSSION

Defendants argue that Mr. Taylor's FDCPA claim fails as a matter of law because the letter clearly identifies LVNV as the current creditor. [Filing No. 42 at 7-8.] Defendants further argue that an unsophisticated consumer would realize that the letter was sent on behalf of LVNV because the "Privacy Notice" on the second page lists LVNV and does not include Springleaf. [Filing No. 42 at 10.]

In response, Mr. Taylor argues that the letter is confusing because, despite listing LVNV as the "Current Creditor" in the heading, the body of the letter references his "Springleaf Financial Services Inc. account." [Filing No. 54 at 7-10.] Mr. Taylor further argues that the list of companies on the Privacy Notice does nothing to clarify who the current creditor is and, in fact, makes the letter more confusing. [Filing No. 54 at 12-13.]

Defendants reiterate their arguments in reply. [Filing No. 55.]

In evaluating whether a debt collector's communications comply with the FDCPA, the Court must apply an "unsophisticated consumer" standard. *Heng v. Heavner, Beyers & Mihlar, LLC*, 849 F.3d 348, 352 (7th Cir. 2017). This standard is consistent with the FDCPA's goal of protecting the "consumer who is uninformed, naive, or trusting." *Gammon v. GC Servs. Ltd. P'ship*, 27 F.3d 1254, 1257 (7th Cir. 1994); *McMahon v. LVNV Funding, LLC*, 744 F.3d 1010, 1019 (7th Cir. 2014). "[W]hile the unsophisticated consumer may tend to read collection letters literally," the consumer "does not interpret them in a bizarre or idiosyncratic fashion." *Gruber v. Creditors' Prot. Serv., Inc.*, 742 F.3d 271, 274 (7th Cir. 2014) (internal quotations omitted). Dismissal on the pleadings is appropriate only "when it is apparent from a reading of the letter that not even a significant fraction of the population would be misled by it." *Zemeckis v. Global Credit & Collection Corp.*, 679 F.3d 632, 636 (7th Cir. 2012).

Mr. Taylor brings his claim under 15 U.S.C. § 1692g(a), which requires, among other things, that a debt collector "send the consumer a written notice containing . . . the name of the creditor to whom the debt is owed." 15 U.S.C. § 1692g(a)(2). As the Seventh Circuit has explained, "If a letter fails to disclose the required information clearly, it violates the Act, without further proof of confusion. Section 1692g(a) also does not have an additional materiality requirement, express or implied. Congress instructed debt collectors to disclose this information to consumers, period . . . ." *Janetos v. Fulton Friedman & Gulace, LLP*, 825 F.3d 317, 319 (7th Cir. 2016). "[S]imply including that information in some unintelligible form" is not sufficient. *Id. at 321*. Rather, the name of the creditor to whom the debt is owed must be stated "clearly enough that the recipient"—that is, the unsophisticated consumer—"is likely to understand it." *Chuway v. Nat'l Action Fin. Servs., Inc.*, 362 F.3d 944, 948 (7th Cir. 2004). Clear identification of the current creditor serves the important purpose of helping unsophisticated consumers avoid fraud and the potential for double payments. *See Janetos*, 825 F.3d at 324-25; *Braatz v. Leading Edge Recovery Solutions, LLC*, 2011 WL 9528479 (N.D. Ill. 2011).

The letter in this case begins straightforwardly enough, with the "Original Creditor" listed as "Springleaf Financial Services Inc." and the "Current Creditor" listed as "LVNV Funding LLC." [Filing No. 1-3 at 1.] If this were the sole basis for Mr. Taylor's claim that the letter failed to clearly disclose the "creditor to whom the debt is owed," Defendants' arguments may have been well-taken. But the very first sentence of the body of the letter states: "Alltran Financial, LP has been contracted to lead and represent in the collection of the judgment awarded on your Springleaf Financial Services Inc. account." [Filing No. 1-3 at 1.]

Several problems are manifest. First, the letter says that Alltran has "been contracted to lead and represent in the collection of the judgment." Contracted by whom?, an unsophisticated

5

(or perhaps even a sophisticated) consumer might ask. The ostensible answer comes at the end of the sentence: "the judgment awarded on your *Springleaf Financial Services Inc. account*." [Filing No. 1-3 at 1.] Of course, based upon the facts of this lawsuit it is now clear that LVNV acquired the debt at some point from Springleaf, but for all intents and purposes the letter makes it sound like Springleaf is the one who contracted Alltran and that Mr. Taylor still has a "Springleaf Financial Services Inc. account" on which Alltran is attempting to collect.

This not-so-subtle wrinkle sets this case far apart from *Zuniga v. Asset Recovery Solutions*, 2018 WL 1519162 (N.D. Ill. 2018), the case heavily relied upon by Defendants. The form letter challenged in that case contained a header much like in this case, with an "Original Creditor" and a "Current Creditor" identified at the top of the letter. Complaint, *Zuniga*, No. 1:17-cv-5119 (N.D. Ill. July 11, 2017), ECF No. 1-3. The letter stated: "Your past due account(s) have been referred to our agency for collection." *Id.* Like the letter in this case, the *Zuniga* letter asks the implicit question of who referred the account to the agency. But unlike this case, the *Zuniga* letter did not follow up the implicit question with the name of the original creditor. Rather, the only references to the original and current creditors in *Zuniga* came in the header of the letter, and those references, the district court held, would be clear enough to the unsophisticated consumer. 2018 WL 1519162, at *3-4.

In this case, the immediate reference to the "Springleaf Financial Services Inc. account"—the purported "Original Creditor," though phrased in the letter body as though it were still Springleaf's account—makes *Zuniga* inapposite. Rather, this case is much more like *Braatz*, 2011 WL 9528479, where the top of the letter listed "Original Creditor: CITIBANK" and lower down listed "Creditor: LVNV Funding LLC." [Filing No. 54-2 at 1.] The letter continued, however, as follows: "Your delinquent CITIBANK account has been placed with our company for collections."

[Filing No. 54-2 at 1.] As with the letter in this case, the *Braatz* letter referred to the original creditor in the body to answer the implicit question of who referred the account to the debt collector. In denying the defendants' motion to dismiss, the district court explained as follows:

> In this case it is true that the notice explains that LVNV is the creditor. If that were the only statement regarding the identity of the creditor, the Court might indeed conclude that as a matter of law the dunning letter was not confusing. However, the notice also identifies the debt as belonging to Citibank. Thus the dunning letter identifies two creditors. This is an apparent contradiction that the debt collector fails to explain. An unsophisticated consumer might understand that LVNV had purchased the delinquent Citibank account. That is, however, but one plausible inference to be drawn from the letter. An unsophisticated consumer might just as reasonably conclude that [the debt] she believed to be a single debt was now owed to two separate companies (LVNV and Citibank). Such confusion might cause an unsophisticated consumer to be concerned about the possibility she was being defrauded or that she might pay the incorrect creditor and continue to have outstanding debt.

2011 WL 9528479, at *1.

The rationale from *Braatz* applies with equal force to this case. Almost immediately after identifying LVNV as the "Current Creditor," the letter contradicts this by explaining that Alltran "has been contracted" to collect on a judgment for Mr. Taylor's Springleaf account. An unsophisticated consumer receiving this information may well be confused or concerned that two separate companies (LVNV and Springleaf) may be seeking to collect on a single debt. Mr. Taylor has therefore plausibly alleged that Defendants failed to clearly identify the creditor to whom the debt is owed, in violation of § 1692g(a)(2).

Two final points warrant brief mention. First, the "Privacy Notice" section of the letter does not support Defendants' arguments. To revisit, the Privacy Notice explains as follows:

**PRIVACY NOTICE**

This Privacy Notice is being provided on behalf of each of the following related companies (collectively, the "Resurgent Companies"). It describes the general policy of the Resurgent Companies regarding the personal information of customers and former customers.

| | | |
|---|---|---|
| Resurgent Capital Services L.P | LVNV Funding, LLC | Ashley Funding Services LLC |
| Sherman Acquisition L.L.C. | PYOD LLC | SFG REO, LLC |
| Resurgent Capital Services PR LLC | Anson Street LLC | Pinnacle Credit Services, LLC |
| CACV of Colorado, LLC | CACH, LLC | |

[Filing No. 1-3 at 2.] The fact that LVNV is one of eleven entities mentioned and that Springleaf is not mentioned could not possibly assist the unsophisticated consumer in determining who the current creditor is. If anything, this list of assorted LLCs makes the letter even more confusing by introducing a variety of as-yet-unmentioned companies into the mix. Their role in Mr. Taylor's debt is left unexplained.

Second, Defendants in reply perplexingly criticize Mr. Taylor for responding to their argument that the Privacy Notice helped clarify that "the Letter was being sent on behalf of LVNV, as opposed to Springleaf." [Filing No. 42 at 10.] Defendants attempt to disavow this argument in their reply, stating: "Plaintiff's effort [to create confusion by referring to the Privacy Notice] fails, however, as the text in the privacy notice has no relevance to the Letter's compliance with § 1692g(a)(2)." [Filing No. 55 at 9.] But it was Defendants who raised this argument in their initial brief. Mr. Taylor was simply responding to it. Finally, Defendants evince a serious misunderstanding of the purposes of pleadings and briefing, stating in a parenthetical that Mr. Taylor's argument regarding the Privacy Notice "was not raised in the Complaint." [Filing No. 55 at 9.] But plaintiffs "need not plead legal theories," *King v. Kramer*, 763 F.3d 635, 642 (7th Cir. 2014), and they certainly do not need to plead legal arguments in anticipation of arguments that a defendant may or may not raise in a future motion. Defendants' arguments regarding the

Privacy Notice are meritless, and clearly do not undermine the sufficiency of Mr. Taylor's allegations under the FDCPA.

## IV.
### CONCLUSION

Mr. Taylor has plausibly alleged that the dunning letter he received from Defendants failed to clearly identify LVNV as the creditor to whom his debt was owed. Rather, the unsophisticated consumer may read the letter and believe based upon the reference to the "judgment awarded on your Springleaf Financial Services Inc. account" that Springleaf, rather than LVNV, was the current creditor. Mr. Taylor's allegations state a claim under the FDCPA, and the Court therefore **DENIES** Defendants' Motion for Judgment on the Pleadings. [41]

Date: 9/19/2018

*[signature]*

Hon. Jane Magnus-Stinson, Chief Judge
United States District Court
Southern District of Indiana

**Distribution via ECF only to all counsel of record.**