# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF INDIANA
# INDIANAPOLIS DIVISION

| | |
|---|---|
| Edward Taylor and John Studer, individually and on behalf of all others similarly situated,<br><br>    Plaintiffs,<br><br>v.<br><br>Alltran Financial, LP, a Texas limited partnership, and LVNV Funding, LLC, a Delaware limited liability company,<br><br>    Defendants. | No. 1:18-cv-306-MJD-JMS |

## ORDER GRANTING FINAL APPROVAL
## OF CLASS ACTION SETTLEMENT

This cause comes before the Court for final approval of the Class Action Settlement Agreement and for Dismissal of this action pursuant to the terms of the Motion for Final Approval of Class Action Settlement [Dkt. 79], and on the Motion to Award Attorneys' Fees and Costs [Dkt. 78], due notice having been given, and the Court being duly advised in the premises:

THE COURT HEREBY FINDS THAT:

1. On November 19, 2018, the parties entered into a Class Action Settlement Agreement ("Settlement Agreement").

2. On January 15, 2019, that Settlement Agreement was, pursuant to F.R.C.P. 23, preliminarily approved and a class was certified in this matter and notice was sent to the Class.

3. Pursuant to ¶ 10 of the Settlement Agreement, the Notice of Class Action Settlement was mailed by First Class, Inc., to each of the 6,617 members of the Class

1

by First Class, Inc., via first class, U.S. Mail. In response to this mailing, 881 notices were returned by the United States Postal Service as undeliverable, but 41 were re-mailed to a forwarding address.

4. No objections were received, no members of the Class sought leave of this Court to intervene, and no members of the Class opted-out of this action, while 745 members of the Class have returned the claim form.

5. The Complaint in this action alleged that Defendants violated the Fair Debt Collection Practices Act, 15 U.S.C. § 1692 et seq. ("FDCPA").

6. Defendants deny that they have in any way violated the FDCPA.

7. The Complaint sought recovery of statutory damages pursuant to § 1692k of the FDCPA. Under § 1692k, the maximum statutory damages recoverable by an individual plaintiff is $1,000 and the maximum statutory damages recoverable by a class is the lesser of 1% of the Defendants' net worth or $500,000. Here, Defendants are subject to up to the statutory maximum damages of $500,000

8. The Settlement Agreement sets forth that Defendants have agreed to change the form of the collection letters, pay $1,000 to each of the Class Representatives, Edward Taylor and John Studer for statutory damages, pay $1,000 to each of the Plaintiffs for an incentive award, and pay $190,000 to the Class, which will be distributed pro-rata to each of the class members who does not exclude themselves from this action and who returned the claim form;  any unclaimed funds will be paid equally to Indiana Legal Services, Inc., and the National Association of Consumer Advocates, Inc., as a cy pres remedy.

9. The Court finds that the settlement negotiations were conducted at arms-length and in good faith among all counsel and that the terms of the Settlement Agreement are fair, reasonable and adequate to Plaintiff and all members of the Class. In addition to the other facts stated herein, the Court finds the Settlement Agreement to be particularly fair, adequate and reasonable in light of the risk of establishing liability and the expense of further litigation.

10. Pursuant to ¶ 7 of the Settlement Agreement, Defendants have agreed to pay First Class, Inc., the $190,000 Class settlement fund and shall be distributed, within 45 days of the final approval of the settlement, by First Class, Inc., as set forth above, by U.S. Mail to each of the members of the Class who did not exclude themselves and who returned the claim form, which will thus mean that the 745 class members, who returned the claim form and whose notice was not returned as undeliverable, will receive about $255 each.  Any portion of the $190,000 which is unclaimed by the Settlement Class, because the Settlement check is returned as undeliverable or without a forwarding address, or because the check remains uncashed 60 days after distribution, or because money is left over after distribution, shall be distributed equally to the Indiana Legal Services, Inc., and the National Association of Consumer Advocates, as a _cy pres_ remedy.  Pursuant to ¶ 9 of the Settlement Agreement, 120 days after final approval, Defendants' Counsel shall provide the Court and Class Counsel with a report regarding the number of checks that were returned or were not cashed and the amount distributed to the _cy pres_ recipient.

11. Pursuant to ¶ 8 of the Settlement Agreement, Defendants have agreed to pay $138,000 to Class Counsel for their attorneys' fees and costs.  Class Counsel has

submitted a motion detailing their current hourly rates, the hours worked and costs incurred in this matter [Dkt. 78). The Court has reviewed Class Counsel's submission, finds the requested fees and costs to be reasonable and, accordingly, grants Class Counsel's motion, and approves the $138,000 amount that Defendants have agreed to pay to Class Counsel for their fees and costs.

12. Pursuant to ¶ 8 of the Settlement Agreement, if no one intervenes or objects to this Settlement, Defendants shall pay to the Philipps & Philipps, Ltd., Fiduciary Account (E.I.N. 36-4325073), within 14 days of final approval of this Settlement Agreement by the District Court, the amount of $142,000, for the amount due the Class Representatives ($4,000), and for attorneys' fees and costs, ($138,000) and shall pay $190,000 to First Class, Inc., for distribution to the Class, which amount will be held in trust until the 30-day appeal period has run. If a Class Member objects or intervenes, then these amounts shall be paid within 14 days, after the appeal period has run; or, if any appeal is filed, then within 14 days of the final resolution of all appeals. Moreover, pursuant ¶ 9, within 120 days after final approval of this Settlement by the District Court, Defendants' Counsel shall provide Class Counsel and the Court with a report stating the number of Class Members' checks which were returned or remain uncashed, and shall pay equally to the Indiana Legal Services, Inc., and the National Association of Consumer Advocates, Inc., any unclaimed portion of the Class Settlement Fund.

**IT IS HEREBY ORDERED THAT:**

1. The Settlement Agreement, dated November 19, 2018, is hereby **APPROVED**.

2. Plaintiffs and the Class shall be forever barred and enjoined from instituting or further prosecuting, in any forum whatsoever, including but not limited to, any State, Federal, or Foreign Court, against Alltran Financial, LP and LVNV Funding, LLC, Resurgent Capital Services LP, Sherman Acquisition LLC, PYOD LLC, Anson Street LLC, CACH, LLC, Ashley Funding Services LLC, SFG REO, LLC, Pinnacle Credit Services, LLC, and/or any other entity owned or controlled, directly or indirectly, by Sherman Financial Group LLC (the "Resurgent Entities"), their past or present parents, affiliates, subsidiaries, successors, predecessors, and assigns, and its present or former directors, officers, employees, partners, members, principals, employees, agents, insurers and attorneys, including any and all claims that were asserted or alleged or which could have been asserted or alleged in this lawsuit; provides that (the "Released Parties"), shall be barred identically from pursuing any claim for relief under 15 U.S.C. § 1692k(a)(3), 28 U.S.C. § 1927, or F.R.C.P. Rule 11, against Plaintiffs, their Counsel, or any member of the Class arising out of the claims asserted or alleged, or which could have been asserted or alleged, against (the "Released Parties"), in this action; and, reserves jurisdiction over any matters arising out of this Agreement.

3. Defendants shall pay **within 14 days** of the date of this Order $142,000 to Class Counsel for the amount due the Class Representatives ($4,000) and for attorneys' fees and costs, ($138,000), and pay First Class, Inc., for the costs of sending out the class notice, administering claims and distributing

the settlement fund; and pay $190,000 for distribution to the class, which amount will be held in trust until the 30-day appeal period has run. If a Class Member objects or intervenes, then these amounts shall be paid **within 14 days**, after the appeal period has run; or, if any appeal is filed, then **within 14 days** of the final resolution of all appeals. Moreover**, within 120 days** after final approval of this Settlement by the District Court, Defendants' Counsel shall provide Class Counsel and the Court with a report stating the number of Class Members' checks which were returned or remain uncashed, and shall pay equally to Indiana Legal Services, Inc., and the National Association of Consumer Advocates, any undistributed/unclaimed portion of the Class Settlement Fund.

4. This Court reserves jurisdiction over all matters arising out of the Settlement Agreement.

5. This action is hereby **DISMISSED** without prejudice and without costs; upon filing of the final report as to the distribution of the settlement fund to the Class, this dismissal shall be converted into a dismissal with prejudice and this Court will no longer retain jurisdiction of this matter.

6. This order resolves all claims against all parties in this action.

SO ORDERED.

Dated: 13 MAY 2019

_____
Mark J. Dinsmore
United States Magistrate Judge
Southern District of Indiana

Distribution:

Service will be made electronically
on all ECF-registered counsel of record
via email generated by the Court's ECF system.